# EXHIBIT I

Government's Responses to Alex Ng's Discovery

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: HONORABLE LEO M. GORDON, JUDGE**

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 12-00193 |
| | ) | |
| STERLING FOOTWEAR, INC., | ) | |
| ALEX RYAN NG, and NG BRANDING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**RESPONSES AND OBJECTIONS TO DEFENDANT ALEX NG'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO PLAINTIFF UNITED STATES OF AMERICA**

Pursuant to Rules 26, 33, 34, and 36 of the Rules of the United States Court of International Trade (CIT), plaintiff, the United States (the Government), hereby responds to the first set of interrogatories, request for production of documents, and requests for admission served by defendant Alex Ryan Ng.

**I.      RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to CIT Rules 26 and 33, the Government submits the following responses to defendant's first set of interrogatories. Because discovery has not concluded in this litigation, the Government's interrogatory responses are based upon information that is currently available at this stage of litigation. The Government reserves the right to rely upon any facts, documents, or other evidence that may develop or come to its attention subsequent to these responses, and the Government will supplement or amend these responses as may be required pursuant to CIT Rule 26(e)(1)(A).

<u>INTERROGATORY NO. 1</u>:

(a)     State all facts which you contend support "COUNT I" as alleged against Mr. Ng in your complaint.

(b)     Identify all documents which you contend supports "COUNT I" as alleged against Mr. Ng in your complaint.

(c)     Identify all persons which you contend have knowledge of any fact which you contend supports "COUNT I" as alleged against Mr. Ng in your complaint.

<u>RESPONSE TO INTERROGATORY NO. 1</u>:

(a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (Import Specialist (IS) Ben Whitney's memorandum to Supervisory Import Specialist (SIS) Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

(c)     The Government objects to interrogatory 1(c) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving the stated objection, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

Benjamin Whitney, Program Manager,
U.S. Customs and Border Protection (CBP)
11099 South La Cienega Blvd, Los Angeles, CA 90045

Linda Simien, CBP Import Specialist
301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831

The Government has not authorized the defendant to discuss pending litigation with current or

former Government employees, all requests to communicate with such persons should be made

through the Department of Justice.

<div align="center">INTERROGATORY NO. 2:</div>

(a)     State all facts which you contend support "COUNT II" as
alleged against Mr. Ng in your complaint.

(b)     Identify all documents which you contend supports
"COUNT II" as alleged against Mr. Ng in your complaint.

(c)     Identify all persons which you contend have knowledge of
any fact which you contend supports "COUNT II" as alleged
against Mr. Ng in your complaint.

RESPONSE TO INTERROGATORY NO. 2:

(a)     The Government refers defendant to the "Facts" section of the complaint,

paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS

Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced

in response to defendant's request for production of documents.

(b)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents

produced in response to defendant's request for production of documents.

(c)     The Government objects to interrogatory 2(c) upon the ground and to the extent

that it seeks information not obtainable from current Government employees, or within the

possession, custody, or control of the Government.  Subject to and without waiving the stated

objection, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920

through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December

<div align="center">3</div>

28, 2009) that is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

Linda Simien, CBP Import Specialist
301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

<u>INTERROGATORY NO. 3</u>:

(a)     State all facts which you contend support "COUNT III" as alleged against Mr. Ng in your complaint.

(b)     Identify all documents which you contend supports "COUNT III" as alleged against Mr. Ng in your complaint.

(c)     Identify all persons which you contend have knowledge of any fact which you contend supports "COUNT III" as alleged against Mr. Ng in your complaint.

<u>RESPONSE TO INTERROGATORY NO. 3</u>:

(a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

(c)     The Government objects to interrogatory 3(c) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the

possession, custody, or control of the Government. Subject to and without waiving the stated objection, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

Linda Simien, CBP Import Specialist
301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831.

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

INTERROGATORY NO. 4:

(a)     Identify each entry misclassification you allege Mr. Ng is liable for of the "337" alleged misclassifications identified in paragraph 45 of your complaint.

(b)     For each misclassification identified in paragraph (a) above, identify all facts upon which you contend the entry was misclassified.

(c)     For each misclassification identified in paragraph (a) above, identify all documents that you contend support your allegation that the entries were misclassified.

(d)     For each misclassification identified in paragraph (a) above, identify all person(s) you contend have knowledge of any fact that supports your allegation that the entries were misclassified.

<u>RESPONSE TO INTERROGATORY NO. 4</u>:

(a)　　The Government refers defendant to Attachment A to the complaint, and, pursuant to CIT Rule 33(d), to GOV00001 through GOV0003980, and to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009), which are produced in response to defendant's request for production of documents.

(b)　　The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(c)　　Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

(d)　　The Government objects to interrogatory 3(c) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving the stated objection, the Government identifies the following persons:

> Benjamin Whitney, CBP Program Manager
> 11099 South La Cienega Blvd, Los Angeles, CA 90045
>
> Scott Kauffman, Seattle Logistics, Customs Broker
> 2912 North 58th Avenue, Hollywood, FL 33021

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

<u>INTERROGATORY NO. 5</u>:

       (a)     State all facts which you contend support your allegation that "Mr. Ng engaged in a pattern of illegal conduct" as alleged in paragraph 42 of your complaint.

       (b)     Identify all persons which you contend have knowledge of any fact that supports your contention that "Mr. Ng engaged in a pattern of illegal conduct" as alleged in paragraph 42 of your complaint.

       (c)     Identify all documents which you contend support your contention that "Mr. Ng engaged in a pattern of illegal conduct" as alleged in paragraph 42 of your complaint.

       (d)     Identify all affirmative acts performed personally by Mr. Ng that are "illegal conduct" as alleged in paragraph 42 of the complaint.

<u>RESPONSE TO INTERROGATORY NO. 5</u>:

       (a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009), which is produced in response to defendant's request for production of documents.

       (b)     The Government objects to interrogatory 5(b) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving the stated objection, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009), which is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

       Benjamin Whitney, CBP Program Manager
       11099 South La Cienega Blvd, Los Angeles, CA 90045

Scott Kauffman, Seattle Logistics, Customs Broker
2912 North 58th Avenue, Hollywood, FL 33021

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(c)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(d)     The Government objects to these interrogatory no. 5(d) upon the ground that it misstates the allegation in paragraph 42 of the complaint.  The Government also objects to this interrogatory upon the ground that it is overly broad and unduly burdensome in that it, without any measurable limitation, requires the identification of "all affirmative acts performed personally by Mr. Ng that are 'illegal conduct'."  Finally, the Government objects to this interrogatory upon the ground that the information sought is uniquely within the knowledge of defendant.  Subject to and without waiving the stated objections, the Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

<u>INTERROGATORY NO. 6</u>:

(a)     State all facts which you contend support your allegation that Mr. Ng "knowingly participated in a scheme to avoid millions of dollars in duties" as alleged in paragraph 42 of your complaint.

(b)     Identify all persons which you contend have knowledge of any fact that supports your contention that Mr. Ng "knowingly participated in a scheme to avoid millions of dollars in duties" as alleged in paragraph 42 of your complaint.

(c)     Identify all documents which you contend support your contention that Mr. Ng "knowingly participated in a scheme to avoid millions of dollars in duties" as alleged in paragraph 42 of your complaint.

(d)     Identify all affirmative acts performed personally by Mr. Ng in furtherance of the "scheme" Mr. Ng "knowingly participated in" as alleged in paragraph 42 of the complaint.

<u>RESPONSE TO INTERROGATORY NO. 6</u>:

(a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b)     The Government objects to interrogatory 6(b) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving the stated objection, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.  The Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

Scott Kauffman, Seattle Logistics, Customs Broker
2912 North 58th Avenue, Hollywood, FL 33021

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(c)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(d)     The Government objects to interrogatory no. 6(d) upon the ground that it misstates the allegation in paragraph 42 of the complaint.  The Government also objects to this interrogatory upon the ground that it is overly broad and unduly burdensome in that it, without any measurable limitation, requires the identification of "all affirmative acts performed personally by Mr. Ng in furtherance of the 'scheme' Mr. Ng 'knowingly participated in.'" Finally, the Government also objects to this interrogatory upon the ground that the information sought is uniquely within the knowledge of defendant.  Subject to and without waiving the stated objections, the Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(a)　　State all facts which you contend support your allegation that Mr. Ng entered "Sterling Footwear's merchandise" as alleged in paragraph 42 of your complaint.

(b)　　Identify all persons which you contend have knowledge of any fact that supports your contention that Mr. Ng entered "Sterling Footwear's merchandise" as alleged in paragraph 42 of your complaint.

(c)　　Identify all documents which you contend support your contention that Mr. Ng entered "Sterling Footwear's merchandise" as alleged in paragraph 42 of your complaint.

(d)　　Identify all affirmative acts performed personally by Mr. Ng in entering "Sterling Footwear's merchandise" as alleged in paragraph 42 of the complaint.

RESPONSE TO INTERROGATORY NO. 7:

(a)-(c)　The Government objects to these interrogatories on the ground that they misstate the allegation in paragraph 42 of the complaint.

(d)　　The Government objects to interrogatory no. 7(d) upon the ground that it misstates the allegation in paragraph 42 of the complaint. The Government also objects to this interrogatory upon the ground that it is overly broad and unduly burdensome in that it, without any measurable limitation, requires the identification of "all affirmative acts performed personally by Mr. Ng in entering 'Sterling Footwear's merchandise.'" Finally, the Government also objects to this interrogatory upon the ground that the information sought is uniquely within the knowledge of defendant.

INTERROGATORY NO. 8:

(a)　　State all facts which you contend support your allegation that "Mr. Ng engaged in a pattern of illegal conduct whereby he knowingly participated in a scheme to avoid millions of dollars in duties" as alleged in paragraph 43 of your complaint.

11

(b) Identify all persons which you contend have knowledge of any fact that supports your contention that "Mr. Ng engaged in a pattern of illegal conduct whereby he knowingly participated in a scheme to avoid millions of dollars in duties" as alleged in paragraph 43 of your complaint.

(c) Identify all documents which you contend support your contention that "Mr. Ng engaged in a pattern of illegal conduct whereby he knowingly participated in a scheme to avoid millions of dollars in duties" as alleged in paragraph 43 of your complaint.

(d) Identify all affirmative acts performed personally by Mr. Ng in furtherance of the "scheme" Mr. Ng "knowingly participated in" as alleged in paragraph 43 of the complaint.

(e) Identify all affirmative acts performed personally by Mr. Ng that were "illegal conduct" as alleged in paragraph 42 of the complaint.

<u>RESPONSE TO INTERROGATORY NO. 8</u>:

(a) The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b) The Government objects to interrogatory 8(b) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government. Subject to and without waiving the stated objection, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

Scott Kauffman, Seattle Logistics, Customs Broker
2912 North 58th Avenue, Hollywood, FL 33021

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(c)-(d) The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(e) The Government objects to interrogatory no. 8(e) upon the ground that it misstates the allegation in paragraph 42 of the complaint. The Government also objects to this interrogatory upon the ground that it is overly broad and unduly burdensome in that it, without any measurable limitation, requires the identification of "all affirmative acts performed personally by Mr. Ng that were 'illegal conduct.'" Finally, the Government also objects to this interrogatory upon the ground that the information sought is uniquely within the knowledge of defendant. Subject to and without waiving the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

<u>INTERROGATORY NO. 9</u>:

(a) State all facts which you contend support your allegation that "Once CBP made inquiries regarding a company's questionable importation practices and potential violations, Mr. Ng, the sole corporate officer, ceased operations and recommended importation under the name of another corporate entity" as alleged in paragraph 43 of your complaint.

13

(b)     Identify all persons which you contend have knowledge of any fact that supports your contention that "Once CBP made inquiries regarding a company's questionable importation practices and potential violations, Mr. Ng, the sole corporate officer, ceased operations and recommended importation under the name of another corporate entity" as alleged in paragraph 43 of your complaint.

(c)     Identify all documents which you contend support your contention that "Once CBP made inquiries regarding a company's questionable importation practices and potential violations, Mr. Ng, the sole corporate officer, ceased operations and recommended importation under the name of another corporate entity" as alleged in paragraph 43 of your complaint.

RESPONSE TO INTERROGATORY NO. 9:

(a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) which is produced in response to defendant's request for production of documents.

(b)     The Government objects to interrogatory 9(b) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving the stated objection, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.  The Government also identifies the following person:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(c) Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

<div align="center">INTERROGATORY NO. 10:</div>

(a) Do you contend that Mr. Ng personally made classification determinations pursuant to HTSUS on behalf of Sterling or Ng Branding?

(b) If your response to subparagraph (a) above is in the affirmative, identify each and every of the alleged "337 . . . misclassifications" Mr. Ng personally made the entry classification pursuant to HTSUS.

(c) For each of the classifications identified in response to subparagraph (b) above, state all facts which support your contention that Mr. Ng personally made the entry classification pursuant to HTSUS.

(d) For each of the classifications identified in response to subparagraph (b) above, identify all documents which support your contention that Mr. Ng personally made the entry classification pursuant to HTSUS.

(e) For each of the classifications identified in response to subparagraph (b) above, identify all persons that have knowledge of facts which support your contention that Mr. Ng personally made the entry classification pursuant to HTSUS.

(f) For each of the classifications identified in response to subparagraph (b) above, identify all date(s) Mr. Ng personally made the entry classification pursuant to HTSUS.

(g) State all affirmative acts performed personally by Mr. Ng in misclassifying any of the alleged "337 . . . misclassifications".

RESPONSE TO INTERROGATORY NO. 10:

(a) Yes.

(b)-(g) The Government objects to these interrogatories because they are vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response.

<div align="center">INTERROGATORY NO. 11:</div>

(a)     Do you contend that Mr. Ng directed any person to misclassify any of the "337 . . . misclassifications" pursuant to HTSUS on behalf of Sterling or Ng Branding?

(b)     If your response to subparagraph (a) above is in the affirmative, identify each and every of the alleged "337 . . . misclassifications" Mr. Ng directed any person to misclassify pursuant to HTSUS.

(c)     For each of the classifications identified in response to subparagraph (b) above, state all facts which support your contention that Mr. Ng directed any person to misclassify the entry pursuant to HTSUS.

(d)     For each of the classifications identified in response to subparagraph (b) above, identify all documents which support your contention that Mr. Ng directed any person to misclassify the entry pursuant to HTSUS.

(e)     For each of the classifications identified in response to subparagraph (b) above, identify all persons that have knowledge of facts which support your contention that Mr. Ng directed any person to misclassify the entry pursuant to HTSUS.

(f)     For each of the classifications identified in response to subparagraph (b) above, identify all persons Mr. Ng directed to misclassify any entry pursuant to HTSUS.

(g)     For any person identified in response to subparagraph (f) above, identify each and every date Mr. Ng directed the identified person to misclassify any entry pursuant to HTSUS.

(h)     For any person identified in response to subparagraph (f) above, identify the method by which Mr. Ng communicated to the identified person to misclassify any entry pursuant to HTSUS.

(i) Describe in detail how Mr. Ng directed any person to misclassify any of the "337 . . . misclassifications".

(j) State all affirmative acts performed personally by Mr. Ng in directing any person to misclassify any of the "337 . . . misclassifications".

RESPONSE TO INTERROGATORY NO. 11:

(a)-(j) The Government objects to these interrogatories because they are vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response.

INTERROGATORY NO. 12:

(a) Do you contend that Mr. Ng authorized any person to misclassify any of the "337 . . . misclassifications" pursuant to HTSUS on behalf of Sterling or Ng Branding?

(b) If your response to subparagraph (a) above is in the affirmative, identify each and every of the alleged "337 . . . misclassifications" Mr. Ng authorized any person to misclassify pursuant to HTSUS.

(c) For each of the classifications identified in response to subparagraph (b) above, state all facts which support your contention that Mr. Ng authorized any person to misclassify the entry pursuant to HTSUS.

(d) For each of the classifications identified in response to subparagraph (b) above, identify all documents which support your contention that Mr. Ng authorized any person to misclassify the entry pursuant to HTSUS.

(e) For each of the classifications identified in response to subparagraph (b) above, identify all persons that have knowledge of facts which support your contention that Mr. Ng authorized any person to misclassify the entry pursuant to HTSUS.

(f) For each of the classifications identified in response to subparagraph (b) above, identify all persons Mr. Ng authorized to misclassify any entry pursuant to HTSUS.

(g) For any person identified in response to subparagraph (f) above, identify each and every date Mr. Ng authorized the identified person to misclassify any entry pursuant to HTSUS.

(h) For any person identified in response to subparagraph (f) above, identify the method by which Mr. Ng communicated to the identified person that they were authorized to misclassify any entry pursuant to HTSUS.

(i) Describe in detail how Mr. Ng authorized any person to misclassify any of the "337 . . . misclassifications".

(j) State all affirmative acts performed personally by Mr. Ng in authorizing any person to misclassify any of the "337 . . . misclassifications".

RESPONSE TO INTERROGATORY NO. 12:

(a)-(j) The Government objects to these interrogatories because they are vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response.

INTERROGATORY NO. 13:

(a) Do you contend that Mr. Ng assisted any person in misclassifying any of the "337 . . . misclassifications" pursuant to HTSUS on behalf of Sterling or Ng Branding?

(b) If your response to subparagraph (a) above is in the affirmative, identify each and every of the alleged "337 . . . misclassifications" Mr. Ng assisted any person in misclassifying pursuant to HTSUS.

(c) For each of the classifications identified in response to subparagraph (b) above, state all facts which support your contention that Mr. Ng assisted any person in the misclassification of any entry pursuant to HTSUS.

(d) For each of the classifications identified in response to subparagraph (b) above, identify all documents which support your contention that Mr. Ng assisted any person in the misclassification of any entry pursuant to HTSUS.

(e)     For each of the classifications identified in response to subparagraph (b) above, identify all persons that have knowledge of facts which support your contention that Mr. Ng assisted any person in the misclassification of any entry pursuant to HTSUS.

(f)     For each of the classifications identified in response to subparagraph (b) above, identify all persons Mr. Ng assisted in misclassifying any entry entry pursuant to HTSUS.

(g)     For any person identified in response to subparagraph (f) above, identify each and every date Mr. Ng assisted the identified person in misclassifying any entry pursuant to HTSUS.

(h)     Describe in detail how Mr. Ng assisted any person to misclassify any of the "337 . . . misclassifications".

(i)     State all affirmative acts performed personally by Mr. Ng in assisting any person to misclassify any of the "337 . . . misclassifications".

RESPONSE TO INTERROGATORY NO. 13:

(a)-(i)   The Government objects to these interrogatories because they are vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response.  The Government also objects to these interrogatories because they are vague and ambiguous in that defendant has not defined what he means by the phrase "misclassifying any of the '337 . . . misclassifications' pursuant to HTSUS."

INTERROGATORY NO. 14:

(a)     Do you contend Mr. Ng ever personally communicated with Sterling or Ng Branding's customs brokers regarding classification of Sterling or Ng Branding's entries?

(b)     If your response to subparagraph (a) above is in the affirmative, identify each and every custom broker Mr. Ng personally communicated with regarding classification of Sterling or Ng Branding's entries.

(c)     If your response to subparagraph (a) above is in the affirmative, identify each and every document that supports your contention that Mr. Ng personally communicated with Sterling or NG Branding's customs broker(s) regarding classification of Sterling or Ng Branding's entries.

(d)     If your response to subparagraph (a) above is in the affirmative, identify each and every person that has knowledge of any fact that supports your contention that Mr. Ng personally communicated with Sterling or NG Branding's customs broker(s) regarding classification of Sterling or Ng Branding's entries.

(e)     If your response to subparagraph (a) above is in the affirmative, identify the date of each and every communication Mr. Ng personally had with any of Sterling or NG Branding's customs broker(s) regarding classification of Sterling or Ng Branding's entries.

RESPONSE TO INTERROGATORY NO. 14:

(a)     Yes.

(b)     Pursuant to CIT Rule 33(d), the Government refers defendant to GOV00001 through GOV0003980 and to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009), which are produced in response to defendant's request for production of documents.

(c)     Pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009), which is produced in response to defendant's request for production of documents.

(d)     Pursuant to CIT Rule 33(d), the Government refers defendant to GOV00001 through GOV0003980 and to IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009, which are produced in response to defendant's request for production of documents.  The Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

Scott Kauffman, Customs Broker, Seattle Logistics
2912 North 58th Avenue, Hollywood, FL 33021

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(e)     Pursuant to CIT Rule 33(d), the Government refers defendant to GOV00001 through GOV0003980 and to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009), which are produced in response to defendant's request for production of documents.

<u>INTERROGATORY NO. 15</u>:

(a)     Do you contend that Mr. Ng personally participated in any classification of the alleged "337 . . . misclassifications" pursuant to HTSUS on behalf of Sterling or Ng Branding?

(b)     If your response to subparagraph (a) above is in the affirmative, identify each and every of the alleged "337 . . . misclassifications" Mr. Ng personally participated in the classification.

(c)     For each of the classifications identified in response to subparagraph (b) above, state all facts which support your contention that Mr. Ng personally participated in the classification.

(d)     For each of the classifications identified in response to subparagraph (b) above, identify all documents which support your contention that Mr. Ng personally participated in the classification.

(e)     For each of the classifications identified in response to subparagraph (b) above, identify all persons that have knowledge of facts which support your contention that Mr. Ng personally participated in the classification.

   (i)  State all affirmative acts performed personally by Mr. Ng
   in participating in any of the "337 . . . misclassifications".

<u>RESPONSE TO INTERROGATORY NO. 15</u>:

  (a)-(e) and (i) The Government objects to these interrogatories because they are vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response. The Government notes that there are no interrogatories designated as 15(f)-(h).

<div align="center">INTERROGATORY NO. 16:</div>

  (a)  Do you contend that Mr. Ng had actual personal knowledge
  that the "337 . . . entries" were "misclassified" pursuant to HTSUS
  on behalf of Sterling or Ng Branding?

  (b)  If your response to subparagraph (a) above is in the
  affirmative, identify each and every of the alleged "337 . . .
  misclassifications" Mr. Ng had actual personal knowledge were
  "misclassified".

  (c)  For each of the misclassifications identified in response to
  subparagraph (b) above, state all facts which support your
  contention that Mr. Ng had actual personal knowledge of the
  identified "misclassification".

  (d)  For each of the misclassifications identified in response to
  subparagraph (b) above, identify all documents which support your
  contention that Mr. Ng had actual personal knowledge of the
  identified "misclassification".

  (e)  For each of the misclassifications identified in response to
  subparagraph (b) above, identify all persons that have knowledge
  of facts which support your contention that Mr. Ng had actual
  personal knowledge of the identified "misclassification".

<u>RESPONSE TO INTERROGATORY NO. 16</u>:

  (a)  Yes.

  (b)-(e) The Government objects to these interrogatories because they are vague and ambiguous in that defendant has not produced or identified the source from which quoted

<div align="center">22</div>

matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response.

<div align="center">INTERROGATORY NO. 17:</div>

(a)     Do you contend that Mr. Ng was personally negligently responsible for any of the alleged "337 . . . misclassifications" as alleged in the complaint?

(b)     If your response to subparagraph (a) above is in the affirmative, identify each and every of the alleged "337 . . . misclassifications" Mr. Ng was personally negligently responsible for the "misclassification".

(c)     For each of the misclassifications identified in response to subparagraph (b) above, state all facts which support your contention that Mr. Ng was personally negligently responsible for the identified "misclassification".

(d)     For each of the misclassifications identified in response to subparagraph (b) above, identify all documents which support your contention that Mr. Ng was personally negligently responsible for the identified "misclassification".

(e)     For each of the misclassifications identified in response to subparagraph (b) above, identify all persons that have knowledge of facts which support your contention that Mr. Ng was personally negligently responsible for the identified "misclassification".

(f)     State all affirmative negligent acts performed personally by Mr. Ng in participating in any of the "337 . . . misclassifications".

RESPONSE TO INTERROGATORY NO. 17:

(a)-(f)  The Government objects to these interrogatories because they are vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response.

(a)     Do you contend that Mr. Ng was personally grossly negligently responsible for any of the alleged "337 . . . misclassifications" as alleged in the complaint?

(b)     If your response to subparagraph (a) above is in the affirmative, identify each and every of the alleged "337 . . . misclassifications" Mr. Ng was personally grossly negligently responsible for the "misclassification".

(c)     For each of the misclassifications identified in response to subparagraph (b) above, state all facts which support your contention that Mr. Ng was personally grossly negligently responsible for the identified "misclassification".

(d)     For each of the misclassifications identified in response to subparagraph (b) above, identify all documents which support your contention that Mr. Ng was personally grossly negligently responsible for the identified "misclassification".

(e)     For each of the misclassifications identified in response to subparagraph (b) above, identify all persons that have knowledge of facts which support your contention that Mr. Ng was personally grossly negligently responsible for the identified misclassification".

(f)     State all affirmative grossly negligent acts performed personally by Mr. Ng in participating in any of the "337 . . . misclassifications".

RESPONSE TO INTERROGATORY NO. 18:

(a)-(f)  The Government objects to these interrogatories because they are vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response.

INTERROGATORY 19:

(a)     Do you contend that Mr. Ng personally misrepresented "the footwear's components" as alleged in paragraph 49 of the complaint?

(b)     If your response to subparagraph (a) above is in the affirmative, state all facts which support your contention that Mr. Ng personally misrepresented "the footwear's components".

(c)     If your response to subparagraph (a) above is in the affirmative, identify all persons that have knowledge of any fact which supports your contention that Mr. Ng personally misrepresented "the footwear's components".

(d)     If your response to subparagraph (a) above is in the affirmative, identify all documents that support your contention that Mr. Ng personally misrepresented "the footwear's components".

(e)     State all misrepresentations made personally by Mr. Ng relating to "the footwear's components".

(f)     State the date of all misrepresentations stated in response to subparagraph (e) above.

(g)     State the method by which Mr. Ng personally communicated the misrepresentations stated in response to subparagraph (e) above.

(h)     State to whom Mr. Ng personally communicated the misrepresentations stated in response to subparagraph (e) above.

RESPONSE TO INTERROGATORY NO. 19:

(a)     Yes.

(b)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(c)     The Government objects to interrogatory 15(e) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving any of the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920

25

through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

Scott Kauffman, Customs Broker, Seattle Logistics
2912 North 58th Avenue, Hollywood, FL 33021

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(d)-(h) Pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

## II. PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to CIT Rule 34, the Government hereby responds to defendant's request for production of documents. Because discovery has not concluded in this litigation, the Government's responses to defendant's request for production of documents are based upon information available at this stage of litigation. We reserve the right to rely upon any facts, documents, or other evidence that may develop or come to our attention subsequent to this production response.

The documents are produced on the enclosed CD-Rom and are responsive, in whole or in part, to defendant Mr. Ng's requests for production of documents. The CD-Rom contains a total of 6,140 pages of responsive documents and each page is Bates-stamped with the

"GOVXXXXXXXX" schema, GOV00001 through GOV0006140. The CD-Rom also contains a privilege log.

III.     **PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSIONS**

Pursuant to CIT Rule 36, the Government submits the following objections and responses to the requests for admission served by defendant. The Government has made a good faith effort to respond fully to those requests for admission to which it has not objected. The Government's own factual investigation is continuing, however, and the Government reserves the right to supplement or amend its responses, including any objections that may be applicable, based upon any additional information and documents that may be discovered subsequent to providing these responses.

A.     **Plaintiff's Objections to Defendant's Requests for Admission**

1.     The Government objects to these requests because they are premature given that the parties are in the midst of discovery and pertinent documents have not yet been produced by defendants Alex Ryan Ng, Sterling Footwear, Inc., and Ng Branding, LLC, or by third parties.

2.     The Government objects to these requests because they are not reasonably calculated to achieve the goals of CIT Rule 36(a).

3.     The Government objects to these requests because they appear to be designed to contravene the ascertainment of the truth and the development of the merits, harass, and/or burden the Government with time-consuming and needless requests, create confusion, and obfuscate the record.

4.     The Government objects to these requests because they seek admissions to purported facts which are irrelevant and/or of no substantial importance.

5.      The Government objects to these requests to the extent that they seek admissions of factual issues which are obviously disputed and that must be resolved at trial.

**B.      <u>Plaintiff's Responses to Defendant's Requests for Admission</u>**

<u>ADMISSION REQUEST NO. 1</u>:

Admit Mr. Ng was never the importer of record for any entries described in the complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 1</u>:

The Government objects to admission request no. 1 on the ground that it seeks the admission to purported facts that are irrelevant and/or of no substantial importance.  However, subject to and without the objection, admits.  Defendant is the sole corporate officer of Sterling Footwear, Inc., which was the importer of record identified on the 337 entries at issue.

<u>ADMISSION REQUEST NO. 2</u>:

Admit that Mr. Ng has never been a United States customs broker.

<u>RESPONSE TO ADMISSION REQUEST NO. 2</u>:

The Government objects to admission request no. 2 on the ground that it seeks the admission to purported facts that are irrelevant and/or of no substantial importance.  However, subject to and without the objection, admits.

<u>ADMISSION REQUEST NO. 3</u>:

Admit that you have no facts supporting your allegation that "Mr. Ng [personally] engaged in a pattern of illegal conduct" as provided in paragraph 42 of your complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 3</u>:

The Government objects to admission request no. 3 on the ground that it contains

factually misleading or false statements regarding the allegation in paragraph 42 of the

complaint.

<u>ADMISSION REQUEST NO. 4</u>:

Admit that you have no facts supporting your allegation that Mr.
Ng personally "knowingly participated in a scheme to avoid
millions of dollars in duties" as provided in paragraph 42 of your
complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 4</u>:

The Government objects to request for admission no. 4 on the ground that it contains

factually misleading or false statements regarding the allegation in paragraph 42 of the

complaint.

<u>ADMISSION REQUEST NO. 5</u>:

Admit that because Mr. Ng was never the importer of record
regarding the entries described in the complaint, he was not
personally required to pay any of the duties pursuant to HTSUS.

<u>RESPONSE TO ADMISSION REQUEST NO. 5</u>:

The Government objects to admission request no. 5 on the ground that requires the

Government to reach a legal conclusion and/or a conclusion as to the legal significance of certain

events which the Government is not required to make, and which must be determined by the

Court in this action.

<u>ADMISSION REQUEST NO. 6</u>:

Admit that Mr. Ng never entered "Sterling Footwear's
merchandise" as alleged in paragraph 42 of your complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 6</u>:

The Government objects to admission request no. 6 on the ground that it contains factually misleading or false statements regarding the allegation in paragraph 42 of the complaint.

<div align="center"><u>ADMISSION REQUEST NO. 7</u>:</div>

Admit that Mr. Ng was not personally negligent in making the "337 subject entries of footwear" as alleged in paragraph 45 of your complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 7</u>:

The Government objects to admission request no. 7 on the ground that it contains factually misleading or false statements regarding the allegation in paragraph 45 of the complaint. The Government also objects to admission request no. 7 on the ground that it seeks the admission to purported facts that are irrelevant and/or of no substantial importance.

<div align="center"><u>ADMISSION REQUEST NO. 8</u>:</div>

Admit that Mr. Ng was not personally grossly negligent in making the "337 subject entries of footwear" as alleged in paragraph 45 of your complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 8</u>:

The Government objects to admission request no. 8 on the ground that it contains factually misleading or false statements regarding the allegation in paragraph 45 of the complaint. The Government also objects to admission request no. 8 on the ground that it seeks the admission to purported facts that are irrelevant and/or of no substantial importance.

<div align="center"><u>ADMISSION REQUEST NO. 9</u>:</div>

Admit that there are no facts that support your contention that Mr. Ng personally "directed various brokers to enter its merchandise

<div align="center">30</div>

under certain classifications" as alleged in paragraph 42 of your complaint.

RESPONSE TO ADMISSION REQUEST NO. 9:

The Government objects to admission request no. 9 on the ground that it contains

factually misleading or false statements regarding the allegation in paragraph 42 of the

complaint.

ADMISSION REQUEST NO. 10:

Admit that there are no facts that support your contention that Mr. Ng "did not exercise reasonable care when they misclassified the footwear" as alleged in paragraph 55 of your complaint.

RESPONSE TO ADMISSION REQUEST NO. 10:

Denies.

ADMISSION REQUEST NO. 11:

Admit there are no facts supporting your contention that "Mr. Ng engaged in a pattern of illegal conduct whereby he knowingly participated in a scheme to avoid millions of dollars in duties" as alleged in paragraph 43 of your complaint.

RESPONSE TO ADMISSION REQUEST NO. 11:

Denies.

ADMISSION REQUEST NO. 12:

Admit there are no facts supporting your contention that "Once CBP made inquiries regarding a company's questionable importation practices and potential violations, Mr. Ng, the sole corporate officer, ceased operations and recommended importation under the name of another corporate entity" as alleged in paragraph 43 of your complaint.

RESPONSE TO ADMISSION REQUEST NO. 12:

Denies.

Admit that Ng Branding was formed and operating prior to "CBP" making any "inquiries regarding a company's questionable importation practices and potential violations" as alleged in paragraph 43 of your complaint.

RESPONSE TO ADMISSION REQUEST NO. 13:

The Government objects to admission request no. 13 on the ground that defendant has not defined what the words "formed and operating" mean. However, to the extent that defendant defines "formed" as meaning "existed" as a corporation, we admit that according to the California Department of State, Ng Branding, LLC was "filed" on February 13, 2009. To the extent that defendant defines "operating" as "importing," we deny that Ng Branding, LLC was "operating" prior to CBP "making any 'inquiries regarding a company's questionable importation practices and potential violations' as alleged in paragraph 43 of [the] complaint." On June 4, 2009, CBP issued a rate advance (Form CF 29) to Sterling Footwear, Inc. for the misclassification of footwear. Ng Branding, LLC's first importation of goods, contained the same merchandise (including style numbers and brands), for the same clients, from the same suppliers as Sterling Footwear, Inc., was on August 18, 2009.

ADMISSION REQUEST NO. 14:

Admit that Mr. Ng never personally made any classification determinations pursuant to HTSUS on behalf of Sterling and Ng Branding.

RESPONSE TO ADMISSION REQUEST NO. 14:

The Government objects to admission request no. 14 on the ground that it seeks the admission to purported facts that are irrelevant and/or of no substantial importance.

ADMISSION REQUEST NO. 15:

> Admit that there are no facts establishing that Mr. Ng personally
> made any classification determinations pursuant to HTSUS on
> behalf of Sterling and Ng Branding.

RESPONSE TO ADMISSION REQUEST NO. 15:

The Government objects to admission request no. 15 on the ground that defendant seeks

the admission to purported facts that are irrelevant and/or of no substantial importance.

ADMISSION REQUEST NO. 16:

> Admit that Mr. Ng never personally directed any person to
> misclassify any of the alleged "337 ... misclassifications" pursuant
> to HTSUS on behalf of Sterling or Ng Branding.

RESPONSE TO ADMISSION REQUEST NO. 16:

The Government objects to admission request no. 16 on the ground that it is vague and

ambiguous in that defendant has not produced or identified the source from which the quoted

matter originates and has omitted words indicated by the use of ellipses that may be relevant to a

response.

ADMISSION REQUEST NO. 17:

> Admit that there are no facts establishing that Mr. Ng personally
> directed any person to misclassify any of the alleged "337 ...
> misclassifications" pursuant to HTSUS on behalf of Sterling or Ng
> Branding.

RESPONSE TO ADMISSION REQUEST NO. 17:

The Government objects to admission request no. 17 on the ground that it is vague and

ambiguous in that defendant has not produced or identified the source from which the quoted

matter originates and has omitted words indicated by the use of ellipses that may be relevant to a

response. The Government also objects to admission request no. 17 on the ground that it is

vague, ambiguous, and confusing in that we do not understand what defendant means by "misclassify any of the alleged '337 ... misclassifications' pursuant to HTSUS[.]"

<u>ADMISSION REQUEST NO. 18</u>:

> Admit that Mr. Ng never personally authorized any person to misclassify any of the alleged "337 ... misclassifications" pursuant to HTSUS on behalf of Sterling or Ng Branding.

<u>RESPONSE TO ADMISSION REQUEST NO. 18</u>:

The Government objects to admission request no. 18 on the ground that it is vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response. The Government also objects to admission request no. 18 on the ground that it is vague, ambiguous, and confusing in that we do not understand what defendant means by "misclassify any of the alleged '337 ... misclassifications' pursuant to HTSUS[.]"

<u>ADMISSION REQUEST NO. 19</u>:

> Admit that there are no facts establishing that Mr. Ng personally authorized any person to misclassify any of the alleged "337 ... misclassifications" pursuant to HTSUS on behalf of Sterling or Ng Branding.

<u>RESPONSE TO ADMISSION REQUEST NO. 19</u>:

The Government objects to admission request no. 19 on the ground that it is vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response. The Government also objects to admission request no. 19 on the ground that it is vague, ambiguous, and confusing in that we do not understand what defendant means by "misclassify any of the alleged '337 ... misclassifications' pursuant to HTSUS[.]"

34

<p style="text-align:center">ADMISSION REQUEST NO. 20:</p>

Admit that Mr. Ng never personally assisted any person to misclassify any of the alleged "337 ... misclassifications" pursuant to HTSUS on behalf of Sterling or Ng Branding.

RESPONSE TO ADMISSION REQUEST NO. 20:

The Government objects to admission request no. 20 on the ground that it is vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response. The Government also objects to admission request no. 20 on the ground that it is vague, ambiguous, and confusing in that we do not understand what defendant means by "misclassify any of the alleged '337 ... misclassifications' pursuant to HTSUS[.]"

<p style="text-align:center">ADMISSION REQUEST NO. 21:</p>

Admit that there are no facts establishing that Mr. Ng personally assisted any person to misclassify any of the alleged "337 ... misclassifications" pursuant to HTSUS on behalf of Sterling or Ng Branding.

RESPONSE TO ADMISSION REQUEST NO. 21:

The Government objects to admission request no. 21 on the ground that it is vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response. The Government also objects to admission request no. 21 on the ground that it is vague, ambiguous, and confusing in that we do not understand what defendant means by "misclassify any of the alleged '337 ... misclassifications' pursuant to HTSUS[.]"

ADMISSION REQUEST NO. 22:

Admit that Mr. Ng never personally communicated with Sterling
or Ng Branding's custom's brokers regarding any classification of
entries.

RESPONSE TO ADMISSION REQUEST NO. 22:

The Government objects to admission request no. 22 on the ground that it seeks the

admission to purported facts that are irrelevant and/or of no substantial importance.

ADMISSION REQUEST NO. 23:

Admit that there are no facts establishing that Mr. Ng personally
communicated with Sterling or Ng Branding's customs brokers
regarding any classification of entries.

RESPONSE TO ADMISSION REQUEST NO. 23:

The Government objects to admission request no. 23 on the ground that it seeks the

admission to purported facts that are irrelevant and/or of no substantial importance.

ADMISSION REQUEST NO. 24:

Admit that Mr. Ng never personally participated in any
classification of the alleged "337 . . . misclassifications" pursuant
to HTSUS on behalf of Sterling or Ng Branding.

RESPONSE TO ADMISSION REQUEST NO. 24:

The Government objects to admission request no. 24 on the ground that it is vague and

ambiguous in that defendant has not produced or identified the source from which the quoted

matter originates and has omitted words indicated by the use of ellipses that may be relevant to a

response.

ADMISSION REQUEST NO. 25:

Admit that there are no facts establishing that Mr. Ng personally
participated in any classification of the alleged "337 . . .

misclassifications" pursuant to HTSUS on behalf of Sterling or Ng Branding.

RESPONSE TO ADMISSION REQUEST NO. 25:

The Government objects to admission request no. 25 on the ground that it is vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response.

ADMISSION REQUEST NO. 26:

Admit that there are no facts establishing that Mr. Ng personally had any knowledge of that the "337 . . . entries" were "misclassified" pursuant to HTSUS on behalf of Sterling or Ng Branding.

RESPONSE TO ADMISSION REQUEST NO. 26:

The Government objects to admission request no. 26 on the ground that it is vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response.

ADMISSION REQUEST NO. 27:

Admit that Mr. Ng was not personally negligently responsible for any of the alleged "337 . . . misclassifications" as alleged in the complaint.

RESPONSE TO ADMISSION REQUEST NO. 27:

The Government objects to admission request no. 27 on the ground that it is vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response. The Government objects to admission request no. 27 on the ground that it requires the

Government to reach a legal conclusion and/or a conclusion as to the legal significance of certain events which it is not required to make, and which must be determined by the Court in this action.

<div align="center">ADMISSION REQUEST NO. 28:</div>

> Admit that there are no facts establishing that Mr. Ng was personally negligently responsible for any of the alleged "337 . . . misclassifications" as alleged in the complaint.

RESPONSE TO ADMISSION REQUEST NO. 28:

The Government objects to admission request no. 28 on the ground that it is vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response. The Government objects to admission request no. 28 on the ground that it requires the Government to reach a legal conclusion and/or a conclusion as to the legal significance of certain events which it is not required to make, and which must be determined by the Court in this action.

<div align="center">ADMISSION REQUEST NO. 29:</div>

> Admit that Mr. Ng was not personally grossly negligently responsible for any of the alleged "337 . . . misclassifications" as alleged in the complaint.

RESPONSE TO ADMISSION REQUEST NO. 29:

The Government objects to admission request no. 29 on the ground that it is vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response. The Government objects to admission request no. 29 on the ground that it requires the Government to reach a legal conclusion and/or a conclusion as to the legal significance of certain

events which it is not required to make, and which must be determined by the Court in this action.

<u>ADMISSION REQUEST NO. 30</u>:

Admit that there are no facts establishing that Mr. Ng was personally grossly negligently responsible for any of the alleged "337 . . . misclassifications" as alleged in the complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 30</u>:

The Government objects to admission request no. 30 on the ground that it is vague and ambiguous in that defendant has not produced or identified the source from which the quoted matter originates and has omitted words indicated by the use of ellipses that may be relevant to a response. The Government objects to admission request no. 30 on the ground that it requires the Government to reach a legal conclusion and/or a conclusion as to the legal significance of certain events which it is not required to make, and which must be determined by the Court in this action.

<u>ADMISSION REQUEST NO. 31</u>:

Admit that Mr. Ng never personally misrepresented "the footwear's components" as alleged in paragraph 49 of the complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 31</u>:

The Government objects to admission request no. 31 on the ground that it seeks the admission to purported facts that are irrelevant and/or of no substantial importance.

<u>ADMISSION REQUEST NO. 32</u>:

Admit that there are no facts establishing that Mr. Ng personally misrepresented "the footwear's components" as alleged in paragraph 49 of the complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 32</u>:

The Government objects to admission request no. 32 on the ground that it contains

factually misleading or false statements regarding the allegation in paragraph 49 of the

complaint.

STUART F. DELERY
Assistant Attorney General

JEANNE E. DAVIDSON
Director


CLAUDIA BURKE
Assistant Director

OF COUNSEL:

MIKKI COTTET
MEREDITH A. JOHNSON          Senior Trial Counsel
Attorney                     U.S. Department of Justice
U.S. Customs and Border Protection   Civil Division
Office of Associate Chief Counsel    Commercial Litigation Branch
Long Beach, CA 90802         PO Box 480
                             Ben Franklin Station
                             Washington, D.C.  20044
                             Telephone: 202-307-0962
                             Facsimile: 202-514-7965
                             E-mail: Mikki.Cottet@usdoj.gov


July 7, 2014                 Attorneys for Plaintiff

# CERTIFICATION

I, Benjamin Whitney, Project Manager for U.S. Customs and Border Protection, having prepared the foregoing responses to defendant Alex Ng's interrogatories 1 through 19, hereby declare, under the penalties of perjury, that I have personal knowledge of the information supplied in the responses and/or I have consulted with other CBP employees who have personal knowledge of the information supplied in the responses and/or I have reviewed documents containing the information supplied in the responses to the interrogatories, and that these responses, based upon information and belief, are true and correct.

_____

_____June 26, 2014_____

# CERTIFICATE OF SERVICE BY MAIL

I hereby certify that on the 7th day of July 2014, on behalf of the United States, plaintiff herein, I caused to be delivered by Federal Express, a copy of the annexed "Responses and Objections to Defendant Alex Ng's First Set of Interrogatories, Request for Production of Documents and Requests for Admission to Plaintiff United States of America" to be served upon:

Thomas A. Fasel, Esq.
610 Newport Center Drive, Suite 810
Newport Beach, CA  92660

attorney for defendant Alex Ryan Ng.

_____
Mikki Cottet

# EXHIBIT J

Sterling's Discovery to the Government

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:

_____
)
UNITED STATES,                            )
                                          )
            Plaintiff,                    )
                                          )
            v.                            )        Court No.      12-00193
                                          )
STERLING FOOTWEAR, INC.,                  )        Hon. Leo M. Gordon
ALEX RYAN NG, and NG BRANDING,            )
LLC,                                      )
                                          )
            Defendants.                   )
_____ )

## DEFENDANT STERLING FOOTWEAR, INC.'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO PLAINTIFF UNITED STATES OF AMERICA

Defendant, Sterling Footwear, Inc., hereby requests that plaintiff, the United States,

answer the following interrogatories under oath, produce to plaintiff the documents and things

requested below and respond to the requests for admission in accordance with Rules 33, 34 and

36 of the Rules of the United States Court of International Trade (USCIT), respectively.

Pursuant to USCIT Rule 26(e), these interrogatories, production requests and requests for

admission shall be deemed continuing, so as to require supplemental response(s) if plaintiff

obtains additional information and/or discovers additional documents after service of their

original responses. Supplemental responses shall be served from time to time, but not later than

10 days after the additional information has been obtained by plaintiff.

### DEFINITIONS AND INSTRUCTIONS

(a)      "Plaintiff" refers to the United States, the named plaintiff in the above-captioned

civil action, and any of its related or affiliated organizations, agencies, entities and/or persons.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

(b)  "Defendant" and/or "defendants" refer individually and/or collectively to Sterling Footwear, Inc., Alex Ng, and Ng Branding, LLC, any parent, other related or affiliated corporation, and/or entity, every person connected with defendants in connection with the matter at issue in this action and/or acting at their direction or on their individual or collective behalf, including, but not limited to, each of their respective agents, representatives, attorneys, or assigns.

(c)  "Complaint" refers to the pleading filed by plaintiff, which commenced the above-captioned civil action.

(d)  "Answer" refers to the pleading filed by the named defendants in response to the complaint in the above-captioned civil action.

(e)  As used herein, the term "document" shall have the broadest possible construction under Rule 34(a) of the Federal Rules of Civil Procedure and the USCIT Rules, and includes, without limiting the generality of the foregoing, the original or any copies, regardless of origin or location, of every writing or record of every type and description that is or has been in the possession, control, or custody of plaintiff or of which plaintiff has knowledge, including: correspondence, publications, books, pamphlets, periodicals, letters, calendar or diary entries, memorandums, telegrams, cables, reports, records, resumes, recommendations, studies, stenographic or handwritten notes, summaries of records of personal conversations or interviews, working papers or drafts, invoices, vouchers, checks, statements, degrees, diplomas, certificates, transcripts, awards, evaluations, charts, graphs, maps, diagrams, blueprints, charges, petitions, affidavits, tables, records, logs, indexes, pictures, voice recordings, tapes, electronically stored data, microfilm, data sheets or data processing cards or disks, electronic mail (e-mail), facsimile transmissions, computer disks, computer hard drives or any other written, typed, printed,

2

recorded, transcribed, punched, taped, filmed, photographed or graphic matter, and any other method used to communicate thoughts, ideas or information, however produced or reproduced, to which plaintiff has or has had access, and copies or reproductions of any of the above that differ in any respect from the original, such as copies containing marginal notations or other variations, and all other records or writings, however produced or reproduced, to which plaintiff has or has had access. Designated documents are to be taken as including all attachments, exhibits, enclosures, appendices and other documents that relate to or refer to such designated documents.

(f)　　"Person" means and includes natural persons, firms, partnerships, corporations, proprietorships, associations, governmental bodies, and any other organizations or entities.

(g)　　"Date" means the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

(h)　　As used herein, "thing" shall have the broadest possible meaning and includes, without limiting the generality of the foregoing: any tangible object, as distinguished from a document, concept, quality, etc.; any inanimate object; any item; personal belonging; article or device, etc., used for some purpose, for example, a CD (also referred to as a compact disc), a DVD (also known as a digital versatile disc or digital video disc), any other optical storage media format; any article, part, piece, or item which is not at issue in this civil action or a sample thereof; and, any article not encompassed by or within the meaning of "document" as defined above.

(i)　　"Identify" shall have the following meanings: (1) When used in reference to an individual, the term means and requires that the response state the full name, present or last known address (designating which), present or last known telephone number and electronic mail

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

address (designating which), present or last known business address (designating which), last known place of employment, and any past or present affiliation with the defendants (including their professional titles and duties and responsibilities at their place of employment during the period on and between January 1, 2007 and December 31, 2009). (2) When used in reference to a firm, partnership, corporation, proprietorship, association, or other organization or entity, the term means and requires that the response state the full name, the present or last known address of the organization or entity, present or last known telephone number and electronic mail address (designating which), the identity of any employees at the organization with whom plaintiff may have had regular contact, and any past or present affiliation with the plaintiff (including any duties and responsibilities they may have had with the respect to the plaintiff during the period on and between January 1, 2007 and December 31, 2009). (3) When used in reference to a document, the term means and requires that the response state the following: the type of document (*e.g.*, a letter, memorandum, note) or some other means of identifying it (*i.e.*, the title of the document, if any); the date, author, sender, recipient, and the identity of the person signing it; synopsis of its content; and its present location and/or custodian. In lieu of providing identification of a document, the plaintiff may attach a copy of the document to its responses to the interrogatory, identifying the interrogatory to which it is responsive. In the event that a document was, but is no longer, in the possession, custody or control of plaintiff, plaintiff must state what disposition was made of it and where, when, why, and by whom the disposition was made. (4) When used in reference to a source of information, the term means and requires that the response shall identify each individual who provided information. The response shall also state whether the information has been reduced to writing or other tangible form and, if so, this writing or other record shall be identified in the manner described in subparagraph (3) above.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

(j)     "Describe" or "state," as used in the interrogatories, means and/or requires the following:

(1)  A detailed and full account of an act or event by reference to underlying facts rather than ultimate facts or conclusions of law or facts.

(2)  The disclosure of:

(a) the identity of each person involved in each such act or event, including, but not limited to persons employed by plaintiff and those persons purporting to act for plaintiff;

(b)  the specific acts of each person participating in each such event;

(c)  the date and time of each such act or event;

(d)  the address and location of each such act or event; and

(e)  the identity of each person present during each such act or event.

(k)     The word "explain" means to state with specificity each and every fact, ultimate fact, particular circumstances, incident, act, omission, detail, and event that relates to the reference, contention or response.

(m)     "Concerning" and "relating to" mean directly or indirectly containing, constituting, discussing, describing, identifying, supporting, explaining, regarding, contradicting, embodying, comprising, reflecting, analyzing, referring to, dealing with, commenting on, responding to, or is in any way relevant to a given subject matter (including, without limitation, documents regarding or referring to the presentation of other documents). These terms have similar meanings in connection with document production requests in that a document "concerning" or "relating to" a given subject matter, as used herein, means a document that directly or indirectly constitutes, embodies, comprises, reflects, identifies, states, refers to, deals

5

with, comments on, responds to, describes, analyzes, contains information regarding, or is in any way relevant to that subject matter, including, without limitation, documents regarding or referring to the presentation of other documents.

(n)     "You" and "your" as used herein, refers to Plaintiff in this action, United States of America.

(o)     "Mr. Ng" as used herein, refers to defendant in this action, Alex Ng.

(p)     "Sterling" as used herein, refers to defendant in this action, Sterling Footwear, Inc.

(q)     "Ng Branding" as used herein, refers to defendant in this action, Ng Branding, LLC.

(r)     "HTSUS" as used herein, refers to the Harmonized Tariff Schedule of the United States of America.

(s)     In responding to the documents requests, plaintiff is to furnish all available information, including information in the possession of its attorneys, investigators, or any other person acting on their behalf.

(t)     In responding to these discovery requests, all requested documents in plaintiff's "possession, custody or control" are to be produced. This includes documents in the possession, custody or control of its attorneys, investigators, or any third party or parties to whom plaintiff has surrendered possession, custody or control, or who are acting on plaintiff's behalf, or who have otherwise obtained possession, custody or control, or who, upon plaintiff's request, would surrender possession, custody or control to plaintiff.

(u)     If plaintiff cannot produce a document, sample or thing after exercising due diligence to secure it, plaintiff shall so state in writing and shall produce whatever portion of said

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

document that is possible to produce. In such case, plaintiff shall specify, in writing, its inability to respond to the remainder of the document request and shall state whatever information or knowledge defendants have concerning the document that plaintiff is unable to produce, including, but not limited to, the content of such document.

(p)     In the event that any document called for by this request has been destroyed, that document is to be identified in writing as follows: addressor, addressee, indicated or blind copies, date, subject matter and content, number of pages, attachments, exhibits and appendices, all persons to whom the document was distributed, shown, summarized or explained, date of destruction, manner of destruction, reason for destruction, person(s) who authorized destruction, and person(s) who destroyed the document(s).

(q)     If any document falling within any description contained in any of the following requests is withheld under claim of privilege, plaintiff shall serve upon the undersigned attorneys for defendants a written list of the withheld documents, including the following information as to each of such items: (1) date; (2) the name(s) of the person(s) or other entity or entities who or which drafted, authored, or prepared it; (3) its title; (4) type of document (*e.g.*, letter, memorandum, telegram, etc.); (5) the name(s) of the person(s) or other entity or entities to whom or which it was addressed; (6) the name(s) of each person or entity to whom or which the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given, or in any other manner disclosed; and (7) a statement of the ground or grounds upon which each such document is considered to be privileged from production.

(r)     Each request for document production contemplates the production of every document in its entirety, without abbreviation, redaction, or expurgation. If any portion of any document falling within any description contained in any of the following requests is

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

abbreviated, redacted, or expurgated for any reason, defendants shall serve upon the undersigned attorneys for plaintiff the following information as to each abbreviation, redaction, or expurgation: (1) the date of the document; (2) the name(s) of the person(s) or other entity or entities who or which drafted, authored, or prepared the document; (3) the title of the document; (4) type of document (for example, letter, memorandum, telegram, etc.); (5) the name(s) of the person(s) or other entity or entities to whom or which it was addressed; (6) the name(s) of each person or entity to whom or which the document or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed (including, summaries or explanations of content or subject matter); (7) a statement as to whether the document was produced to the persons identified in (6) above in its entirety; (8) a description of the redacted material; (9) the identity of the person(s) who directed or authorized the redaction; (10) the identity of the person(s) who redacted the document; (11) the date and time the document was redacted; (12) identification of all persons who witnessed the redaction; and (13) a detailed explanation of the ground or grounds upon which redaction was made.

(s)  Plaintiff is requested, pursuant to Fed. R. Civ. P. 34 and/or USCIT Rule 34(b), to produce the documents as they are kept in the usual course of business and shall organize and label the documents produced to correspond with the categories of documents set forth in this request.

**INTERROGATORIES**

INTERROGATORY NO. 1:

(a)  State all facts which you contend support "COUNT I" as alleged against Sterling in your complaint.

(b)    Identify all documents which you contend supports "COUNT I" as alleged against Sterling in your complaint.

(c)    Identify all persons which you contend have knowledge of any fact which you contend supports "COUNT I" as alleged against Sterling in your complaint.

INTERROGATORY NO. 2:

(a)    State all facts which you contend support "COUNT II" as alleged against Sterling in your complaint.

(b)    Identify all documents which you contend supports "COUNT II" as alleged against Sterling in your complaint.

(c)    Identify all persons which you contend have knowledge of any fact which you contend supports "COUNT II" as alleged against Sterling in your complaint.

INTERROGATORY NO. 3:

(a)    State all facts which you contend support "COUNT III" as alleged against Sterling in your complaint.

(b)    Identify all documents which you contend supports "COUNT III" as alleged against Sterling in your complaint.

(c)    Identify all persons which you contend have knowledge of any fact which you contend supports "COUNT III" as alleged against Sterling in your complaint.

INTERROGATORY NO. 4:

Identify each person and/or document that provided you with the information necessary to prepare your complaint and correlate each such person or document identified by you with the specific paragraph, or parts thereof, of the complaint.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

INTERROGATORY NO. 5:

(a)     Identify each and every person that you have contacted, consulted or conferred with, directly or indirectly, to provide expertise (whether scientific or technical) or other specialized knowledge relating to any of the factual allegations in the complaint and/or the answer.

(b)     Provide a detailed summary of the substance of the conversations, communications, or statements made by you to the person(s) identified in response to subparagraph (a), above, and the statements made by the person(s) identified in response to paragraph (a), above, to you.

INTERROGATORY NO. 6:

(a)     Identify each person you have interviewed, contacted, consulted or conferred with, directly or indirectly, in the prosecution and/or preparation of this lawsuit.

(b)     State all facts provided to you by the person(s) identified in response to subparagraph (a) above which you allege support your complaint.

(c)     Provide a detailed summary of the substance of the conversations, communications, or statements made by you to the person(s) identified in response to subparagraph (a), above, and the statements made by the person(s) identified in response to paragraph (a), above, to you.

INTERROGATORY NO. 7:

(a)     State all facts you allege support your contention that defendants misclassified "337 subject entries of footwear" as alleged in paragraph 45 of your complaint.

(b)     State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

(c)     State all documents that you allege support the facts identified in response to subparagraph (a), above.

INTERROGATORY NO. 8:

(a)     State all facts you allege support your contention that "Defendants' misclassification of 337 subject entries of footwear was the result of gross negligence" as alleged in paragraph 49 of your complaint.

(b)     State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

(c)     State all documents that you allege support the facts identified in response to subparagraph (a), above.

INTERROGATORY NO. 9:

(a)     State all facts you allege support your contention that Defendants' acts "involved a wanton disregard for the relevant facts and indifference to or disregard for statutory obligations" as alleged in paragraph 49 of your complaint.

(b)     State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

(c)     State all documents that you allege support the facts identified in response to subparagraph (a), above.

INTERROGATORY NO. 10:

(a)     State all facts you allege support your contention that "Defendant's violations . . . were the result of negligence" as alleged in paragraph 55 of your complaint.

(b)     State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

(c)     State all documents that you allege support the facts identified in response to subparagraph (a), above.

INTERROGATORY NO. 11:

(a)     State all facts you allege support your contention that "defendants did not exercise reasonable care when they misclassified the footwear" as alleged in paragraph 55 of your complaint.

(b)     State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

(c)     State all documents that you allege support the facts identified in response to subparagraph (a), above.

INTERROGATORY NO. 12:

(a)     Identify all dates you have spoken, corresponded, interviewed, contacted, consulted or conferred with Scott Kauffman of Seattle Logistics, directly or indirectly, in the prosecution and/or preparation of this lawsuit.

(b)     Provide a detailed summary of the substance of the conversations, communications, or statements made by you to Scott Kauffman of Seattle Logistics identified in response to subparagraph (a), above, and the statements made by Scott Kauffman of Seattle Logistics identified in response to paragraph (a), above, to you.

INTERROGATORY NO. 13:

(a)     Identify each entry misclassification you allege Sterling is liable for of the "337" alleged misclassifications identified in paragraph 45 of your complaint.

(b)     For each misclassification identified in paragraph (a) above, identify all facts upon which you contend the entry was misclassified.

(c)     For each misclassification identified in paragraph (a) above, identify all documents that you contend support your allegation that the entries were misclassified.

(d)     For each misclassification identified in paragraph (a) above, identify all person(s) you contend have knowledge of any fact that supports your allegation that the entries were misclassified.

INTERROGATORY NO. 14:

(a)     Identify each person working for; or, on behalf of Sterling you allege performed any act furthering or assisting in the misclassification of any entry.

(b)     For each person identified in response to subparagraph (a) above, state each and every act performed by the identified person, which furthered or assisted in any misclassification.

(c)     For each person identified in paragraph (a) above, identify all documents that you contend support your contention that the identified person performed any act which furthered or assisted in any misclassification.

(d)     For each person identified in paragraph (a) above, identify all person(s) you contend have knowledge of any fact supporting your contention that the identified person performed any act which furthered or assisted in any misclassification.

INTERROGATORY NO. 15:

(a)     Do you allege Mr. Ng personally performed any act on behalf of Sterling, which furthered or assisted in the alleged misclassification of any entry?

(b)     If your response to subparagraph (a), above, is in the affirmative, identify each and every act personally performed by Mr. Ng on behalf of Sterling which furthered or assisted in the alleged misclassification of any entry.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

(c)     For each and every act identified in response to subparagraph (b), above, state the date or dates upon which such act was personally performed by Mr. Ng.

(d)     For each and every act identified in response to subparagraph (b), above, identify each and every document you contend supports your contention that Mr. Ng personally performed the identified act.

(e)     For each and every act identified in response to subparagraph (b), above, identify each and every person you contend has knowledge of any fact that supports your contention that Mr. Ng personally performed the identified act.

INTERROGATORY NO. 16:

(a)     State all facts you allege support your contention that "Sterling Footwear directed various brokers to enter its merchandise under certain classifications" as alleged in paragraph 42 of your complaint.

(b)     State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

(c)     State all documents that you allege support the facts identified in response to subparagraph (a), above.

INTERROGATORY NO. 17:

(a)     State all facts you allege support your contention that "Sterling Footwear sought to avoid detection of the misclassifications by selecting brokers around the country and had them enter goods remotely through Los Angeles/Long Beach Seaport and Los Angeles International Airport" as alleged in paragraph 42 of your complaint.

(b)     State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

(c)     State all documents that you allege support the facts identified in response to subparagraph (a), above.

(d)     Explain in detail how "selecting brokers around the country and enter[ing] goods remotely" would help Sterling "avoid detection".

INTERROGATORY NO. 18:

(a)     State all facts you allege support your contention that "[s]ome of the brokers reported that they had questioned the correctness of these classifications, but Sterling Footwear refused to change its classifications" as alleged in paragraph 42 of your complaint.

(b)     State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

(c)     State all documents that you allege support the facts identified in response to subparagraph (a), above.

(d)     Identify the name, phone number and address of the "brokers" that "had questioned the correctness of [the] classifications" as alleged in paragraph 42 of the complaint.

(e)     Identify the corresponding entries the "brokers" had "questioned" as alleged in paragraph 42 of the complaint.

INTERROGATORY 19:

(a)     Identify the acts you contend Mr. Ng personally performed at Sterling as it related to the classification of entries identified in the complaint.

(b)     State all facts that you allege support the acts identified in response to subparagraph (a), above.

(c)     State all persons that you allege have knowledge of facts identified in response to subparagraph (b), above.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

(d)    State all documents that you allege support the facts identified in response to subparagraph (b), above.

INTERROGATORY 20:

(a)    Identify the acts you contend Mr. Ng personally performed at Sterling as it related to United States Customs and Boarder Protection.

(b)    State all facts that you allege support the acts identified in response to subparagraph (a), above.

(c)    State all persons that you allege have knowledge of facts identified in response to subparagraph (b), above.

(d)    State all documents that you allege support the facts identified in response to subparagraph (b), above.

INTERROGATORY 21:

(a)    Identify the acts you contend Mr. Ng personally performed at Sterling as it related to HTSUS.

(b)    State all facts that you allege support the acts identified in response to subparagraph (a), above.

(c)    State all persons that you allege have knowledge of facts identified in response to subparagraph (b), above.

(d)    State all documents that you allege support the facts identified in response to subparagraph (b), above.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

<u>**REQUEST FOR PRODUCTION OF DOCUMENTS**</u>

Pursuant to USCIT 34, defendant Sterling Footwear, Inc. requests that plaintiff produce and make available for inspection and copying, within 30 days of the service of this request, at Fasel Law, 610 Newport Center Drive, Suite 810, Newport Beach, California 92660, the categories of documents, samples or things described below.

<u>REQUEST NO. 1:</u>

Produce all documents identified or described in and/or which contain the information upon which plaintiff's responses to Sterling Footwear, Inc.'s First Set of Interrogatories, above, are based.

<u>REQUEST NO. 2:</u>

Produce all documents related to the entries at issue in this civil action.

<u>REQUEST NO. 3:</u>

Produce all correspondence between the defendants and plaintiff relating to the merchandise at issue.

<u>REQUEST NO. 4:</u>

Produce all correspondence between the plaintiff and any person concerning or relating to the entries and/or the merchandise at issue in this action.

<u>REQUEST NO. 5:</u>

Produce all documents concerning any communication or agreement between plaintiff and any other person concerning this lawsuit.

<u>REQUEST NO. 6:</u>

Produce all recordings and copies of transcripts of recordings of conversations between plaintiff and any person relating to the facts underlying this civil action.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

<u>REQUEST NO. 7:</u>

Produce all documents that refute or confirm the allegations in the plaintiff's complaint.

<u>REQUEST NO. 8:</u>

Produce a copy of all documents U.S. Customs and Border Protection presented to defendants on and between January 1, 2007 and December 31, 2009.

<u>REQUEST NO. 9:</u>

Produce a copy of all documents that concern, support or relate to the allegations contained in plaintiff's complaint.

<u>REQUEST NO. 10:</u>

Produce a copy of all documents concerning any communication or agreement between plaintiff and any other person concerning this lawsuit including the facts underlying this civil action, or the assertion of claims against defendant.

<u>REQUEST NO. 11:</u>

Produce a copy of all recordings and copies of transcripts of recordings of conversations between plaintiff, including any parent organization, other related or affiliated government agency, person, or entity, and each of their respective agents, representatives, attorneys or assigns, or any other person acting at their direction or on their behalf, and any other person relating to the facts underlying this civil action.

<u>REQUEST NO. 12:</u>

Produce a copy of any document that concerns any question, complaint, objection, or any oral or written expression made by plaintiff, including any parent organization, other related or affiliated government agency, person, or entity, and each of their respective agents, representatives, attorneys or assigns, or any other person acting at its direction or on its behalf, to

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

any other person relating to the facts underlying this civil action or any similar merchandise imported by defendants or any other importer.

REQUEST NO. 13:

Produce a copy of all documents that concern, relate to, refute or confirm plaintiff's position regarding the proper classification and defendants' scienter in connection with the classification of the merchandise covered by the entries that are the subject of this civil action.

REQUEST NO. 14:

Produce a copy of all statements and documents pertaining to any statements made by plaintiff, including any parent organization, other related or affiliated government agency, person, or entity, and each of their respective agents, representatives, attorneys or assigns, or any other person acting at their direction or on their behalf, and any other person relating to any claims in this civil action.

REQUEST NO. 15:

Produce a copy of all documents identifying the names, addresses (including electronic mail addresses), and telephone numbers of each person to whom plaintiff, including any parent organization, other related or affiliated government agency, person, or entity, and each of their respective agents, representatives, attorneys or assigns, or any other person acting at their direction or on its behalf, has spoken concerning this civil action and all documents relating to such conversations.

REQUEST NO. 16:

Produce a copy of all documents which pertain to, substantiate, form the basis of, refute, or otherwise concern the affirmative defenses alleged by the defendants in their answer.

<u>REQUEST NO. 17:</u>

Produce a copy of all documents that concern, support or relate to the allegations in the answer.

<div align="center"><u>**REQUEST FOR ADMISSIONS**</u></div>

Pursuant to USCIT 36, defendant Sterling Footwear, Inc. requests that plaintiff respond to the following requests for admission.

<u>REQUEST NO. 1:</u>

Admit Sterling properly classified all entries subject to this civil action pursuant to HTSUS.

<u>REQUEST NO. 2:</u>

Admit that you have no facts establishing Mr. Ng made any customs classification determinations on behalf of Sterling relating the entry of merchandise by Sterling that is subject to the allegations contained in plaintiff's complaint.

<u>REQUEST NO. 3:</u>

Admit that you have no facts establishing Mr. Ng personally interacted with U.S. Customs and Border Protection regarding any entry of merchandise by Sterling that is subject to the allegations contained in plaintiff's complaint.

<u>REQUEST NO. 4:</u>

Admit that Mr. Ng did not make any customs classification determinations regarding any entry of merchandise by Sterling that is subject to the allegations contained in plaintiff's complaint.

<div align="center">Fasel Law<br>610 Newport Center Drive, Suite 810, Newport Beach, CA 92660<br>Telephone: 949-706-3188</div>

<u>REQUEST NO. 5:</u>

Admit that Mr. Ng never personally interacted with U.S. Customs and Border Protection regarding any entry of merchandise by Sterling that is subject to the allegations contained in plaintiff's complaint.

<u>REQUEST NO. 6:</u>

Admit that the "337 subject entries of footwear" as alleged in paragraph 45 of your complaint, were properly classified pursuant to HTSUS.

<u>REQUEST NO. 7:</u>

Admit that Sterling was not negligent in making the "337 subject entries of footwear" as alleged in paragraph 45 of your complaint.

<u>REQUEST NO. 8:</u>

Admit that Sterling was not grossly negligent in making the "337 subject entries of footwear" as alleged in paragraph 45 of your complaint.

<u>REQUEST NO. 9:</u>

Admit that there are no facts that support your contention that "Sterling Footwear directed various brokers to enter its merchandise under certain classifications" as alleged in paragraph 42 of your complaint.

<u>REQUEST NO. 10:</u>

Admit that there are no facts that support your contention that "defendants did not exercise reasonable care when they misclassified the footwear" as alleged in paragraph 55 of your complaint.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

REQUEST NO. 11:

Admit that there are no facts that establish Mr. Ng personally performed any act on behalf of Sterling, which furthered or assisted in the alleged misclassification of any entry relating to this civil action.

REQUEST NO. 12:

Admit that Mr. Ng did not personally perform any act on behalf of Sterling, which furthered or assisted in the alleged misclassification of any entry relating to this civil action.

Dated: May 27, 2014

FASEL LAW
Attorneys for Defendants
610 Newport Center Drive, Suite 810
Newport Beach, CA 92660
Telephone:     (949) 706-3188
Facsimile:     (949) 606-7002
taf@fasellaw.com

By: /s/ Thomas A. Fasel
Thomas A. Fasel
California Bar No. 239964

## CERTIFICATE OF SERVICE BY OVERNIGHT DELIVERY AND EMAIL

I, THOMAS A. FASEL, certify that I am an attorney admitted to practice before all the courts of the State of California and the United States Court of International Trade, with offices located at 610 Newport Center Drive, Suite 810, Newport Beach, CA 92660, and that on May 17, 2014, on behalf of the United States, plaintiff herein, I caused the DEFENDANT STERLING FOOTWEAR, INC.'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO PLAINTIFF UNITED STATES OF AMERICA to be served upon:

(1)     MEREDITH A. JOHNSON, Attorney U.S. Customs and Border Protection Office of Associate Chief Counsel Long Beach, CA 90802;

(2)     MIKKI COTTET, Senior Trial Counsel Commercial Litigation Branch Civil Division, U.S. Department of Justice PO Box 480 Ben Franklin Station Washington, DC 20044; Mikki.Cottet@usdoj.gov,

the attorney(s) for plaintiff the United States of America by causing the deposit of a true copy thereof in a U.S. Postal Service mail receptacle, properly enclosed in a securely closed envelope, duly franked or postage prepaid, addressed to said attorney(s) as above indicated; and by electronic means (electronic mail (email)) to Mikki.Cottet@usdoj.gov.

/s/ Thomas A. Fasel
Thomas A. Fasel

# EXHIBIT K

Government's Response to Sterling's Discovery

**BEFORE: HONORABLE LEO M. GORDON, JUDGE**

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 12-00193 |
| ) | |
| STERLING FOOTWEAR, INC., ) | |
| ALEX RYAN NG, and NG BRANDING, LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT STERLING FOOTWEAR, INC.'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION**

Pursuant to Rules 26, 33, 34, and 36 of the Rules of the United States Court of International Trade (CIT), plaintiff, the United States (the Government), hereby responds to the first set of interrogatories, request for production of documents, and requests for admission served by defendant Sterling Footwear, Inc., in the above-captioned action.

**I.      RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to CIT Rules 26 and 33, the Government hereby responds to defendant's first set of interrogatories. Because discovery has not concluded in this litigation, the Government's interrogatory responses are based upon information which is currently available at this stage of litigation. The Government reserves the right to rely upon any facts, documents, or other evidence that may develop or come to its attention subsequent to these responses, and the Government will supplement or amend these responses as may be required pursuant to CIT rule 26(e)(1)(A).

<u>INTERROGATORY NO. 1</u>:

(a)     State all facts which you contend support "COUNT I" as alleged against Sterling in your complaint.

(b)     Identify all documents which you contend supports "COUNT I" as alleged against Sterling in your complaint.

(c)     Identify all persons which you contend have knowledge of any fact which you contend supports "COUNT I" as alleged against Sterling in your complaint.

<u>RESPONSE TO INTERROGATORY NO. 1</u>:

(a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (Import Specialist (IS) Ben Whitney's memorandum to Supervisory Import Specialist (SIS) Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

(c)     The Government objects to interrogatory 1(c) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving the stated objection, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

Benjamin Whitney, Program Manager,
U.S. Customs and Border Protection (CBP)
11099 South La Cienega Blvd, Los Angeles, CA 90045

Linda Simien, CBP Import Specialist
301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

<u>INTERROGATORY NO. 2</u>:

(a)      State all facts which you contend support "COUNT II" as alleged against Sterling in your complaint.

(b)      Identify all documents which you contend supports "COUNT II" as alleged against Sterling in your complaint.

(c)      Identify all persons which you contend have knowledge of any fact which you contend supports "COUNT II" as alleged against Sterling in your complaint.

<u>RESPONSE TO INTERROGATORY NO. 2</u>:

(a)      The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b)      Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

(c)      The Government objects to interrogatory 2(c) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving the stated objection, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December

28, 2009) that is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

Linda Simien, CBP Import Specialist
301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

<u>INTERROGATORY NO. 3</u>:

(a)     State all facts which you contend support "COUNT III" as alleged against Sterling in your complaint.

(b)     Identify all documents which you contend supports "COUNT III" as alleged against Sterling in your complaint.

(c)     Identify all persons which you contend have knowledge of any fact which you contend supports "COUNT III" as alleged against Sterling in your complaint.

<u>RESPONSE TO INTERROGATORY NO. 3</u>:

(a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

(c)     The Government objects to interrogatory 3(c) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the

4

possession, custody, or control of the Government. Subject to and without waiving any of the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) which is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

Linda Simien, CBP Import Specialist
301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831.

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

INTERROGATORY NO. 4:

Identify each person and/or document that provided you with the information necessary to prepare your complaint and correlate each such person or document identified by you with the specific paragraph, or parts thereof, of the complaint.

RESPONSE TO INTERROGATORY NO. 4:

The Government objects to interrogatory 4 upon the ground that it is unduly burdensome and expensive, taking into account the needs of the case, the amount in controversy, and limitations upon available resources, as it requires the Government to identify "each" person and "each" document that provided any information necessary to prepare the complaint and to "correlate each such person or document identified by you with the specific paragraph, or parts thereof, of the complaint." Subject to and without waiving any of the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS

5

Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced

in response to defendant's request for production of documents and identifies the following

person:

> Benjamin Whitney, CBP Program Manager
> 11099 South La Cienega Blvd, Los Angeles, CA 90045

The Government has not authorized the defendant to discuss pending litigation with current or

former Government employees, all requests to communicate with such persons should be made

through the Department of Justice.

<u>INTERROGATORY NO. 5</u>:

> (a)    Identify each and every person that you have contacted, consulted or conferred with, directly or indirectly, to provide expertise (whether scientific or technical) or other specialized knowledge relating to any of the factual allegations in the complaint and/or the answer.

> (b)    Provide a detailed summary of the substance of the conversations, communications, or statements made by you to the person(s) identified in response to subparagraph (a), above, and the statements made by the person(s) identified in response to paragraph (a), above, to you.

<u>RESPONSE TO INTERROGATORY NO. 5</u>:

(a)    The Government has not contacted, consulted or conferred with, directly or

indirectly, anyone to provide expertise (whether scientific or technical) or other specialized

knowledge relating to any of the factual allegations in the complaint and/or the answer.

(b)    Not applicable.

<u>INTERROGATORY NO. 6</u>:

> (a)    Identify each person you have interviewed, contacted, consulted or conferred with, directly or indirectly, in the prosecution and/or preparation of this lawsuit.

(b)     State all facts provided to you by the person(s) identified in response to subparagraph (a) above which you allege support your complaint.

(c)     Provide a detailed summary of the substance of the conversations, communications, or statements made by you to the person(s) identified in response to subparagraph (a), above, and the statements made by the person(s) identified in response to paragraph (a), above, to you.

RESPONSE TO INTERROGATORY NO. 6:

The Government objects to interrogatories 6(a)-(c) upon the ground that these interrogatories seek information protected by both the attorney-client and work product privileges.

INTERROGATORY NO. 7:

(a)     State all facts you allege support your contention that defendants misclassified "337 subject entries of footwear" as alleged in paragraph 45 of your complaint.

(b)     State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

(c)     State all documents that you allege support the facts identified in response to subparagraph (a), above.

RESPONSE TO INTERROGATORY NO. 7:

(a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b)     The Government objects to interrogatory 7(b) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving any of the

7

stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920

through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December

28, 2009) that is produced in response to defendant's request for production of documents. The

Government also identifies the following persons:

> Benjamin Whitney, CBP Program Manager
> 11099 South La Cienega Blvd, Los Angeles, CA 90045
>
> Linda Simien, CBP Import Specialist
> 301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831

The Government has not authorized the defendant to discuss pending litigation with current or

former Government employees, all requests to communicate with such persons should be made

through the Department of Justice.

(c)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents

produced in response to defendant's request for production of documents.

<div align="center">INTERROGATORY NO. 8:</div>

> (a)     State all facts you allege support your contention that
> "Defendants' misclassification of 337 subject entries of footwear
> was the result of gross negligence" as alleged in paragraph 49 of
> your complaint.
>
> (b)     State all persons that you allege have knowledge of the
> facts identified in response to subparagraph (a), above.
>
> (c)     State all documents that you allege support the facts
> identified in response to subparagraph (a), above.

RESPONSE TO INTERROGATORY NO. 8:

(a)     The Government refers defendant to the "Facts" section of the complaint,

paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS

<div align="center">8</div>

Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b)     The Government objects to interrogatory 8(b) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving any of the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) which is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

> Benjamin Whitney, CBP Program Manager
> 11099 South La Cienega Blvd, Los Angeles, CA 90045
>
> Linda Simien, CBP Import Specialist
> 301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831
>
> Scott Kauffman, Seattle Logistics, Customs Broker
> 2912 North 58th Avenue, Hollywood, FL 33021
>
> Janet Man Kim, Customs Broker
> 15342 Hawthorne Blvd #212, Lawndale, CA 90260
> (310) 978-8800
> Janet@jmkchb.com

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(c)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

<u>INTERROGATORY NO. 9</u>:

(a)　　State all facts you allege support your contention that Defendants' acts "involved a wanton disregard for the relevant facts and indifference to or disregard for statutory obligations" as alleged in paragraph 49 of your complaint.

(b)　　State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

(c)　　State all documents that you allege support the facts identified in response to subparagraph (a), above.

<u>RESPONSE TO INTERROGATORY NO. 9</u>:

(a)　　The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) which is produced in response to defendant's request for production of documents.

(b)　　The Government objects to interrogatory 9(b) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving any of the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) which is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

Linda Simien, CBP Import Specialist
301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831

Scott Kauffman, Seattle Logistics, Customs Broker
2912 North 58th Avenue, Hollywood, Florida 33021

Janet Man Kim, Customs Broker
15342 Hawthorne Blvd #212, Lawndale, CA  90260
(310) 978-8800
Janet@jmkchb.com

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(c)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

<div align="center">INTERROGATORY NO. 10:</div>

(a)     State all facts you allege support your contention that "Defendant's violations . . . were the result of negligence" as alleged in paragraph 55 of your complaint.

(b)     State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

(c)     State all documents that you allege support the facts identified in response to subparagraph (a), above.

RESPONSE TO INTERROGATORY NO. 10:

(a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b)     The Government objects to interrogatory 10(b) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving any of the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920

through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Boulevard, Los Angeles, CA 90045

Linda Simien, CBP Import Specialist
301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831

Scott Kauffman, Seattle Logistics, Customs Broker
2912 North 58th Avenue, Hollywood, FL 33021

Janet Man Kim Customs Broker
15342 Hawthorne Blvd #212, Lawndale, CA  90260
(310) 978-8800
Janet@jmkchb.com

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(c)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

INTERROGATORY NO. 11:

(a)     State all facts you allege support your contention that "defendants did not exercise reasonable care when they misclassified the footwear" as alleged in paragraph 55 of your complaint.

(b)     State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

(c)     State all documents that you allege support the facts identified in response to subparagraph (a), above.

<u>RESPONSE TO INTERROGATORY NO. 11</u>:

(a)        The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b)        The Government objects to interrogatory 11(b) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government. Subject to and without waiving any of the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

> Benjamin Whitney, CBP Program Manager
> 11099 South La Cienega Blvd, Los Angeles, CA 90045
>
> Linda Simien, CBP Import Specialist
> 301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831
>
> Scott Kauffman, Seattle Logistics, Customs Broker
> 2912 North 58th Avenue, Hollywood, FL 33021
>
> Janet Man Kim Customs Broker
> 15342 Hawthorne Blvd #212, Lawndale, CA 90260
> (310) 978-8800
> Janet@jmkchb.com

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(c)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents

produced in response to defendant's request for production of documents.

INTERROGATORY NO. 12:

(a)     Identify all dates you have spoken, corresponded, interviewed, contacted, consulted or conferred with Scott Kauffman of Seattle Logistics, directly or indirectly, in the prosecution and/or preparation of this lawsuit.

(b)     Provide a detailed summary of the substance of the conversations, communications, or statements made by you to Scott Kauffman of Seattle Logistics identified in response to subparagraph (a), above, and the statements made by Scott Kauffman of Seattle Logistics identified in response to paragraph (a), above, to you.

RESPONSE TO INTERROGATORY NO. 12:

(a)-(b) The Government objects to these interrogatories on the ground that they seek

information protected from disclosure by the attorney work product privilege.  Subject to and

without waiving the stated objection, pursuant to CIT Rule 33(d), the Government refers

defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS

Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for

production of documents.

INTERROGATORY NO. 13:

(a)     Identify each entry misclassification you allege Sterling is liable for of the "337" alleged misclassifications identified in paragraph 45 of your complaint.

(b)     For each misclassification identified in paragraph (a) above, identify all facts upon which you contend the entry was misclassified.

(c)     For each misclassification identified in paragraph (a) above, identify all documents that you contend support your allegation that the entries were misclassified.

14

(d)      For each misclassification identified in paragraph (a) above, identify all person(s) you contend have knowledge of any fact that supports your allegation that the entries were misclassified.

RESPONSE TO INTERROGATORY NO. 13:

(a)      Pursuant to CIT Rule 33(d), the Government refers defendant to the Government's response to defendant's request for production of documents as responsive to interrogatory 13(a).

(b)      The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(c)      Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

(d)      The Government objects to interrogatory 13(d) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving any of the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) which is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

Linda Simien, CBP Import Specialist
301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831

15

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

<div align="center">INTERROGATORY NO. 14:</div>

(a)     Identify each person working for; or, on behalf of Sterling you allege performed any act furthering or assisting in the misclassification of any entry.

(b)     For each person identified in response to subparagraph (a) above, state each and every act performed by the identified person, which furthered or assisted in any misclassification.

(c)     For each person identified in paragraph (a) above, identify all documents that you contend support your contention that the identified person performed any act which furthered or assisted in any misclassification.

(d)     For each person identified in paragraph (a) above, identify all person(s) you contend have knowledge of any fact supporting your contention that the identified person performed any act which furthered or assisted in any misclassification.

RESPONSE TO INTERROGATORY NO. 14:

(a)     The Government objects to this interrogatory upon the ground that it is ambiguous and would require the Government to speculate as to the nature and scope of the information sought by the use of the words "furthering or assisting." There is more than one potential meaning for this phrase, at least in the context of this civil action, and the Government's response to this interrogatory may differ based upon the applicable meaning. Subject to and without waiving the stated objection, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

<div align="center">16</div>

(b) The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(c) Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

(d) Pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) which is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

> Benjamin Whitney, CBP Program Manager
> 11099 South La Cienega Blvd, Los Angeles, CA 90045
>
> Barbara Weeks, CBP Senior Import Specialist (retired)
> Last Known Business Address: 301 East Ocean Boulevard
> Shoreline Square, Long Beach, CA 90831
>
> Scott Kauffman, Customs Broker, Seattle Logistics
> 2912 North 58th Avenue, Hollywood, FL 33021

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

<p style="text-align:center"><u>INTERROGATORY NO. 15</u>:</p>

> (a) Do you allege Mr. Ng personally performed any act on behalf of Sterling, which furthered or assisted in the alleged misclassification of any entry?
>
> (b) If your response to subparagraph (a), above, is in the affirmative, identify each and every act personally performed by

<p style="text-align:center">17</p>

Mr. Ng on behalf of Sterling which furthered or assisted in the alleged misclassification of any entry.

(c)     For each and every act identified in response to subparagraph (b), above, state the date or dates upon which such act was personally performed by Mr. Ng.

(d)     For each and every act identified in response to subparagraph (b), above, identify each and every document you contend supports your contention that Mr. Ng personally performed the identified act.

(e)     For each and every act identified in response to subparagraph (b), above, identify each and every person you contend has knowledge of any fact that supports your contention that Mr. Ng personally performed the identified act.

RESPONSE TO INTERROGATORY NO. 15:

(a)     The Government objects to this interrogatory upon the ground that it is ambiguous and would require the Government to speculate as to the nature and scope of the information sought by the use of the words "furthered or assisted." There is more than one potential meaning for this phrase, at least in the context of this civil action, and the Government's response to this interrogatory may differ based upon the applicable meaning. Subject to and without waiving the stated objection, the Government response is yes.

(b)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(c)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS

18

Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(d)    Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

(e)    The Government objects to interrogatory 15(e) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

> Benjamin Whitney, CBP Program Manager
> 11099 South La Cienega Blvd, Los Angeles, CA 90045
>
> Scott Kauffman, Customs Broker, Seattle Logistics
> 2912 North 58th Avenue, Hollywood, FL 33021

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

<u>INTERROGATORY NO. 16</u>:

(a)    State all facts you allege support your contention that "Sterling Footwear directed various brokers to enter its merchandise under certain classifications" as alleged in paragraph 42 of your complaint.

(b)    State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

     (c)     State all documents that you allege support the facts identified in response to subparagraph (a), above.

<u>RESPONSE TO INTERROGATORY NO. 16</u>:

     (a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) which is produced in response to defendant's request for production of documents.

     (b)     The Government objects to interrogatory 16(b) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government. Subject to and without waiving the stated objection, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

> Benjamin Whitney, CBP Program Manager
> 11099 South La Cienega Boulevard, Los Angeles, CA 90045
>
> Scott Kauffman, Customs Broker, Seattle Logistics
> 2912 North 58th Avenue, Hollywood, FL 33021
>
> Janet Man Kim (broker)
> 15342 Hawthorne Blvd #212, Lawndale, CA 90260
> (310) 978-8800
> Janet@jmkchb.com

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(c)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

<div align="center">INTERROGATORY NO. 17:</div>

(a)     State all facts you allege support your contention that "Sterling Footwear sought to avoid detection of the misclassifications by selecting brokers around the country and had them enter goods remotely through Los Angeles/Long Beach Seaport and Los Angeles International "Airport" as alleged in paragraph 42 of your complaint.

(b)     State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

(c)     State all documents that you allege support the facts identified in response to subparagraph (a), above.

(d)     Explain in detail how "selecting brokers around the country and enter[ing] goods remotely" would help Sterling "avoid detection".

RESPONSE TO INTERROGATORY NO. 17:

(a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b)     The Government objects to interrogatory 17(b) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving the stated objection, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December

<div align="center">21</div>

28, 2009) that is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

Scott Kauffman, Customs Broker, Seattle Logistics
2912 North 58th Avenue, Hollywood, FL 33021

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(c)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(d)     Selecting brokers from around the country and entering goods remotely may help an importer, such as Sterling, avoid detection because the importer may (1) seek a broker who will enter goods remotely using a classification with a low duty rate without verification; (2) provide a broker with a either an incomplete or false description of the goods to be entered and direct the use of a specific classification; and (3) if the broker learns the correct description of the goods and/or elects not to use the importer's classification, then the importer can retain another broker who will use the classification directed by the importer.

<u>INTERROGATORY NO. 18</u>:

(a)     State all facts you allege support your contention that "[s]ome of the brokers reported that they had questioned the correctness of these classifications, but Sterling Footwear refused

to change its classifications" as alleged in paragraph 42 of your complaint.

(b)     State all persons that you allege have knowledge of the facts identified in response to subparagraph (a), above.

(c)     State all documents that you allege support the facts identified in response to subparagraph (a), above.

(d)     Identify the name, phone number and address of the "brokers" that "had questioned the correctness of [the] classifications" as alleged in paragraph 42 of the complaint.

(e)     Identify the corresponding entries the "brokers" had "questioned" as alleged in paragraph 42 of the complaint.

RESPONSE TO INTERROGATORY NO. 18:

(a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b)     The Government objects to interrogatory 1(c) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving any of the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) which is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Boulevard, Los Angeles, CA 90045

Scott Kauffman, Customs Broker, Seattle Logistics
2912 North 58th Avenue, Hollywood, FL 33021

23

Janet Man Kim (broker)
15342 Hawthorne Blvd #212, Lawndale, CA  90260
(310) 978-8800
Janet@jmkchb.com

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(c)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

(d)     Pursuant to CIT Rule 33(d), the Government refers defendant to GOV00001 through GOV0003980, and to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009), which are produced in response to defendant's request for production of documents. The Government also identifies the following brokers:

Scott Kauffman, Customs Broker, Seattle Logistics
2912 North 58th Avenue, Hollywood, FL 33021

Janet Man Kim (broker)
15342 Hawthorne Blvd #212, Lawndale, CA  90260
(310) 978-8800
Janet@jmkchb.comDQ7

(e)     Pursuant to CIT Rule 33(d), the Government refers defendant to GOV00001 through GOV0003980 and to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009), which are produced in response to defendant's request for production of documents.

<p style="text-align:center"><u>INTERROGATORY 19</u>:</p>

(a)    Identify the acts you contend Mr. Ng personally performed at Sterling as it related to the classification of entries identified in the complaint.

(b)    State all facts that you allege support the acts identified in response to subparagraph (a), above.

(c)    State all persons that you allege have knowledge of facts identified in response to subparagraph (b), above.

(d)    State all documents that you allege support the facts identified in response to subparagraph (b), above.

<u>RESPONSE TO INTERROGATORY NO. 19</u>:

(a)    The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b)    The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(c)    The Government objects to interrogatory 1(c) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving any of the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December

<p style="text-align:center">25</p>

28, 2009) that is produced in response to defendant's request for production of documents. The

Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

Scott Kauffman, Customs Broker, Seattle Logistics
2912 North 58th Avenue, Hollywood, FL 33021

The Government has not authorized the defendant to discuss pending litigation with current or

former Government employees, all requests to communicate with such persons should be made

through the Department of Justice.

(d)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents

produced in response to defendant's request for production of documents.

<div align="center">INTERROGATORY 20:</div>

(a)     Identify the acts you contend Mr. Ng personally performed
at Sterling as it related to United States Customs and Boarder
Protection.

(b)     State all facts that you allege support the acts identified in
response to subparagraph (a), above.

(c)     State all persons that you allege have knowledge of facts
identified in response to subparagraph (b), above.

(d)     State all documents that you allege support the facts
identified in response to subparagraph (b), above.

RESPONSE TO INTERROGATORY NO. 20:

(a)     The Government refers defendant to the "Facts" section of the complaint,

paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS

Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced

in response to defendant's request for production of documents.

(b)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(c)     The Government objects to interrogatory 1(c) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving any of the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

> Benjamin Whitney, CBP Program Manager
> 11099 South La Cienega Blvd, Los Angeles, CA 90045
>
> Scott Kauffman, Customs Broker, Seattle Logistics
> 2912 North 58th Avenue, Hollywood, FL 33021.

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(d)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

### INTERROGATORY 21:

(a)     Identify the acts you contend Mr. Ng personally performed at Sterling as it related to HTSUS.

(b)     State all facts that you allege support the acts identified in response to subparagraph (a), above.

27

(c)     State all persons that you allege have knowledge of facts identified in response to subparagraph (b), above.

(d)     State all documents that you allege support the facts identified in response to subparagraph (b), above.

RESPONSE TO INTERROGATORY NO. 21:

(a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(b)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) that is produced in response to defendant's request for production of documents.

(c)     The Government objects to interrogatory 1(c) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving any of the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) which is produced in response to defendant's request for production of documents. The Government also identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

Scott Kauffman, Customs Broker, Seattle Logistics
2912 North 58th Avenue, Hollywood, FL 33021.

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

(d)      Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

## II.    RESPONSE TO DEFENDANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to CIT Rule 34, the Government hereby responds to defendant's requests for production of documents.  Because discovery has not concluded in this litigation, the Government's responses to defendant's requests for production of documents are based upon information available at this stage of litigation.  We reserve the right to rely upon any facts, documents, or other evidence that may develop or come to our attention subsequent to this production response.

The documents are produced on the enclosed CD-Rom and are responsive, in whole or in part, to defendant's request for production of documents numbers 1-17.  The CD-Rom contains a total of 6,140 pages of responsive documents and each page is Bates-stamped with the "GOVXXXXXXX" schema, GOV00001 through GOV0006140.   The CD-Rom also contains a privilege log.

## III.    PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSION

Pursuant to CIT Rule 36, the Government submits the following objections and responses to the requests for admission served by defendant.  The Government has made a good faith effort to respond fully to those requests for admission to which it has not objected.  The Government's own factual investigation is continuing, however, and the Government reserves the right to

supplement or amend its responses, including any objections that may be applicable, based upon

any additional information and documents that may be discovered subsequent to providing these

responses.

### A. Plaintiff's Objections to Defendant's Requests for Admissions

1. The Government objects to these requests because they are premature given that
the parties are in the midst of discovery and pertinent documents have not yet been produced by
defendants Alex Ryan Ng, Sterling Footwear, Inc., and Ng Branding, LLC, or by third parties.

2. The Government objects to these requests because they are not reasonably
calculated to achieve the goals of CIT Rule 36(a).

3. The Government objects to these requests because they appear to be designed to
contravene the ascertainment of the truth and the development of the merits, harass, and/or
burden the Government with time-consuming and needless requests, create confusion, and
obfuscate the record.

4. The Government objects to these requests because they seek admissions to
purported facts which are irrelevant and/or of no substantial importance.

5. The Government objects to these requests to the extent that they seek admissions
of factual issues which are obviously disputed and which must be resolved at trial.

### B. Plaintiff's Responses to Defendant's Requests for Admission

REQUEST FOR ADMISSION NO. 1:

Admit Sterling properly classified all entries subject to this civil
action pursuant to HTSUS.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 1</u>:

The Government objects to admission request no. 1 on the ground that it seeks the admission to purported facts which are irrelevant and/or of no substantial importance.  However, subject to and without waiving the objection, denies.

<div align="center"><u>REQUEST FOR ADMISSION NO. 2</u>:</div>

Admit that you have no facts establishing Mr. Ng made any customs classification determinations on behalf of Sterling relating the entry of merchandise by Sterling that is subject to the allegations contained in plaintiff's complaint.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 2</u>:

The Government objects to admission request no. 1 on the ground that it seeks the admission to purported facts which are irrelevant and/or of no substantial importance.  However, subject to and without waiving the objection, denies.

<div align="center"><u>REQUEST FOR ADMISSION NO. 3</u>:</div>

Admit that you have no facts establishing Mr. Ng personally interacted with U.S. Customs and Border Protection regarding any entry of merchandise by Sterling that is subject to the allegations contained in plaintiff's complaint.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 3</u>:

The Government objects to admission request no. 1 on the ground that it seeks the admission to purported facts which are irrelevant and/or of no substantial importance.  The Government also objects to this request on the ground that it is ambiguous and would require the Government to speculate as to the nature and scope of the admission sought given the use of the phrase "personally interacted."  Defendant has failed to define the phrase "personally interacted." There is more than one potential meaning for this phrase, at least in the context of this civil

<div align="center">31</div>

action, and the Government's response to this request for admission may differ based upon the applicable meaning.

<center>REQUEST FOR ADMISSION NO. 4:</center>

> Admit that Mr. Ng did not make any customs classification determinations regarding any entry of merchandise by Sterling that is subject to the allegations contained in plaintiff's complaint.

RESPONSE TO REQUEST FOR ADMISSION NO. 4:

The Government objects to admission request no. 1 on the ground that it seeks the admission to purported facts which are irrelevant and/or of no substantial importance. However, subject to and without waiving the objection, denies.

<center>REQUEST FOR ADMISSION NO. 5:</center>

> Admit that Mr. Ng never personally interacted with U.S. Customs and Border Protection regarding any entry of merchandise by Sterling that is subject to the allegations contained in plaintiff's complaint.

RESPONSE TO REQUEST FOR ADMISSION NO. 5:

The Government objects to admission request no. 1 on the ground that it seeks the admission to purported facts which are irrelevant and/or of no substantial importance. The Government also objects to this request on the ground that it is ambiguous and would require the Government to speculate as to the nature and scope of the admission sought given the use of the phrase "personally interacted." Defendant has failed to define the phrase "personally interacted." There is more than one potential meaning for this phrase, at least in the context of this civil action, and the Government's response to this request for admission may differ based upon the applicable meaning.

<center>32</center>

<u>REQUEST FOR ADMISSION NO. 6</u>:

Admit that the "337 subject entries of footwear" as alleged in paragraph 45 of your complaint, were properly classified pursuant to HTSUS.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 6</u>:

Denies.

<u>REQUEST FOR ADMISSION NO. 7</u>:

Admit that Sterling was not negligent in making the "337 subject entries of footwear" as alleged in paragraph 45 of your complaint.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 7</u>:

The Government objects to this request on the ground that it requires the Government to reach a legal conclusion and/or a conclusion as to the legal significance of certain events which it is not required to make, and which must be determined by the Court in this action. Subject to and without waiving the objection, denies.

<u>REQUEST FOR ADMISSION NO. 8</u>:

Admit that Sterling was not grossly negligent in making the "337 subject entries of footwear" as alleged in paragraph 45 of your complaint.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 8</u>:

The Government objects to this request on the ground that it requires the Government to reach a legal conclusion and/or a conclusion as to the legal significance of certain events which it is not required to make, and which must be determined by the Court in this action. Subject to and without waiving the objection, denies.

<u>REQUEST FOR ADMISSION NO. 9</u>:

Admit that there are no facts that support your contention that "Sterling Footwear directed various brokers to enter its

33

merchandise under certain classifications" as alleged in paragraph 42 of your complaint.

RESPONSE TO REQUEST FOR ADMISSION NO. 9:

Denies.

## REQUEST FOR ADMISSION NO. 10:

Admit that there are no facts that support your contention that "defendants did not exercise reasonable care when they misclassified the footwear" as alleged in paragraph 55 of your complaint.

RESPONSE TO REQUEST FOR ADMISSION NO. 10:

The Government objects to this request on the ground that it requires the Government to reach a legal conclusion and/or a conclusion as to the legal significance of certain events which it is not required to make, and which must be determined by the Court in this action. Subject to and without waiving the objection, denies.

## REQUEST FOR ADMISSION NO. 11:

Admit that there are no facts that establish Mr. Ng personally performed any act on behalf of Sterling, which furthered or assisted in the alleged misclassification of any entry relating to this civil action.

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

The Government objects to admission request no. 1 on the ground that it seeks the admission to purported facts which are irrelevant and/or of no substantial importance. However, subject to and without waiving the objection, denies.

## REQUEST FOR ADMISSION NO. 12:

Admit that Mr. Ng did not personally perform any act on behalf of Sterling, which furthered or assisted in the alleged misclassification of any entry relating to this civil action.

<u>RESPONSE TO REQUEST FOR ADMISSION NO. 12</u>:

The Government objects to admission request no. 1 on the ground that it seeks the

admission to purported facts which are irrelevant and/or of no substantial importance.  However,

subject to and without waiving the objection, denies.

<div style="margin-left:50%">

STUART F. DELERY
Assistant Attorney General

JEANNE E. DAVIDSON
Director

CLAUDIA BURKE
Assistant Director

</div>

OF COUNSEL:

<div style="margin-left:50%">

MIKKI COTTET

</div>

MEREDITH A. JOHNSON | Senior Trial Counsel
Attorney | U.S. Department of Justice
U.S. Customs and Border Protection | Civil Division
Office of Associate Chief Counsel | Commercial Litigation Branch
Long Beach, CA 90802 | PO Box 480
| Ben Franklin Station
| Washington, D.C.  20044
| Telephone: 202-307-0962
| Facsimile: 202-514-7965
| E-mail: Mikki.Cottet@usdoj.gov

July 7, 2014 | Attorneys for Plaintiff

# CERTIFICATION

I, Benjamin Whitney, Project Manager for U.S. Customs and Border Protection, having prepared the foregoing responses to defendant NG Branding, LLC's interrogatories 1 through 9, hereby declare, under the penalties of perjury, that I have personal knowledge of the information supplied in the responses and/or I have consulted with other CBP employees who have personal knowledge of the information supplied in the responses and/or I have reviewed documents containing the information supplied in the responses to the interrogatories, and that these responses, based upon information and belief, are true and correct.

_____

_____June 26, 2014_____

## CERTIFICATE OF SERVICE BY MAIL

I hereby certify that on the 7th day of July 2014, on behalf of the United States, plaintiff herein, I caused to be delivered by Federal Express, a copy of the annexed "Responses and Objections to Defendant Ng Branding, LLC's First Set of Interrogatories, Request for Production of Documents and Requests for Admission to Plaintiff United States of America" to be served upon:

Thomas A. Fasel, Esq.
610 Newport Center Drive, Suite 810
Newport Beach, CA  92660

attorney for defendant Ng Branding, LLC.

_____
Mikki Cottet

# EXHIBIT L

Ng Branding's Discovery to the Government

BEFORE:

_____

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No.     12-00193 |
| | ) | |
| STERLING FOOTWEAR, INC., | ) | Hon. Leo M. Gordon |
| ALEX RYAN NG, and NG BRANDING, | ) | |
| LLC, | ) | |
| | ) | |
| Defendants. | ) | |

_____

### DEFENDANT NG BRANDING, LLC FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO PLAINTIFF UNITED STATES OF AMERICA

Defendant, Ng Branding, LLC, hereby requests that plaintiff, the United States, answer the following interrogatories under oath, produce to plaintiff the documents and things requested below and respond to the requests for admission in accordance with Rules 33, 34 and 36 of the Rules of the United States Court of International Trade (USCIT), respectively.

Pursuant to USCIT Rule 26(e), these interrogatories, production requests and requests for admission shall be deemed continuing, so as to require supplemental response(s) if plaintiff obtains additional information and/or discovers additional documents after service of their original responses. Supplemental responses shall be served from time to time, but not later than 10 days after the additional information has been obtained by plaintiff.

## DEFINITIONS AND INSTRUCTIONS

(a)     "Plaintiff" refers to the United States, the named plaintiff in the above-captioned civil action, and any of its related or affiliated organizations, agencies, entities and/or persons.

(b)     "Defendant" and/or "defendants" refer individually and/or collectively to Sterling Footwear, Inc., Alex Ng, and Ng Branding, LLC, any parent, other related or affiliated corporation, and/or entity, every person connected with defendants in connection with the matter at issue in this action and/or acting at their direction or on their individual or collective behalf, including, but not limited to, each of their respective agents, representatives, attorneys, or assigns.

(c)     "Complaint" refers to the pleading filed by plaintiff, which commenced the above-captioned civil action.

(d)     "Answer" refers to the pleading filed by the named defendants in response to the complaint in the above-captioned civil action.

(e)     As used herein, the term "document" shall have the broadest possible construction under Rule 34(a) of the Federal Rules of Civil Procedure and the USCIT Rules, and includes, without limiting the generality of the foregoing, the original or any copies, regardless of origin or location, of every writing or record of every type and description that is or has been in the possession, control, or custody of plaintiff or of which plaintiff has knowledge, including: correspondence, publications, books, pamphlets, periodicals, letters, calendar or diary entries, memorandums, telegrams, cables, reports, records, resumes, recommendations, studies, stenographic or handwritten notes, summaries of records of personal conversations or interviews, working papers or drafts, invoices, vouchers, checks, statements, degrees, diplomas, certificates,

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

transcripts, awards, evaluations, charts, graphs, maps, diagrams, blueprints, charges, petitions, affidavits, tables, records, logs, indexes, pictures, voice recordings, tapes, electronically stored data, microfilm, data sheets or data processing cards or disks, electronic mail (e-mail), facsimile transmissions, computer disks, computer hard drives or any other written, typed, printed, recorded, transcribed, punched, taped, filmed, photographed or graphic matter, and any other method used to communicate thoughts, ideas or information, however produced or reproduced, to which plaintiff has or has had access, and copies or reproductions of any of the above that differ in any respect from the original, such as copies containing marginal notations or other variations, and all other records or writings, however produced or reproduced, to which plaintiff has or has had access. Designated documents are to be taken as including all attachments, exhibits, enclosures, appendices and other documents that relate to or refer to such designated documents.

(f)     "Person" means and includes natural persons, firms, partnerships, corporations, proprietorships, associations, governmental bodies, and any other organizations or entities.

(g)     "Date" means the exact day, month, and year, if ascertainable, or, if not, the best available approximation (including relationship to other events).

(h)     As used herein, "thing" shall have the broadest possible meaning and includes, without limiting the generality of the foregoing: any tangible object, as distinguished from a document, concept, quality, etc.; any inanimate object; any item; personal belonging; article or device, etc., used for some purpose, for example, a CD (also referred to as a compact disc), a DVD (also known as a digital versatile disc or digital video disc), any other optical storage media format; any article, part, piece, or item which is not at issue in this civil action or a sample

thereof; and, any article not encompassed by or within the meaning of "document" as defined above.

(i) "Identify" shall have the following meanings: (1) When used in reference to an individual, the term means and requires that the response state the full name, present or last known address (designating which), present or last known telephone number and electronic mail address (designating which), present or last known business address (designating which), last known place of employment, and any past or present affiliation with the defendants (including their professional titles and duties and responsibilities at their place of employment during the period on and between January 1, 2007 and December 31, 2009). (2) When used in reference to a firm, partnership, corporation, proprietorship, association, or other organization or entity, the term means and requires that the response state the full name, the present or last known address of the organization or entity, present or last known telephone number and electronic mail address (designating which), the identity of any employees at the organization with whom plaintiff may have had regular contact, and any past or present affiliation with the plaintiff (including any duties and responsibilities they may have had with the respect to the plaintiff during the period on and between January 1, 2007 and December 31, 2009). (3) When used in reference to a document, the term means and requires that the response state the following: the type of document (*e.g.*, a letter, memorandum, note) or some other means of identifying it (*i.e.*, the title of the document, if any); the date, author, sender, recipient, and the identity of the person signing it; synopsis of its content; and its present location and/or custodian. In lieu of providing identification of a document, the plaintiff may attach a copy of the document to its responses to the interrogatory, identifying the interrogatory to which it is responsive. In the event that a

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

document was, but is no longer, in the possession, custody or control of plaintiff, plaintiff must state what disposition was made of it and where, when, why, and by whom the disposition was made.  (4) When used in reference to a source of information, the term means and requires that the response shall identify each individual who provided information. The response shall also state whether the information has been reduced to writing or other tangible form and, if so, this writing or other record shall be identified in the manner described in subparagraph (3) above.

(j)       "Describe" or "state," as used in the interrogatories, means and/or requires the following:

(1)  A detailed and full account of an act or event by reference to underlying facts rather than ultimate facts or conclusions of law or facts.

(2)  The disclosure of:

(a) the identity of each person involved in each such act or event, including, but not limited to persons employed by plaintiff and those persons purporting to act for plaintiff;

(b)  the specific acts of each person participating in each such event;

(c)  the date and time of each such act or event;

(d)  the address and location of each such act or event; and

(e)  the identity of each person present during each such act or event.

(k)      The word "explain" means to state with specificity each and every fact, ultimate fact, particular circumstances, incident, act, omission, detail, and event that relates to the reference, contention or response.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

(m)     "Concerning" and "relating to" mean directly or indirectly containing, constituting, discussing, describing, identifying, supporting, explaining, regarding, contradicting, embodying, comprising, reflecting, analyzing, referring to, dealing with, commenting on, responding to, or is in any way relevant to a given subject matter (including, without limitation, documents regarding or referring to the presentation of other documents). These terms have similar meanings in connection with document production requests in that a document "concerning" or "relating to" a given subject matter, as used herein, means a document that directly or indirectly constitutes, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, contains information regarding, or is in any way relevant to that subject matter, including, without limitation, documents regarding or referring to the presentation of other documents.

(n)     "You" and "your" as used herein, refers to Plaintiff in this action, United States of America.

(o)     "Mr. Ng" as used herein, refers to defendant in this action, Alex Ng.

(p)     "Sterling" as used herein, refers to defendant in this action, Sterling Footwear, Inc.

(q)     "Ng Branding" as used herein, refers to defendant in this action, Ng Branding, LLC.

(r)     "HTSUS" as used herein, refers to the Harmonized Tariff Schedule of the United States of America.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

(s)     In responding to the documents requests, plaintiff is to furnish all available information, including information in the possession of its attorneys, investigators, or any other person acting on their behalf.

(t)     In responding to these discovery requests, all requested documents in plaintiff's "possession, custody or control" are to be produced. This includes documents in the possession, custody or control of its attorneys, investigators, or any third party or parties to whom plaintiff has surrendered possession, custody or control, or who are acting on plaintiff's behalf, or who have otherwise obtained possession, custody or control, or who, upon plaintiff's request, would surrender possession, custody or control to plaintiff.

(u)     If plaintiff cannot produce a document, sample or thing after exercising due diligence to secure it, plaintiff shall so state in writing and shall produce whatever portion of said document that is possible to produce. In such case, plaintiff shall specify, in writing, its inability to respond to the remainder of the document request and shall state whatever information or knowledge defendants have concerning the document that plaintiff is unable to produce, including, but not limited to, the content of such document.

(p)     In the event that any document called for by this request has been destroyed, that document is to be identified in writing as follows: addressor, addressee, indicated or blind copies, date, subject matter and content, number of pages, attachments, exhibits and appendices, all persons to whom the document was distributed, shown, summarized or explained, date of destruction, manner of destruction, reason for destruction, person(s) who authorized destruction, and person(s) who destroyed the document(s).

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

(q)     If any document falling within any description contained in any of the following requests is withheld under claim of privilege, plaintiff shall serve upon the undersigned attorneys for defendants a written list of the withheld documents, including the following information as to each of such items: (1) date; (2) the name(s) of the person(s) or other entity or entities who or which drafted, authored, or prepared it; (3) its title; (4) type of document (*e.g.*, letter, memorandum, telegram, etc.); (5) the name(s) of the person(s) or other entity or entities to whom or which it was addressed; (6) the name(s) of each person or entity to whom or which the item or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given, or in any other manner disclosed; and (7) a statement of the ground or grounds upon which each such document is considered to be privileged from production.

(r)     Each request for document production contemplates the production of every document in its entirety, without abbreviation, redaction, or expurgation. If any portion of any document falling within any description contained in any of the following requests is abbreviated, redacted, or expurgated for any reason, defendants shall serve upon the undersigned attorneys for plaintiff the following information as to each abbreviation, redaction, or expurgation: (1) the date of the document; (2) the name(s) of the person(s) or other entity or entities who or which drafted, authored, or prepared the document; (3) the title of the document; (4) type of document (for example, letter, memorandum, telegram, etc.); (5) the name(s) of the person(s) or other entity or entities to whom or which it was addressed; (6) the name(s) of each person or entity to whom or which the document or any copy or reproduction thereof was ever directed, addressed, sent, delivered, mailed, given or in any other manner disclosed (including, summaries or explanations of content or subject matter); (7) a statement as to whether the

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

document was produced to the persons identified in (6) above in its entirety; (8) a description of the redacted material; (9) the identity of the person(s) who directed or authorized the redaction; (10) the identity of the person(s) who redacted the document; (11) the date and time the document was redacted; (12) identification of all persons who witnessed the redaction; and (13) a detailed explanation of the ground or grounds upon which redaction was made.

(s) Plaintiff is requested, pursuant to Fed. R. Civ. P. 34 and/or USCIT Rule 34(b), to produce the documents as they are kept in the usual course of business and shall organize and label the documents produced to correspond with the categories of documents set forth in this request.

**INTERROGATORIES**

INTERROGATORY NO. 1:

(a) State all facts which you contend support "COUNT I" as alleged against Ng Branding in your complaint.

(b) Identify all documents which you contend supports "COUNT I" as alleged against Ng Branding in your complaint.

(c) Identify all persons which you contend have knowledge of any fact which you contend supports "COUNT I" as alleged against Ng Branding in your complaint.

INTERROGATORY NO. 2:

(a) State all facts which you contend support "COUNT II" as alleged against Ng Branding in your complaint.

(b) Identify all documents which you contend supports "COUNT II" as alleged against Ng Branding in your complaint.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

(c)     Identify all persons which you contend have knowledge of any fact which you contend supports "COUNT II" as alleged against Ng Branding in your complaint.

INTERROGATORY NO. 3:

(a)     State all facts which you contend support "COUNT III" as alleged against Ng Branding in your complaint.

(b)     Identify all documents which you contend supports "COUNT III" as alleged against Ng Branding in your complaint.

(c)     Identify all persons which you contend have knowledge of any fact which you contend supports "COUNT III" as alleged against Ng Branding in your complaint.

INTERROGATORY NO. 4:

(a)     Identify each entry misclassification you allege Ng Branding is liable for of the "337" alleged misclassifications identified in paragraph 45 of your complaint.

(b)     For each misclassification identified in paragraph (a) above, identify all facts upon which you contend the entry was misclassified.

(c)     For each misclassification identified in paragraph (a) above, identify all documents that you contend support your allegation that the entries were misclassified.

(d)     For each misclassification identified in paragraph (a) above, identify all person(s) you contend have knowledge of any fact that supports your allegation that the entries were misclassified.

INTERROGATORY NO. 5:

(a)     Identify each person working for; or, on behalf of Ng Branding you allege performed any act furthering or assisting in the misclassification of any entry.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

(b)     For each person identified in response to subparagraph (a) above, state each and every act performed by the identified person, which furthered or assisted in any misclassification.

(c)     For each person identified in paragraph (a) above, identify all documents that you contend support your contention that the identified person performed any act which furthered or assisted in any misclassification.

INTERROGATORY NO. 6:

(a)     Do you allege Mr. Ng personally performed any act on behalf of Ng Branding, which furthered or assisted in the alleged misclassification of any entry?

(b)     If your response to subparagraph (a), above, is in the affirmative, identify each and every act personally performed by Mr. Ng on behalf of Ng Branding which furthered or assisted in the alleged misclassification of any entry.

(c)     For each and every act identified in response to subparagraph (b), above, state the date or dates upon which such act was performed.

(d)     For each and every act identified in response to subparagraph (b), above, identify each and every document you contend supports your contention that Mr. Ng personally performed the identified act.

(e)     For each and every act identified in response to subparagraph (b), above, identify each and every person you contend has knowledge of any fact that supports your contention that Mr. Ng personally performed the identified act.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

INTERROGATORY 7:

(a)　Identify the acts you contend Mr. Ng personally performed at Ng Branding as it related to the classification of entries identified in the complaint.

(b)　State all facts that you allege support the acts identified in response to subparagraph (a), above.

(c)　State all persons that you allege have knowledge of facts identified in response to subparagraph (b), above.

(d)　State all documents that you allege support the facts identified in response to subparagraph (b), above.

INTERROGATORY 8:

(a)　Identify the acts you contend Mr. Ng personally performed at Ng Branding as it related to United States Customs and Border Protection.

(b)　State all facts that you allege support the acts identified in response to subparagraph (a), above.

(c)　State all persons that you allege have knowledge of facts identified in response to subparagraph (b), above.

(d)　State all documents that you allege support the facts identified in response to subparagraph (b), above.

INTERROGATORY 9:

(a)　Identify the acts you contend Mr. Ng personally performed at Ng Branding as it related to HTSUS.

(b)     State all facts that you allege support the acts identified in response to subparagraph (a), above.

(c)     State all persons that you allege have knowledge of facts identified in response to subparagraph (b), above.

(d)     State all documents that you allege support the facts identified in response to subparagraph (b), above.

## REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to USCIT 34, defendant Ng Branding, LLC requests that plaintiff produce and make available for inspection and copying, within 30 days of the service of this request, at Fasel Law, 610 Newport Center Drive, Suite 810, Newport Beach, California 92660, the categories of documents, samples or things described below.

REQUEST NO. 1:

Produce all documents identified or described in and/or which contain the information upon which plaintiff's responses to Ng Branding, LLC's First Set of Interrogatories, above, are based.

## REQUEST FOR ADMISSIONS

Pursuant to USCIT 36, defendant Ng Branding, LLC requests that plaintiff respond to the following requests for admission.

REQUEST NO. 1:

Admit Ng Branding properly classified all entries subject to this civil action pursuant to HTSUS.

<u>REQUEST NO. 2:</u>

Admit that you have no facts establishing Mr. Ng made any customs classification determinations on behalf of Ng Branding relating the entry of merchandise by Ng Branding that is subject to the allegations contained in plaintiff's complaint.

<u>REQUEST NO. 3:</u>

Admit that you have no facts establishing Mr. Ng personally interacted with U.S. Customs and Border Protection regarding any entry of merchandise by Ng Branding that is subject to the allegations contained in plaintiff's complaint.

<u>REQUEST NO. 4:</u>

Admit that Mr. Ng did not make any customs classification determinations regarding any entry of merchandise by Ng Branding that is subject to the allegations contained in plaintiff's complaint.

<u>REQUEST NO. 5:</u>

Admit that Mr. Ng never personally interacted with U.S. Customs and Border Protection regarding any entry of merchandise by Ng Branding that is subject to the allegations contained in plaintiff's complaint.

<u>REQUEST NO. 6:</u>

Admit that Ng Branding was not negligent in making the "337 subject entries of footwear" as alleged in paragraph 45 of your complaint.

<u>REQUEST NO. 7:</u>

Admit that Ng Branding was not grossly negligent in making the "337 subject entries of footwear" as alleged in paragraph 45 of your complaint.

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188

<u>REQUEST NO. 8:</u>

Admit that there are no facts that support your contention that Ng Branding "directed various brokers to enter its merchandise under certain classifications" as alleged in paragraph 42 of your complaint.

<u>REQUEST NO. 9:</u>

Admit that there are no facts that establish Mr. Ng personally performed any act on behalf of Ng Branding, which assisted in the alleged misclassification of any entry relating to this civil action.

<u>REQUEST NO. 10:</u>

Admit that Mr. Ng did not personally perform any act on behalf of Ng Branding, which assisted in the alleged misclassification of any entry relating to this civil action.

<u>REQUEST NO. 11:</u>

Admit that Ng Branding was formed and operating as a California limited liability company prior to any contact by United States Customs and Border Protection to Sterling or Mr. Ng regarding any alleged misclassification described in the complaint.


Dated: May 27, 2014

FASEL LAW
Attorneys for Defendants
610 Newport Center Drive, Suite 810
Newport Beach, CA 92660
Telephone:　(949) 706-3188
Facsimile:　(949) 606-7002
taf@fasellaw.com

By: /s/ Thomas A. Fasel
Thomas A. Fasel
California Bar No. 239964

## CERTIFICATE OF SERVICE BY OVERNIGHT DELIVERY AND EMAIL

I, THOMAS A. FASEL, certify that I am an attorney admitted to practice before all the courts of the State of California and the United States Court of International Trade, with offices located at 610 Newport Center Drive, Suite 810, Newport Beach, CA 92660, and that on May 17, 2014, on behalf of the United States, plaintiff herein, I caused the DEFENDANT NG BRANDING, LLC'S FIRST SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS AND REQUESTS FOR ADMISSION TO PLAINTIFF UNITED STATES OF AMERICA to be served upon:

(1)     MEREDITH A. JOHNSON, Attorney U.S. Customs and Border Protection Office of Associate Chief Counsel Long Beach, CA 90802;

(2)     MIKKI COTTET, Senior Trial Counsel Commercial Litigation Branch Civil Division, U.S. Department of Justice PO Box 480 Ben Franklin Station Washington, DC 20044; Mikki.Cottet@usdoj.gov,

the attorney(s) for plaintiff the United States of America by causing the deposit of a true copy thereof in a U.S. Postal Service mail receptacle, properly enclosed in a securely closed envelope, duly franked or postage prepaid, addressed to said attorney(s) as above indicated; and by electronic means (electronic mail (email)) to Mikki.Cottet@usdoj.gov.

/s/ Thomas A. Fasel
Thomas A. Fasel

Fasel Law
610 Newport Center Drive, Suite 810, Newport Beach, CA 92660
Telephone: 949-706-3188