# EXHIBIT M

Government's Response to Ng Branding's Discovery

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: HONORABLE LEO M. GORDON, JUDGE**

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No. 12-00193 |
| | ) | |
| STERLING FOOTWEAR, INC., | ) | |
| ALEX RYAN NG, and NG BRANDING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**RESPONSES AND OBJECTIONS TO DEFENDANT NG BRANDING, LLC'S FIRST
SET OF INTERROGATORIES, REQUEST FOR PRODUCTION OF DOCUMENTS
AND REQUESTS FOR ADMISSION TO PLAINTIFF UNITED STATES OF AMERICA**

Pursuant to Rules 26, 33, 34, and 36 of the Rules of the United States Court of

International Trade (CIT), plaintiff, the United States (the Government), hereby responds to the

first set of interrogatories, request for production of documents, and requests for admission

served by defendant Ng Branding, LLC.

## I.      **RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to CIT Rules 26 and 33, the Government submits the following responses to

defendant's first set of interrogatories.  Because discovery has not concluded in this litigation,

the Government's interrogatory responses are based upon information which is currently

available at this stage of litigation.  The Government reserves the right to rely upon any facts,

documents, or other evidence that may develop or come to its attention subsequent to these

responses, and the Government will supplement or amend these responses as may be required

pursuant to CIT Rule 26(e)(1)(A).

<u>INTERROGATORY NO. 1</u>:

(a)     State all facts which you contend support "COUNT I" as alleged against Ng Branding in your complaint.

(b)     Identify all documents which you contend supports "COUNT I" as alleged against Ng Branding in your complaint.

(c)     Identify all persons which you contend have knowledge of any fact which you contend supports "COUNT I" as alleged against Ng Branding in your complaint.

<u>RESPONSE TO INTERROGATORY NO. 1</u>:

(a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (Import Specialist (IS) Ben Whitney's memorandum to Supervisory Import Specialist (SIS) Jonathan Erece dated December 28, 2009) which is produced in response to defendant's request for production of documents.

(b)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

(c)     The Government objects to interrogatory 1(c) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving the stated objection, the Government identifies the following persons:

Benjamin Whitney, Program Manager,
U.S. Customs and Border Protection (CBP)
11099 South La Cienega Blvd, Los Angeles, CA 90045

Linda Simien, CBP Import Specialist
301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831

2

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

INTERROGATORY NO. 2:

(a)      State all facts which you contend support "COUNT II" as alleged against Ng Branding in your complaint.

(b)      Identify all documents which you contend supports "COUNT II" as alleged against Ng Branding in your complaint.

(c)      Identify all persons which you contend have knowledge of any fact which you contend supports "COUNT II" as alleged against Ng Branding in your complaint.

RESPONSE TO INTERROGATORY NO. 2:

(a)      The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) which is produced in response to defendant's request for production of documents.

(b)      Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

(c)      The Government objects to interrogatory 2(c) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving the stated objection, the Government identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

Linda Simien, CBP Import Specialist
301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831

3

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

INTERROGATORY NO. 3:

(a)     State all facts which you contend support "COUNT III" as alleged against Ng Branding in your complaint.

(b)     Identify all documents which you contend supports "COUNT III" as alleged against Ng Branding in your complaint.

(c)     Identify all persons which you contend have knowledge of any fact which you contend supports "COUNT III" as alleged against Ng Branding in your complaint.

RESPONSE TO INTERROGATORY NO. 3:

(a)     The Government refers defendant to the "Facts" section of the complaint, paragraphs 9-43, and, pursuant to CIT Rule 33(d), to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009) which is produced in response to defendant's request for production of documents.

(b)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

(c)     The Government objects to interrogatory 3(c) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving the stated objection, the Government identifies the following persons:

Benjamin Whitney, CBP Program Manager
11099 South La Cienega Blvd, Los Angeles, CA 90045

4

Linda Simien, CBP Import Specialist
301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831.

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

INTERROGATORY NO. 4:

(a)　　Identify each entry misclassification you allege Ng Branding is liable for of the "337" alleged misclassifications identified in paragraph 45 of your complaint.

(b)　　For each misclassification identified in paragraph (a) above, identify all facts upon which you contend the entry was misclassified.

(c)　　For each misclassification identified in paragraph (a) above, identify all documents that you contend support your allegation that the entries were misclassified.

(d)　　For each misclassification identified in paragraph (a) above, identify all person(s) you contend have knowledge of any fact that supports your allegation that the entries were misclassified.

RESPONSE TO INTERROGATORY NO. 4:

(a)　　The Government refers defendant to the entries dated on or between February 13, 2009 and August 4, 2009 which are identified on Attachment A to the complaint, and, pursuant to CIT Rule 33(d), to GOV00001 through GOV0003980, and to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009), which are produced in response to defendant's request for production of documents.

(b)　　Pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009), which is produced in response to defendant's request for production of documents.

(c)     Pursuant to CIT Rule 33(d), the Government refers defendant to the documents produced in response to defendant's request for production of documents.

(d)     The Government objects to interrogatory 4(c) upon the ground and to the extent that it seeks information not obtainable from current Government employees, or within the possession, custody, or control of the Government.  Subject to and without waiving the stated objection, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009), which is produced in response to defendant's request for production of documents. The also Government identifies the following persons:

> Benjamin Whitney, CBP Program Manager
> 11099 South La Cienega Blvd, Los Angeles, CA 90045
>
> Linda Simien, CBP Import Specialist
> 301 East Ocean Blvd Shoreline Square, Long Beach, CA 90831.

The Government has not authorized the defendant to discuss pending litigation with current or former Government employees, all requests to communicate with such persons should be made through the Department of Justice.

## INTERROGATORY NO. 5:

(a)     Identify each person working for; or, on behalf of Ng Branding you allege performed any act furthering or assisting in the misclassification of any entry.

(b)     For each person identified in response to subparagraph (a) above, state each and every act performed by the identified person, which furthered or assisted in any misclassification.

(c)     For each person identified in paragraph (a) above, identify all documents that you contend support your contention that the identified person performed any act which furthered or assisted in any misclassification.

<u>RESPONSE TO INTERROGATORY NO. 5</u>:

(a)-(c)  The Government objects to these interrogatories on the ground that they are ambiguous and would require the Government to speculate as to the nature and scope of the words "any acts" and "any entry."  The Government also objects to these interrogatories on the ground that they are overly broad and unduly burdensome in that they, without any measurable limitation, require the identification of "any" acts or "entry."  Subject to and without waiving the stated objections, pursuant to CIT Rule 33(d), the Government refers defendant to GOV0005920 through GOV0006132 (IS Ben Whitney's memorandum to SIS Jonathan Erece dated December 28, 2009), which is produced in response to defendant's request for production of documents.

<u>INTERROGATORY NO. 6</u>:

(a)  Do you allege Mr. Ng personally performed any act on behalf of Ng Branding, which furthered or assisted in the alleged misclassification of any entry?

(b)  If your response to subparagraph (a), above, is in the affirmative, identify each and every act personally performed by Mr. Ng on behalf of Ng Branding which furthered or assisted in the alleged misclassification of any entry.

(c)  For each and every act identified in response to subparagraph (b), above, state the date or dates upon which such act was performed.

(d)  For each and every act identified in response to subparagraph (b), above, identify each and every document you contend supports your contention that Mr. Ng personally performed the identified act.

(e)  For each and every act identified in response to subparagraph (b), above, identify each and every person you contend has knowledge of any fact that supports your contention that Mr. Ng personally performed the identified act.

<u>RESPONSE TO INTERROGATORY NO. 6</u>:

(a)-(e)  The Government objects to these interrogatories on the ground that they are ambiguous and would require the Government to speculate as to the nature and scope of the words "any acts" and "any entry."  The Government also objects to these interrogatories on the ground that they are overly broad and unduly burdensome in that they, without any measurable limitation, require the identification of "any" acts or "entry."

<u>INTERROGATORY NO. 7</u>:

(a)     Identify the acts you contend Mr. Ng personally performed at Ng Branding as it related to the classification of entries identified in the complaint.

(b)     State all facts that you allege support the acts identified in response to subparagraph (a), above.

(c)     State all persons that you allege have knowledge of facts identified in response to subparagraph (b), above.

(d)     State all documents that you allege support the facts identified in response to subparagraph (b), above.

<u>RESPONSE TO INTERROGATORY NO. 7</u>:

(a)     There are no acts to be identified at this time.

(b)-(d) Not Applicable.

<u>INTERROGATORY NO. 8</u>:

(a)     Identify the acts you contend Mr. Ng personally performed at Ng Branding as it related to United States Customs and Border Protection.

(b)     State all facts that you allege support the acts identified in response to subparagraph (a), above.

(c)     State all persons that you allege have knowledge of facts identified in response to subparagraph (b), above.

8

(d)     State all documents that you allege support the facts
identified in response to subparagraph (b), above.

RESPONSE TO INTERROGATORY NO. 8:

(a)-(d) The Government objects to these interrogatories on the ground that they are

vague, ambiguous, overly broad and unduly burdensome.

INTERROGATORY NO. 9:

(a)     Identify the acts you contend Mr. Ng personally performed
at Ng Branding as it related to HTSUS.

(b)     State all facts that you allege support the acts identified in
response to subparagraph (a), above.

(c)     State all persons that you allege have knowledge of facts
identified in response to subparagraph (b), above.

(d)     State all documents that you allege support the facts
identified in response to subparagraph (b), above.

RESPONSE TO INTERROGATORY NO. 9:

(a)-(d) The Government objects to these interrogatories on the ground that they are

vague, ambiguous, overly broad and unduly burdensome.

**II.     RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF
DOCUMENTS**

Pursuant to CIT Rule 34, the Government submits the following responses to defendant's

request for production of documents. Because discovery has not concluded in this litigation, the

Government's responses to defendant's request for production of documents are based upon

information available at this stage of litigation.  We reserve the right to rely upon any facts,

documents, or other evidence that may develop or come to our attention subsequent to this

production response.

DOCUMENT REQUEST NO. 1:

> Produce all documents identified or described in and/or which contain the information upon which plaintiff's responses to Ng Branding, LLC's First Set of Interrogatories, above, are based.

RESPONSE TO DOCUMENT REQUEST NO. 1:

The documents are produced on the enclosed CD-Rom and are responsive, in whole or in part, to defendant's requests for production of documents. The CD-Rom contains a total of 6,140 pages of responsive documents and each page is Bates-stamped with the "GOVXXXXXXX" schema, GOV00001 through GOV0006140. The CD-Rom also contains a privilege log.

## III. PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUESTS FOR ADMISSIONS

Pursuant to CIT Rule 36, the Government submits the following objections and responses to the requests for admission served by defendant. The Government has made a good faith effort to respond fully to those requests for admission to which it has not objected. The Government's own factual investigation is continuing, however, and the Government reserves the right to supplement or amend its responses, including any objections that may be applicable, based upon any additional information and documents that may be discovered subsequent to providing these responses.

### A. Plaintiff's Objections to Defendant's Requests for Admission

1. The Government objects to these requests because they are premature given that the parties are in the midst of discovery and pertinent documents have not yet been produced by defendants Alex Ryan Ng, Sterling Footwear, Inc., and Ng Branding, LLC, or by third parties.

2. The Government objects to these requests because they are not reasonably calculated to achieve the goals of CIT Rule 36(a).

10

3.      The Government objects to these requests because they appear to be designed to contravene the ascertainment of the truth and the development of the merits, harass, and/or burden the Government with time-consuming and needless requests, create confusion, and obfuscate the record.

4.      The Government objects to these requests because they seek admissions to purported facts which are irrelevant and/or of no substantial importance.

5.      The Government objects to these requests to the extent that they seek admissions of factual issues which are obviously disputed and which must be resolved at trial.

**B.      Plaintiff's Responses to Defendant's Requests for Admission**

ADMISSION REQUEST NO. 1:

Admit Ng Branding properly classified all entries subject to this civil action pursuant to HTSUS.

RESPONSE TO ADMISSION REQUEST NO. 1:

Denies.

ADMISSION REQUEST NO. 2:

Admit that you have no facts establishing Mr. Ng made any customs classification determinations on behalf of Ng Branding relating the entry of merchandise by Ng Branding that is subject to the allegations contained in plaintiff's complaint.

RESPONSE TO ADMISSION REQUEST NO. 2:

The Government objects to admission request no. 2 on the ground that it contains factually inaccurate, misleading, or false statements. The Government also objects to admission request no. 2 on the ground that it seeks the admission to purported facts which are irrelevant and/or of no substantial importance.

<u>ADMISSION REQUEST NO. 3</u>:

Admit that you have no facts establishing Mr. Ng personally interacted with U.S. Customs and Border Protection regarding any entry of merchandise by Ng Branding that is subject to the allegations contained in plaintiff's complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 3</u>:

The Government objects to admission request no. 3 on the ground that it contains factually inaccurate, misleading, or false statements. The Government also objects to admission request no. 3 on the ground that it seeks the admission to purported facts which are irrelevant and/or of no substantial importance.

<u>ADMISSION REQUEST NO. 4</u>:

Admit that Mr. Ng did not make any customs classification determinations regarding any entry of merchandise by Ng Branding that is subject to the allegations contained in plaintiff's complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 4</u>:

The Government objects to admission request no. 4 on the ground that it contains factually inaccurate, misleading, or false statements. The Government also objects to admission request no. 4 on the ground that it seeks the admission to purported facts which are irrelevant and/or of no substantial importance.

<u>ADMISSION REQUEST NO. 5</u>:

Admit that Mr. Ng never personally interacted with U.S. Customs and Border Protection regarding any entry of merchandise by Ng Branding that is subject to the allegations contained in plaintiff's complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 5</u>:

The Government objects to admission request no. 5 on the ground that it contains

factually inaccurate, misleading, or false statements.  The Government also objects to admission

request no. 5 on the ground that it seeks the admission to purported facts which are irrelevant

and/or of no substantial importance.

<u>ADMISSION REQUEST NO. 6</u>:

Admit that Ng Branding was not negligent in making the "337
subject entries of footwear" as alleged in paragraph 45 of your
complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 6</u>:

The Government objects to admission request no. 6 on the ground that it contains

factually inaccurate, misleading, or false statements regarding the allegation in paragraph 45 of

the complaint.

<u>ADMISSION REQUEST NO. 7</u>:

Admit that Ng Branding was not grossly negligent in making the
"337 subject entries of footwear" as alleged in paragraph 45 of
your complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 7</u>:

The Government objects to admission request no. 7 on the ground that it contains

factually inaccurate, misleading or false statements regarding the allegation in paragraph 45 of

the complaint.

<u>ADMISSION REQUEST NO. 8</u>:

Admit that there are no facts that support your contention that Ng
Branding "directed various brokers to enter its merchandise under
certain classifications" as alleged in paragraph 42 of your
complaint.

<u>RESPONSE TO ADMISSION REQUEST NO. 8</u>:

The Government objects to admission request no. 8 on the ground that it seeks the admission to purported facts which are irrelevant and/or of no substantial importance. The Government also objects to admission request no. 8 on the ground that it contains factually inaccurate, misleading or false statements regarding the allegation in paragraph 42 of the complaint, which does not refer to this defendant.

<u>ADMISSION REQUEST NO. 9</u>:

Admit that there are no facts that establish Mr. Ng personally performed any act on behalf of Ng Branding, which assisted in the alleged misclassification of any entry relating to this civil action.

<u>RESPONSE TO ADMISSION REQUEST NO. 9</u>:

The Government objects to admission request no. 9 on the ground that it seeks the admission to purported facts which are irrelevant and/or of no substantial importance.

<u>ADMISSION REQUEST NO. 10</u>:

Admit that Mr. Ng did not personally perform any act on behalf of Ng Branding, which assisted in the alleged misclassification of any entry relating to this civil action.

<u>RESPONSE TO ADMISSION REQUEST NO. 10</u>:

The Government objects to admission request no. 10 on the ground that it seeks the admission to purported facts which are irrelevant and/or of no substantial importance.

<u>ADMISSION REQUEST NO. 11</u>:

Admit that Ng Branding was formed and operating as a California limited liability company prior to any contact by United States Customs and Border Protection to Sterling or Mr. Ng regarding any alleged misclassification described in the complaint.

14

<u>RESPONSE TO ADMISSION REQUEST NO. 11</u>:

The Government objects to admission request no. 11 on the ground that it seeks the admission to purported facts which are irrelevant and/or of no substantial importance. The Government also objects to admission request no. 11 on the ground that defendant has not defined what he means by the words "formed and operating." However, to the extent that a defendant defines "formed" as meaning "existed" as a corporation, we admit that according to the California Department of State, Ng Branding, LLC existed on February 13, 2009. To the extent that defendant defines "operating" as "importing," we deny that Ng Branding, LLC was "operating" prior to CBP "making any 'inquiries regarding a company's questionable importation practices and potential violations' as alleged in paragraph 43 of [the] complaint." On June 4, 2009, CBP issued a rate advance (Form CF 29) to Sterling Footwear, Inc. for the misclassification of footwear. Ng Branding, LLC's first importation under its own name on August 18, 2009, contained the same merchandise (including but not limited to style numbers

and brands), for the same clients, and from the same suppliers as the merchandise previously imported by Sterling Footwear, Inc.

|  | STUART F. DELERY |
|  | Assistant Attorney General |
|  |  |
|  | JEANNE E. DAVIDSON |
|  | Director |
|  |  |
|  | CLAUDIA BURKE |
|  | Assistant Director |
| OF COUNSEL: | MIKKI COTTET |
| MEREDITH A. JOHNSON | Senior Trial Counsel |
| Attorney | U.S. Department of Justice |
| U.S. Customs and Border Protection | Civil Division |
| Office of Associate Chief Counsel | Commercial Litigation Branch |
| Long Beach, CA 90802 | PO Box 480 |
|  | Ben Franklin Station |
|  | Washington, D.C.  20044 |
|  | Telephone: 202-307-0962 |
|  | Facsimile: 202-514-7965 |
|  | E-mail: Mikki.Cottet@usdoj.gov |
| July 7, 2014 | Attorneys for Plaintiff |

# CERTIFICATION

I, Benjamin Whitney, Project Manager for U.S. Customs and Border Protection, having prepared the foregoing responses to defendant NG Branding, LLC's interrogatories 1 through 9, hereby declare, under the penalties of perjury, that I have personal knowledge of the information supplied in the responses and/or I have consulted with other CBP employees who have personal knowledge of the information supplied in the responses and/or I have reviewed documents containing the information supplied in the responses to the interrogatories, and that these responses, based upon information and belief, are true and correct.

June 26, 2014

## CERTIFICATE OF SERVICE BY MAIL

I hereby certify that on the 7th day of July 2014, on behalf of the United States, plaintiff

herein, I caused to be delivered by Federal Express, a copy of the annexed "Responses and

Objections to Defendant Ng Branding, LLC's First Set of Interrogatories, Request for Production

of Documents and Requests for Admission to Plaintiff United States of America" to be served

upon:

Thomas A. Fasel, Esq.
610 Newport Center Drive, Suite 810
Newport Beach, CA  92660

attorney for defendant Ng Branding, LLC.

_____
Mikki Cottet

# EXHIBIT N

Nancy Ng email asking for Classification help from
Customs Broker

## Donna Hunt

**From:** Nancy Ng [nancyn@sterlingfw.com]
**Sent:** Monday, July 27, 2009 5:50 PM
**To:** scottk@seattlelogisticsinc.com
**Cc:** donnah@seattlelogisticsinc.com
**Subject:** FW: PC-HCM09075631, PC-HCM09075632, PC-HCM09075633

Scott/Donna,

Please use the attached docs and HTS that I have provided below. Please disregard the docs sent by MGL.

Thanks,
Nancy

---

**From:** Nancy Ng [mailto:nancyn@sterlingfw.com]
**Sent:** Monday, July 27, 2009 5:04 PM
**To:** 'Scott Kauffman'
**Subject:** PC-HCM09075631, PC-HCM09075632, PC-HCM09075633

Hi Scott,

Please see attached shipments arriving tomorrow by ocean. HTS breakdown below:

153/DH-ST/09

       19FHR301W-304W : **6404.19.5060 – 48%**
       19FLR902W : I need classification help on this one. I don't have the shoe with me, so I can't provide a picture.. Upper: *Printed Metallic Gradient Leather,* Lining: *Canvas,* Outsole: *Rubber*
       19FLP101M-102M/104M : **6402.91.4010 – 6%**
       19FLR503M : **6404.19.5030 – 48%**
       19FLR503W : **6404.19.5060 – 48%**
       19FLR103W-105W/108W/110W/111W : **6404.19.5060 – 48%**
       19FDV603W/604W : **6402.91.4050 – 6%**
       19FLR103M/104M/108M/111M : **6402.91.4010 – 6%**

154/DH-ST/09

       19FDV601W/19FDV602W : **6402.91.4050 – 6%**
       19FLR123W/124W/125W/129W : **6404.19.5060 – 48%**

155/DH-ST/09
       **6404.19.5060 – 48%** - all styles

**Nancy Ng**
*Logistics - Production Coordinator*

Ⓢ **Sterling** FOOTWEAR INC

1501 S. Alameda St. #B | Los Angeles, CA 90021
T: 213-749-9569 | F: 213-749-9503

GOV0003939

7/27/2009

# EXHIBIT O

Meet and Confer Letters to the Government

Thomas A. Fasel
P: 949.706.3188
F: 949.606.7002
taf@fasellaw.com



**Thomas A. Fasel, Esq. (US)**
www.fasellaw.com

**Orange County**
610 Newport Center Drive, Ste 810
Newport Beach, CA 92660

September 26, 2014

Mikki Cottet, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044

*Via U.S. Mail Only*

**RE:**   **United States v. Sterling** *– Government's Responses to Alex Ng's First Set of Requests for Admission*

|  |  |
|---|---|
| Court Number: | 12-00193 |
| Our Client: | Defendant Alex Ng |

Dear Ms. Cottet,

I am writing pursuant to Rule 7 and in reference to the Government's responses to Defendant Alex Ng's first set of Requests for Admission to the Government and its failure to adequately respond pursuant to Rule 36 and Rule 37 of the United States Court of International Trade.

I.     Responses to Alex Ng's Requests for Admission

As you know Rule 36(a)(4) states:

> Answer. If a matter is not admitted, the answer must specifically deny or state why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter, and when good faith requires that a party qualify an answer or deny only part of the matter, the answer must specify the part admitted and qualify or deny the rest.

In response to Requests for Admission ("RFA") Number 3, 4, 5, 6, 7, 8, 9, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 and 32 the Government failed to admit or deny the request in violation of Rule 36.

In response to RFA Nos. 3, 4, 6 and 9 the Government fails to admit or deny the request based on the erroneous objections that the requests are factually misleading or contain false statements. However, RFA Nos. 3, 4, 6 and 9 specifically quote the allegations lodged against Mr. Ng in the Government's complaint, contain no misleading or false statements and the RFAs must be admitted or denied.

In response to RFA No. 5, the Government fails to admit or deny the request based on the erroneous objections that the requests seek to reach a legal conclusion or a conclusion as to the legal significance of certain events. Further, the Government defers to the Court's determination rather than properly respond to the RFA. Rule 36(a)(5) states in pertinent part, "[a] party must not object solely on the ground that the request presents a genuine issue for trial." Whether the government deems such admission or denial as an issue for trial is improper and the Government must amend its response in manner which either admits or denies the request.

In response to RFA No. 7 the Government fails to admit or deny the request based on the erroneous objections that the requests are factually misleading or contain false statements and that the admission would be irrelevant. RFA No. 7 is certainly relevant to the subject matter of the lawsuit, as the Government has alleged in paragraph 45 of its Complaint that Mr. Ng was negligent in the entry of the alleged misclassifications. Further, RFA No. 7 specifically quotes the allegations lodged against Mr. Ng in the Government's complaint, contain no misleading or false statements and the RFA must be admitted or denied.

In response to RFA No. 8 the Government fails to admit or deny the request based on the erroneous objections that the requests are factually misleading or contain false statements and that the admission would be irrelevant. RFA No. 8 is certainly relevant to the subject matter of the lawsuit, as the Government has alleged in paragraph 45 of its Complaint that Mr. Ng was grossly negligent in the entry of the alleged misclassifications. Further, RFA No. 8 specifically quotes the allegations lodged against Mr. Ng in the Government's complaint, contain no misleading or false statements and the RFA must be admitted or denied.

In response to RFA Nos. 14 and 15 the Government fails to admit or deny the request based on the erroneous objections that the requests are irrelevant or of no substantial importance. RFA Nos. 14 and 15 are certainly relevant to the subject matter of the lawsuit, as establishing that Mr. Ng did not make classification decisions would help establish that he bears no personal liability for the actions of the companies in entering the goods and establish the lack of probable cause possessed by the Government in bringing a complaint against Mr. Ng personally. Further, RFA Nos. 14 and 15 specifically quotes the allegations lodged against Mr. Ng in the Government's complaint, contain no misleading or false statements and the RFA must be admitted or denied.

In response to RFA Nos. 16, 24, 25 and 26 the Government fails to admit or deny the requests based on the erroneous objection that the quoted matter is not sourced deeming it vague and ambiguous. However, the RFAs are in no way vague or ambiguous. Instead the RFAs are clear and unambiguous and the source of the quoted words is not necessary for the Government to admit or deny the request. Further, the Government knows perfectly well that the quoted

2

phrases come directly from the Complaint it drafted in this matter and its attempt to avoid responding on such basis is done so in bad faith.

In response to RFA Nos. 17, 18, 19, 20 and 21 the Government fails to admit or deny the requests based on the erroneous objections that the quoted matter is not sourced and is vague and ambiguous. However the RFAs are in no way vague or ambiguous. Instead the RFAs are clear and unambiguous and the source of the quoted words is not necessary for the Government to admit or deny each request. Further, the Government knows perfectly well that the quoted phrases come directly from the Complaint it drafted in this matter and its attempt to avoid responding on such basis is done so in bad faith.

In response to RFA Nos. 22 and 23, the Government fails to admit or deny the requests on the erroneous ground that the facts sought to be admitted are irrelevant and/or of no substantial importance. Although one party's view that an RFA is irrelevant is not a valid ground upon which to refuse to admit or deny a request, the information sought to be admitted or denied could not be more relevant to Mr. Ng's defense. The Government has brought a complaint against an officer of a corporation alleging he personally participated in alleged wrongdoing of the companies. RFA Nos. 22 and 23 are certainly relevant to the subject matter of the lawsuit, as establishing that Mr. Ng did not make classification decisions or communicate with customs brokers would help establish that he bears no personal liability for the actions of the companies in entering the goods and establish the lack of probable cause possessed by the Government in bringing a complaint against Mr. Ng personally.

In response to RFA Nos. 27, 28, 29 and 30 the Government fails to admit or deny the requests based on the erroneous objection that the quoted matter is not sourced deeming it vague and ambiguous. However, the RFAs are in no way vague or ambiguous. Instead the RFAs are clear and unambiguous and the source of the quoted words is not necessary for the Government to admit or deny the request. Further, the Government knows perfectly well that the quoted phrases come directly from the Complaint it drafted in this matter and its attempt to avoid responding on such basis is done so in bad faith. The Government also objects to the RFAs on the ground that it requires it to reach a legal conclusion; an improper objection. Rule 36(a)(5) states in pertinent part, "[a] party must not object solely on the ground that the request presents a genuine issue for trial." Whether the government deems such admission or denial as an issue for trial is improper and the Government must amend its response in manner, which either admits or denies each request.

In response to RFA Nos. 31 and 32, the Government fails to admit or deny the requests on the erroneous ground that the facts sought to be admitted are irrelevant and/or of no substantial importance. Although one party's view that an RFA is irrelevant is not a valid ground upon which to refuse to admit or deny a request, the information sought to be admitted or denied could not be more relevant to Mr. Ng's defense. The Government has brought a complaint against an officer of a corporation alleging he personally participated in alleged wrongdoing of the companies. RFA Nos. 31 and 32 are certainly relevant to the subject matter of the lawsuit, as establishing that Mr. Ng did not participate in customs or classification matters on behalf of the companies would help establish that he bears no personal liability for the actions

3

of the companies in entering the goods and establish the lack of probable cause possessed by the Government in bringing a complaint against Mr. Ng personally.

As detailed above, the Government's responses to Defendant Alex Ng's first set of Requests for Admission are seriously flawed and incomplete. In order to avoid a motion to compel the Government to amend its responses to be in compliance with the Rules of the Court of International Trade and responsive, Defendant Alex Ng requests the Government amend its responses in accordance with the issues covered by this letter.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Thomas A. Fasel, Esq., of
FASEL LAW

4



Thomas A. Fasel
P: 949.706.3188
F: 949.606.7002
taf@fasellaw.com

Thomas A. Fasel, Esq. (US)
www.fasellaw.com

**Orange County**
610 Newport Center Drive, Ste 810
Newport Beach, CA 92660

September 26, 2014

Mikki Cottet, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044

*Via U.S. Mail Only*

RE:  **United States v. Sterling** – *Government's Responses to Sterling Footwear's First Set of Requests for Admission*
Court Number:  12-00193
Our Client:  Defendant Sterling Footwear, Inc.

Dear Ms. Cottet,

I am writing pursuant to Rule 7 and in reference to the Government's responses to Defendant Sterling Footwear, Inc.'s first set of Requests for Admission to the Government and its failure to adequately respond pursuant to Rule 36 and Rule 37 of the United States Court of International Trade.

I.  Responses to Sterling Footwear, Inc.'s Requests for Admission

As you know Rule 36(a)(4) states:

> Answer. If a matter is not admitted, the answer must specifically deny or state why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter, and when good faith requires that a party qualify an answer or deny only part of the matter, the answer must specify the part admitted and qualify or deny the rest.

In response to Requests for Admission ("RFA") Numbers 3 and 5 the Government failed to admit or deny the request in violation of Rule 36. The Government's response to RFA Nos. 3 and 5 contains an improper objection on the ground that it seeks the admission of facts that are irrelevant and/or of no substantial importance. RFA No. 3 and 5 are certainly relevant to the subject matter of the lawsuit, as establishing Mr. Ng did not communicate or interact with

customs brokers or U.S. Customs and Border Protection would help establish that he bears no personal liability for the actions of NG Branding in entering the goods and establish the lack of probable cause possessed by the Government in bringing a complaint against Mr. Ng personally. The Government further objected on the erroneous ground that the RFAs are vague and ambiguous because of the use of the phrase "personally interacted". The phrase "personally interacted" is clear and unambiguous and the Government must amend its responses to the RFAs to either admit or deny each.

As detailed above, the Government's responses to Defendant Sterling Footwear's first set of Requests for Admission are seriously flawed and incomplete. In order to avoid a motion to compel the Government to amend its responses to be in compliance with the Rules of the Court of International Trade and responsive, Defendant Sterling Footwear requests the Government amend its responses in accordance with the issues covered by this letter.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Thomas A. Fasel, Esq., of
FASEL LAW

Thomas A. Fasel
P: 949.706.3188
F: 949.606.7002
taf@fasellaw.com



Thomas A. Fasel, Esq. (US)
www.fasellaw.com

**Orange County**
610 Newport Center Drive, Ste 810
Newport Beach, CA 92660

September 26, 2014

Mikki Cottet, Esq.
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC 20044

*Via U.S. Mail Only*

**RE:** **United States v. Sterling** – *Government's Responses to NG Branding, LLC's First Set of Requests for Admission*

       Court Number:     12-00193

       Our Client:       Defendant NG Branding, LLC

Dear Ms. Cottet,

I am writing pursuant to Rule 7 and in reference to the Government's responses to Defendant NG Branding, LLC's first set of Requests for Admission to the Government and its failure to adequately respond pursuant to Rule 36 and Rule 37 of the United States Court of International Trade.

I.     Responses to NG Branding, LLC's Requests for Admission

As you know Rule 36(a)(4) states:

> Answer. If a matter is not admitted, the answer must specifically deny or state why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter, and when good faith requires that a party qualify an answer or deny only part of the matter, the answer must specify the part admitted and qualify or deny the rest.

In response to Requests for Admission ("RFA") Numbers 2, 3, 4, 5, 6, 7, 8, 9 and 10 the Government failed to admit or deny the request in violation of Rule 36.

In response to RFA Nos. 2, 3, 4 and 5 the Government fails to admit or deny the request based on the erroneous objections that the requests are factually misleading or contain false statements. However, the RFAs specifically quote and/or accurately synthesize the allegations lodged against Mr. Ng and NG Branding in the Government's complaint, contain no misleading or false statements and the RFAs must be admitted or denied. The Government further objects to the RFAs on the ground that the facts sought to be admitted or denied are irrelevant or of no substantial importance. The RFAs are certainly relevant to the subject matter of the lawsuit, as establishing that Mr. Ng did not participate in customs or classification matters on behalf of NG Branding and did not communicate with customs brokers or U.S. Customs and Border Protection would help establish that he bears no personal liability for the actions of NG Branding in entering the goods and establish the lack of probable cause possessed by the Government in bringing a complaint against Mr. Ng personally.

In response to RFA Nos. 6, 7, 9 and 10 the Government fails to admit or deny the request based on the erroneous objections that the requests are factually misleading or contain false statements. However, the RFAs specifically quote and/or accurately synthesize the allegations lodged against Mr. Ng and NG Branding in the Government's complaint, contain no misleading or false statements and the RFAs must be admitted or denied.

In response to RFA No. 8 the Government fails to admit or deny the request based on the erroneous objection that the request is factually misleading or contains false statements. However, the RFA specifically quotes and/or accurately synthesizes the allegations lodged against Mr. Ng and NG Branding in the Government's complaint, contain no misleading or false statements and the RFAs must be admitted or denied. Further, the Government's response to RFA No. 8 contains an improper objection on the ground that it seeks the admission of facts that are irrelevant and/or of no substantial importance. RFA No. 8 is certainly relevant to the subject matter of the lawsuit, as establishing that NG Branding did not direct its brokers to enter the subject merchandise under specific classifications would help establish that NG Branding was not negligent or grossly negligent in entering merchandise, that Mr. Ng bears no personal liability for the actions of NG Branding in entering the goods and establish the lack of probable cause possessed by the Government in bringing a complaint against Mr. Ng personally.

Additionally, it appears that in response to Sterling Footwear's first set of Requests for Admission to the Government, the Government was able to admit or deny such identical or substantially identical requests as they related to Sterling Footwear, further establishing the Government's objections to NG Branding's requests as meritless.

As detailed above, the Government's responses to Defendant NG Branding's first set of Requests for Admission are seriously flawed and incomplete. In order to avoid a motion to compel the Government to amend its responses to be in compliance with the Rules of the Court of International Trade and responsive, Defendant NG Branding requests the Government amend its responses in accordance with the issues covered by this letter.

2

If you have any questions, please do not hesitate to contact me.

Very truly yours,

Thomas A. Fasel, Esq., of
FASEL LAW

3

## Brian J. Murphy

**From:** LAntunes [LAntunes@nkinc.com]
**Sent:** Friday, January 15, 2010 11:34 AM
**To:** Brian J. Murphy
**Subject:** FW: Ng Branding, LLC

*Here you go*

*Regards,*

## Lyn Antunes
**Quality Manager**
**Norman Krieger, Inc**
**921 W. Artesia Blvd.**
**Rancho Dominguez, Ca 90220**
**Direct Dial: (310) 668-5726**
**Direct Fax: (310)668-5826**
**Email: lantunes@nkinc.com**

**Statement Of Confidentiality:**

This electronic message transmission, including any attachments, may contain information from Norman Krieger Inc., which may be confidential and/or privileged. The information is intended for the exclusive use of the addressee of the individual or entity named above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify the sender immediately by a "reply to sender only" message and destroy all electronic and hard copies of the communication, including attachments.

**From:** HOGUE, CHRISTINE [mailto:christine.hogue@dhs.gov]
**Sent:** Friday, January 15, 2010 10:34 AM
**To:** Janet Huynh; Nancy Ng
**Cc:** elon@steinshostak.com; Maricich, Michael; IM, JAY; LAntunes; alex@ngbranding.com
**Subject:** FW: Ng Branding, LLC

Janet and Nancy,

I received the email below from Ben informing me that he has received the lab reports regarding the textile sole shoes that he sent to the Customs Lab. Apparently, there was not enough textile in the soles to qualify. Therefore, effective immediately, you should begin to classify the shoes as rubber sole footwear. As soon as I receive a copy of the CF 29 (Notice of Action), I will forward it to you.

In addition, I informed the team about Elon's response to me about his value review. At my request, the team was holding off on taking any action until Elon had a chance to perform the review. The team still believes that there is a value issue with your entries and plans to take action.

I'll let you know if I find out anything else. Call me if you have any questions.

**From:** WHITNEY, BENJAMIN L
**Sent:** Friday, January 15, 2010 8:52 AM
**To:** HOGUE, CHRISTINE
**Subject:** Ng Branding, LLC

Christine,

1

DEF01053

I wanted to let you know about a classification issue with Ng Branding, LLC. They have been classifying a good portion of their imported shoes as having "textile soles". In order to definitively determine whether or not a shoe of the type they import qualifies as having textile soles, a laboratory analysis is often required. I had sent a few samples either obtained from shipments that were examined or via CF28's to the lab. The samples do not qualify for this classification. I then sent further samples to the lab making sure that at least one sample from each manufacturer used by Ng Branding, LLC for these shoes was represented. I just talked a representative from the laboratory yesterday about the last sample I had sent. This doesn't qualify either. I will be rate advancing all entries filed by Ng Branding, LLC which claimed "textile soles" to the appropriate "rubber sole" classification. I should have the CF29 ready by Tuesday. I'll send you a copy. I'll call the broker and let her know that future entries should be classified as "rubber sole" footwear. Please let me know if you have any questions.

Ben Whitney
Import Specialist
U.S. Customs and Border Protection
LA/LB Seaport, CST 723
Tel: (562) 366-5696

benjamin.whitney@dhs.gov

DEF01054

# EXHIBIT Q

Statement of Information – Sterling Footwear, Inc.



# State of California
## Secretary of State

S

### STATEMENT OF INFORMATION
(Domestic Stock Corporation)

FEES (Filing and Disclosure): $25.00. If amendment, see instructions.

**IMPORTANT — READ INSTRUCTIONS BEFORE COMPLETING THIS FORM**

1. CORPORATE NAME (Please do not alter if name is preprinted.)

   STERLING FOOTWEAR, INC.

**ENDORSED - FILED**
in the office of the Secretary of State
of the State of California

MAY 2 9 2007

This Space For Filing Use Only

---

DUE DATE: July 23, 2007

CALIFORNIA CORPORATE DISCLOSURE ACT (Corporations Code section 1502.1)

A publicly traded corporation must file with the Secretary of State a Corporate Disclosure Statement (Form SI-PT) annually, within 150 days after the end of its fiscal year. Please see reverse for additional information regarding publicly traded corporations.

COMPLETE ADDRESSES FOR THE FOLLOWING (Do not abbreviate the name of the city. Items 2 and 3 cannot be P.O. Boxes.)

| | STREET ADDRESS OF PRINCIPAL EXECUTIVE OFFICE | CITY AND STATE | ZIP CODE |
|---|---|---|---|
| 2. | 801 S. RAYMOND AVENUE #43 | ALHAMBRA, CA | 91803 |

| | STREET ADDRESS OF PRINCIPAL BUSINESS OFFICE IN CALIFORNIA, IF ANY | CITY | STATE | ZIP CODE |
|---|---|---|---|---|
| 3. | SAME AS LINE 2 | | CA | |

NAMES AND COMPLETE ADDRESSES OF THE FOLLOWING OFFICERS (The corporation must have these three officers. A comparable title the specific officer may be added; however, the preprinted titles on this form must not be altered.)

| | CHIEF EXECUTIVE OFFICER/ | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|---|
| 4. | ALEX RYAN NG | 801 S. RAYMOND AVENUE #43 | ALHAMBRA, CA | 91803 |
| 5. | SECRETARY/ ALEX RYAN NG | SAME AS LINE 4 | | |
| 6. | CHIEF FINANCIAL OFFICER/ TY V. NGO | 11535 BINGHAM STREET | CERRITOS, CA | 90703 |

NAMES AND COMPLETE ADDRESSES OF ALL DIRECTORS, INCLUDING DIRECTORS WHO ARE ALSO OFFICERS (The corporation must have at least one director. Attach additional pages, if necessary.)

| | NAME | ADDRESS | CITY AND STATE | ZIP CODE |
|---|---|---|---|---|
| 7. | ALEX RYAN NG | 801 S. RAYMOND AVENUE #43 | ALHAMBRA, CA | 91803 |
| 8. | TY V. NGO | 11535 BINGHAM STREET | CERRITOS, CA | 90703 |
| 9. | NAME | ADDRESS | CITY AND STATE | ZIP CODE |

10. NUMBER OF VACANCIES ON THE BOARD OF DIRECTORS, IF ANY: N/A

AGENT FOR SERVICE OF PROCESS (If the agent is an individual, the agent must reside in California and Item 12 must be completed with a California address. If the agent is another corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 12 must be left blank.)

11. NAME OF AGENT FOR SERVICE OF PROCESS
    ALEX RYAN NG

| 12. ADDRESS OF AGENT FOR SERVICE OF PROCESS IN CALIFORNIA, IF AN INDIVIDUAL | CITY | STATE | ZIP CODE |
|---|---|---|---|
| 801 S. RAYMOND AVENUE #43 | ALHAMBRA, CA | CA | 91803 |

TYPE OF BUSINESS

13. DESCRIBE THE TYPE OF BUSINESS OF THE CORPORATION
    AGENT/SHOES

BY SUBMITTING THIS STATEMENT OF INFORMATION TO THE SECRETARY OF STATE, THE CORPORATION CERTIFIES THE INFORMATION CONTAINED HEREIN, INCLUDING ANY ATTACHMENTS, IS TRUE AND CORRECT.

| ALEX RYAN NG | | PRESIDENT | 4/30/07 |
|---|---|---|---|
| TYPE OR PRINT NAME OF PERSON COMPLETING THE FORM | SIGNATURE | TITLE | DATE |

SI-200 C (REV 07/2006)

APPROVED BY SECRETARY OF STATE

DEF00094

# EXHIBIT R

Articles of Organization – Ng Branding, LLC

LLC-1 | File # 200904510040



# State of California
## Secretary of State

# LIMITED LIABILITY COMPANY
# ARTICLES OF ORGANIZATION

**A $70.00 filing fee must accompany this form.**

**IMPORTANT – Read instructions before completing this form.**

**ENDORSED - FILED**
in the office of the Secretary of State
of the State of California

FEB 13 2009

This Space For Filing Use Only

---

**ENTITY NAME** (End the name with the words "Limited Liability Company," or the abbreviations "LLC" or "L.L.C." The words "Limited" and "Company" may be abbreviated to "Ltd." and "Co.," respectively.)

1.  NAME OF LIMITED LIABILITY COMPANY

NG Branding, LLC

---

**PURPOSE** (The following statement is required by statute and should not be altered.)

2.  THE PURPOSE OF THE LIMITED LIABILITY COMPANY IS TO ENGAGE IN ANY LAWFUL ACT OR ACTIVITY FOR WHICH A LIMITED LIABILITY COMPANY MAY BE ORGANIZED UNDER THE BEVERLY-KILLEA LIMITED LIABILITY COMPANY ACT.

---

**INITIAL AGENT FOR SERVICE OF PROCESS** (If the agent is an individual, the agent must reside in California and both Items 3 and 4 must be completed. If the agent is a corporation, the agent must have on file with the California Secretary of State a certificate pursuant to Corporations Code section 1505 and Item 3 must be completed (leave Item 4 blank).

3.  NAME OF INITIAL AGENT FOR SERVICE OF PROCESS

Alex Ng

4.  IF AN INDIVIDUAL, ADDRESS OF INITIAL AGENT FOR SERVICE OF PROCESS IN CALIFORNIA    CITY    STATE    ZIP CODE

1501 S. Alameda St. #B      Los Angeles   CA    90021

---

**MANAGEMENT** (Check only one)

5.  THE LIMITED LIABILITY COMPANY WILL BE MANAGED BY:

☐ ONE MANAGER

☑ MORE THAN ONE MANAGER

☐ ALL LIMITED LIABILITY COMPANY MEMBER(S)

---

**ADDITIONAL INFORMATION**

6.  ADDITIONAL INFORMATION SET FORTH ON THE ATTACHED PAGES, IF ANY, IS INCORPORATED HEREIN BY THIS REFERENCE AND MADE A PART OF THIS CERTIFICATE.

---

**EXECUTION**

7.  I DECLARE I AM THE PERSON WHO EXECUTED THIS INSTRUMENT, WHICH EXECUTION IS MY ACT AND DEED.

2/9/09

DATE

SIGNATURE OF ORGANIZER

Alex Ng

TYPE OR PRINT NAME OF ORGANIZER

---

LLC-1 (REV 04/2007)

APPROVED BY SECRETARY OF STATE

DEF00083

# EXHIBIT S

Letter re Robin's Jeans License for Ng Branding





**NG** BRANDING

1501 S. Alameda St. #C
Los Angeles, CA 90021

October 6, 2009

<u>Letter of Authorization</u>

To whomever it may concern,

NG Branding, LLC. is the licensee and direct importer of the shoes labeled ROBIN'S JEANS. If you have any questions, please contact us at 213-749-9038.

Janet Huynh

COO

NG Branding, LLC

1501 S. Alameda St. #C

Los Angeles, CA 90021

DEF01101

# EXHIBIT T

2012 Customs Internal Email Exchange re Alex Ng Liability

## KASS, MARCIA

**From:** COHEN, ALAN C
**Sent:** Tuesday, March 20, 2012 12:00 PM
**To:** KASS, MARCIA
**Cc:** DEHAVEN, JEFFREY C; CONNORS, JOHN
**Subject:** FW: Sterling Footwear 2012-2704-300106

If we have evidence that Mr. Ng participated in the violation, then he should be names as a co-violator. Otherwise he will take Sterling Footwear into corporate heaven. This is from my case, Trek Leather, that went to the CIT and the CIT on June 15, 2011 upheld individual liability. If Mr. Ng was the company and the company was Mr. Ng, as was Mr. Shadadpuri, then he should be co-named as a co-violator.

Alan

Mr. Shadadpuri contends that he cannot be personally liable for gross negligence because he did not act intentionally as an aider or abetter under 19 U.S.C. § 1592(a)(1)(B). However, Mr. Shadadpuri is also a member of the class of "persons" subject to liability under 19 U.S.C. § 1592(a). This section is not limited to importers of record. Any "person" who engages in the behavior prohibited by 19 U.S.C. § 1592(a) is liable thereunder regardless of whether that "person" is the importer of record or not. "The language of section 1592 leaves room for those other than the importer of record to be held accountable for violations." United States v. Matthews, ___ CIT ___, ___, 533 F. Supp. 2d 1307, 1313 (2007); see also United States v. Golden Ship Trading, 22 CIT 950, 953 (not reported in F. Supp. 2d) (1998) ("The plain language of the statute itself, which uses the term 'person' rather than 'importer,' refutes [this] contention."). Mr. Shadadpuri is personally liable under the statute because "[t]he plain language, which proscribes negligent false entries by a person, does not recognize an exception for negligent corporate officers . . . . [A] corporate officer who is negligent can be held liable under § 1592(a)." Id. at 956. Moreover, at oral argument, the defendants conceded it was Mr. Shadadpuri who had the responsibility and obligation to examine all appropriate documents including all assists within the entry documentation and to forward these assists
to his customs broker. Lastly, Trek's admission of gross negligence directly implicates Mr. Shadadpuri. Gross negligence requires knowledge of or wanton disregard for offender's obligations. Trek's gross negligence, therefore, could not have been conceded but for the direct involvement of Mr. Shadadpuri, the sole shareholder of Trek and the only person who had knowledge of the statutory obligation due to his involvement in the 2002 Investigation, to which Trek was not a party. It is Mr. Shadadpuri who is the common denominator in both the 2002 and the 2004 investigations. Therefore, Mr. Shadadpuri can also be found personally liable under 19 U.S.C. § 1592(a).

3/20/2012

GOV0005759

**From:** KASS, MARCIA
**Sent:** Tuesday, March 20, 2012 2:30 PM
**To:** COHEN, ALAN C
**Subject:** FW: Sterling Footwear 2012-2704-300106

fyi

Marcia

**From:** DEHAVEN, JEFFREY C
**Sent:** Tuesday, March 20, 2012 11:24 AM
**To:** KASS, MARCIA
**Cc:** LEHAN, SAMANTHA; BENITEZ, YOLANDA
**Subject:** FW: Sterling Footwear 2012-2704-300106

Marcia,

Per our discussion.

FYI,

Jeff

**From:** ERECE, JONATHAN A
**Sent:** Tuesday, March 20, 2012 10:31 AM
**To:** BENITEZ, YOLANDA
**Cc:** THIERRY, ROBERT P; MARICICH, ANNE L; PENNINGTON, FRED P; DEHAVEN, JEFFREY C
**Subject:** FW: Sterling Footwear 2012-2704-300106

Yolanda,

Per FAS Pennington, research indicates that subject Alex Ng does have assets (3 Million) from the sale of several homes within 2010 – 2011.

Thank You,
Jonathan Erece
Operations Specialist - Trade/Commercial Enforcement
Field Operations, Los Angeles (FOLA)
Email: JONATHAN.A.ERECE@cbp.dhs.gov
Office: (562) 256-8712
Fax: (562) 980-3368

WARNING: This document is designated **FOR OFFICIAL USE ONLY (FOUO)**. It may contain information that is **LAW ENFORCEMENT SENSITIVE (LES)** and exempt from public release under the Freedom of Information Act (5USC552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information, and is not to be released to the public or personnel who do not have a valid need to know without prior approval from the CBP Office of Field Operations (FO).

**From:** ERECE, JONATHAN A

3/20/2012

GOV0005760

**Sent:** Friday, February 24, 2012 9:30 AM
**To:** PENNINGTON, FRED P
**Cc:** MARICICH, ANNE L; THIERRY, ROBERT P; BENITEZ, YOLANDA
**Subject:** RE: Sterling Footwear 2012-2704-300106

Fred,

Going to need your help on this one. Can you help out with the request for an asset check on the address' and individual? Thank you.

Thank You,
Jonathan Erece
Operations Specialist - Trade/Commercial Enforcement
Field Operations, Los Angeles (FOLA)
Email: JONATHAN.A.ERECE@cbp.dhs.gov
Office: (562) 256-8712
Fax: (562) 980-3368

WARNING: This document is designated **FOR OFFICIAL USE ONLY (FOUO)**. It may contain information that is **LAW ENFORCEMENT SENSITIVE (LES)** and exempt from public release under the Freedom of Information Act (5USC552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information, and is not to be released to the public or personnel who do not have a valid need to know without prior approval from the CBP Office of Field Operations (FO).

**From:** BENITEZ, YOLANDA
**Sent:** Friday, February 24, 2012 9:25 AM
**To:** ERECE, JONATHAN A
**Cc:** MARICICH, ANNE L; THIERRY, ROBERT P
**Subject:** Sterling Footwear 2012-2704-300106

Jonathan,

Please see the concerns below on the Sterling Footwear penalty identified by our Paralegal Specialist assigned to the case.

To date we have not received the approval from HQTS and have run into problems with obtaining waivers.

Can you refer the information to FAS to search the addresses indicated below?

Thank you,

*Yolanda Benitez*
Section Chief - Seized Property | U.S. Customs and Border Protection | Los Angeles/Long Beach/Riverside COF |
☎: 562.366.5755 | Cell: 562-572-4179  📠: 562.628.7908  ✉:Yolanda.Benitez@dhs.gov

NOTICE: This message, including any attachments, is intended for the use of the party to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact the sender immediately by reply e-mail, and delete the original and any copies of this message. It is the sole responsibility of the recipient to ensure that this message and any attachments are virus free.

3/20/2012

GOV0005761

**From:** KASS, MARCIA
**Sent:** Friday, February 24, 2012 8:26 AM
**To:** THIERRY, ROBERT P
**Cc:** BENITEZ, YOLANDA; DEHAVEN, JEFFREY C; LEHAN, SAMANTHA
**Subject:** Sterling Footwear 2012-2704-300106

Mr. Thierry,

I have huge concerns about pursuing this penalty.

We are waiting for final approval from OR&R to issue this penalty which is in excess of $20 million dollars. I queried all of the entries in ACS and found that the majority of the entries with a rate advance remain unpaid, presenting an actual LOR instead of a potential LOR. I found that the rate advance on seven entries were paid, presenting the potential LOR. So, I found an actual LOR of $4,970,551.06 and a potential LOR of $197,361.29 with a total LOR of $5,167,912.35.

Wednesday, I spoke with Tim Murphy of International Fidelity Insurance Company who was calling in response to the request for a statute waiver. Mr. Murphy told me that the surety exhausted its $50,000 bond liability for the periods of 07/20/08 through 07/19/09 and 07/20/09 through 10/23/09 for Sterling Footwear and does not believe he will give us a waiver for the period of 07/20/07-07/19/08 (he is not sure if the liability was paid for entries on this penalty). So we may not be able to collect even $50,000 from the surety on this LOR. Mr. Murphy indicated that his company did an investigation into Sterling Footwear and its assets and there are none.

Sterling Footwear is the replacement company for One Ambition (2011-2704-300162) which is currently at the AUSA. Once the principle Alex Ng found out that the violation had been discovered with One Ambition, he created Sterling Footwear and the same violations continued. The penalty for One Ambition is $905,076 with an ALOR of $452,538.24.

I did request a waiver from all of the principles in this penalty; all were returned undeliverable except for the waiver requests to Alex NG and Sterling Footwear, both sent to the address at 12998 Quail C., Rancho Cucamonga, CA 91739. I have not received a waiver from NG or Sterling Footwear.

I have already spent <u>days</u> verifying the Sterling Footwear entries with ACS (importer #, outstanding bills, etc) and I don't believe we will be able to collect on One Ambition, or Sterling Footwear, even if we were to receive a favorable judgment from the AUSA. The resources expended by CBP to get this penalty to this stage have been substantial and we will be expending additional sparse resources without any recoveries.

The addresses that I have are:
12998 Quail Ct.
Rancho Cucamonga, CA 91739

801 S. Raymond Ave, #43
Anaheim, CA 91803

1501 S. Alameda St., #B
Los Angeles, CA 90021

May I ask that an asset check be accomplished through FAS before I continue to process this penalty?

Thank you!

Marcia

3/20/2012

GOV0005762

GOV0005763

# KASS, MARCIA

**From:** KASS, MARCIA

**Sent:** Thursday, March 08, 2012 7:46 AM

**To:** COHEN, ALAN C

**Subject:** RE: 2012-2704-300106

**Tracking:** Recipient    Delivery              Read

COHEN, ALAN C Delivered: 3/8/2012 7:46 AM Read: 3/8/2012 7:49 AM

Alan,

Yes, this is a best guesstimate. I used Ben's original calculations, but I will go over everything on Tuesday. I see that 6 of the protested entries were already an ALOR, but right now, without my work papers, I'm getting really confused trying to move between spreadsheets and I don't want to give you bad numbers.

Marcia
FP&F

**From:** COHEN, ALAN C
**Sent:** Thursday, March 08, 2012 7:29 AM
**To:** KASS, MARCIA
**Cc:** CONNORS, JOHN
**Subject:** RE: 2012-2704-300106

Marcia,

So tomorrow, John and I will discuss whether the duty demand should be $2,172,118.18, or $1,805,862.91,subject to your verification next week?

Alan

**From:** KASS, MARCIA
**Sent:** Thursday, March 08, 2012 10:25 AM
**To:** COHEN, ALAN C
**Subject:** RE: 2012-2704-300106

Hi Alan,

I don't have any of my work papers with me, so I used Ben's original spreadsheet. Please see the attached spreadsheet; changing the protested entries to ALOR ($366,255.27), the ALOR is now $2,172,118.18. The PLOR is $3,353,718.06+ ALOR $2,172,118.18 = TOTAL LOR $5,189,580.97. When I return on Tuesday, I will verify with my work papers as I recall one entry changed the LOR just a bit, maybe $30,000, but I'll let you know Tuesday.

Marcia

**From:** COHEN, ALAN C
**Sent:** Thursday, March 08, 2012 6:17 AM
**To:** KASS, MARCIA
**Cc:** CONNORS, JOHN
**Subject:** RE: 2012-2704-300106

Hi Marcia,

3/13/2012

GOV0005764

Based on Ford, I would leave it as a multiple – 4 X for gross negligence – of all the actual loss of duties or potential loss of duties for all entries. Since the entries were liquidated as entered and our attempts to reliquidate were ineffective so the original liquidation sticks, I would call it an actual loss of duties. Whether or not we include it in the (d) demand, John and I will hash out tomorrow, but it is to be included in the penalty base that you multiply 4 X to get the penalty.

Alan

**From:** KASS, MARCIA
**Sent:** Thursday, March 08, 2012 9:12 AM
**To:** COHEN, ALAN C
**Cc:** CONNORS, JOHN
**Subject:** RE: 2012-2704-300106

Good Morning Alan (and Mr. Connors)

It's closer to the original figure. Would the penalty for the entries on the approved protests be based upon their value, or would they remain a PLOR?

Marcia

**From:** COHEN, ALAN C
**Sent:** Thursday, March 08, 2012 4:21 AM
**To:** KASS, MARCIA
**Cc:** CONNORS, JOHN
**Subject:** RE: 2012-2704-300106

Marcia,

Any very rough guesstimate of what we are taking about? If we are talking about $10,000 out of $5.1 million, we might forget it. But if it's $4 million out of $5.1 million –

Alan

**From:** KASS, MARCIA
**Sent:** Wednesday, March 07, 2012 3:57 PM
**To:** COHEN, ALAN C
**Subject:** RE: 2012-2704-300106

Alan, the ALOR was based upon my erroneous belief that if a rate advance had not been paid, it is an actual LOR, but you corrected me on that. I did not want to do anything with the LOR until after this protest thing is worked out, so we will get the corrected ALOR and PLOR nest week.

Marcia

**From:** COHEN, ALAN C
**Sent:** Wednesday, March 07, 2012 11:38 AM
**To:** CONNORS, JOHN
**Cc:** KASS, MARCIA
**Subject:** FW: 2012-2704-300106

John,

See way down below – my email exchange with Marcia 4:35 am and 8:58 am March 2nd.

The port reported an ALOR of **$1,835,862.91** so that's what I wrote up in my Sig Act to Sandra.

3/13/2012

GOV0005765

Then last week when I got back the Classification Advice drafted by Michelle Garcia and signed by Ieva, so I decided before sending this ppn back up to Sandra again, I asked Marcia to check the figures as there might be some minor adjustments in light of the Classifications Branch advice. Marcia told me the ALOR was **$4,962,219.68**, which is **not** a minor adjustment.

The issue is whether we can issue a 1592(d) demand where our attempts to rate advance were made outside the 90 day reliquidation period authorized by 19 USC 1501, and for which we granted the protests.

Reviewing Ford,

http://www.cafc.uscourts.gov/images/stories/opinions-orders/06-1479.pdf

The Court of Appeals very specifically held, on page 10 of the decision that the government was NOT PROHIBITED from pursuing a penalty – so I am telling Marcia the penalty should go ahead for those entries.

But what is the court saying on pages 10 to 12? Ford held that our extensions of liquidation were improper because the entries were extended for investigation of a possible 1592 violation, but ICE didn't investigate, therefore the final liquidation was not effective, which threw the 11 entries back to liquidated as entered, and the CAFC held we couldn't make a (d) demand for these 11 entries.

How does this apply when we administratively granted protests thereby acknowledging that our rate advances were past the 90 day reliquidation period, thereby throwing Sterling's entries back to liquidated as entered?

In other words, do we make a (d) demand for these entries or not?

Alan


**From:** KASS, MARCIA
**Sent:** Friday, March 02, 2012 11:44 AM
**To:** COHEN, ALAN C
**Subject:** RE: 2012-2704-300106

The protests were based upon the rate advance not being done timely, not for classification. If the bills for the rate advance were cancelled, how would NFC know to include the entries for recovery of duties on any suit that they may be filing?

Marcia

**From:** COHEN, ALAN C
**Sent:** Friday, March 02, 2012 8:29 AM
**To:** KASS, MARCIA
**Subject:** RE: 2012-2704-300106

Unless they were cancelled because the party won a protest, then PLOR. If they won the protest, then they didn't misclassify so cancel that part of the penalty.

Alan


**From:** KASS, MARCIA
**Sent:** Friday, March 02, 2012 11:19 AM
**To:** COHEN, ALAN C
**Subject:** RE: 2012-2704-300106

No clue, I went through all of the entries in ACS and found that several had been cancelled; no explanation in ACS as to why.

3/13/2012

GOV0005766

**From:** COHEN, ALAN C
**Sent:** Friday, March 02, 2012 8:18 AM
**To:** KASS, MARCIA
**Subject:** RE: 2012-2704-300106

Why were they cancelled?


**From:** KASS, MARCIA
**Sent:** Friday, March 02, 2012 11:14 AM
**To:** COHEN, ALAN C
**Subject:** RE: 2012-2704-300106

Thanks Alan, what do you think about rate advanced entries where the bills were cancelled? ALOR, or PLOR ?

Marcia

**From:** COHEN, ALAN C
**Sent:** Friday, March 02, 2012 6:08 AM
**To:** KASS, MARCIA
**Subject:** RE: 2012-2704-300106

Good morning Marcia,

If the entry was rate advanced and liquidated correctly, that is potential loss of duties, regardless of whether the duties are paid or unpaid. The importer has 6 months from date of liquidation to protest, and if it doesn't then it loses all defenses (absent filing of a bankruptcy in Bankruptcy Court). All we have to do is sue in the CIT and the importer has no defense.

It would be improper for FP&F to issue a duty demand for an entry that was liquidated correctly. It would be illegal for DOJ to file a duty demand in the CIT where the entry was liquidated correctly. We just sue and get a judgment.

Actual loss of duties is limited to duties where the entries were liquidated as entered, regardless of whether the duties are paid or unpaid. The liquidation is presumed to be correct, and CBP has the burden to prove the liquidation was incorrect because of a material false statement, false act or omission to CBP on the entry or response to a 28 or 29 or otherwise. For actual loss of duties, the alleged violator has a defense by asserting it did not violate 1592 or, if it did, its violation did not cause the duty loss by the improper liquidation.

Hope this is clear.

Alan


**From:** KASS, MARCIA
**Sent:** Friday, March 02, 2012 8:58 AM
**To:** COHEN, ALAN C
**Subject:** RE: 2012-2704-300106

Good Morning Alan,

I think the initial ALOR was low because of the rate advances. The ALOR is $4,962,219.68 and that is primarily because the entries where rate advances were done remain unpaid and if approval is received to do this penalty, I will make a (d) demand. The PLOR is the very few entries where either the surety or the violator paid the increased duties.

$5,159,580.97 X 4 = $20,638,323.88 is correct.


3/13/2012

GOV0005767

Marcia

**From:** COHEN, ALAN C
**Sent:** Friday, March 02, 2012 4:35 AM
**To:** KASS, MARCIA
**Subject:** RE: 2012-2704-300106

Thanks Marcia,

Three final questions and hopefully no more!

My write up states the ALOR to be $1,835,862.91 so I assume I was in error big time?

Will you be making a (d) demand for this $4,962,219.68 or was some of this paid thereby reducing your (d) demand?

The proposed penalty will be $5,159,580.97 X 4 = $20,638,323.88, correct?

Alan


**From:** KASS, MARCIA
**Sent:** Thursday, March 01, 2012 5:07 PM
**To:** COHEN, ALAN C
**Subject:** FW: 2012-2704-300106

Alan, the revised spreadsheet is attached. Note there are three tabs for 2007, 2008 and 2009

The ALOR is $4,962,219.68
Potential LOR $197,361.29
Total LOR $5,159,580.97


Marcia
FP&F

**From:** WARD, DEBBIE A
**Sent:** Thursday, March 01, 2012 1:35 PM
**To:** KASS, MARCIA
**Subject:** RE: 2012-2704-300106

Yes. That is correct.

Debbie


**From:** KASS, MARCIA
**Sent:** Thursday, March 01, 2012 12:11 PM
**To:** WARD, DEBBIE A
**Subject:** RE: 2012-2704-300106

Thanks Debbie, so the ALOR for that entry is 18,847.89, correct? If so, I will update the spreadsheet and forward to Alan so he can get this approved.

Marcia
FP&F


3/13/2012

GOV0005768

**From:** WARD, DEBBIE A
**Sent:** Thursday, March 01, 2012 12:09 PM
**To:** KASS, MARCIA
**Cc:** WHITNEY, BENJAMIN L; WEEKS, BARBARA; JONES, ARLINDA
**Subject:** RE: 2012-2704-300106

Hello Marcia,

Since Ben Whitney is no longer on CST723, I asked Barbara Weeks to review the loss of revenue (LOR) information for entry #EW2-02008597. There appears to be clerical error - the worksheet should reflect the amount of duty paid as $21,519.45 (not $51,519.45). The LOR should reflect $18,847.89 (not $48,847.89). *Prior to Mr. Whitney requesting the broker to retransmit the entry, the duty owed was $2,671.56.*

ACS shows the duty paid as $21,519.45 (CLC1); which reflects the amount due on the revised/correct classifications.

Please let me know if you need additional information/clarification.

Thanks,

Debbie

**From:** KASS, MARCIA
**Sent:** Thursday, March 01, 2012 8:39 AM
**To:** WHITNEY, BENJAMIN L
**Cc:** WARD, DEBBIE A; COHEN, ALAN C
**Subject:** FW: 2012-2704-300106

Hi Ben,

I finished my review of all of the entries and found an actual LOR of $4,970,551.06 and a potential LOR of $197,361.29. The potential LOR represents rate advanced entries that show paid in CLC1 either by the surety, or by the violator; the actual represents both entries where a rate advance was not done and where the rate advance was done, but remains unpaid. There is a slight difference in your LOR and that comes in with entry EW202008597, please check this entry to see if my calculation of the ALOR is correct. The LOR was initially 48847.89 less 21668.62 paid (CLC1) = $27,179.27; its highlighted purple on the 2009 spreadsheet.

Please note that the entry number on the email message to Alan was incorrect. The correct entry number is EW202008597.

May I ask, please, that you take a quick look as we are trying to get approval from Ms. Bell and she will need this information to complete her review.

Thanks!

Marcia
FP&F

**From:** COHEN, ALAN C
**Sent:** Thursday, March 01, 2012 3:45 AM
**To:** KASS, MARCIA
**Subject:** RE: 2012-2704-300106

Marcia,

3/13/2012

GOV0005769

) )

Thanks. Please confirm the lor actual and potential and then I'll send it back up to Sandra.

Alan


**From:** KASS, MARCIA
**Sent:** Wednesday, February 29, 2012 11:31 AM
**To:** COHEN, ALAN C
**Subject:** 2012-2704-300106

Hi Alan,

I located a draft prepenalty statement prepared by ISET; is that what you are looking for? From the email copies that I have, I don't see that FP&F prepared any other draft for approval purposes. By the way, please take a look at my email to Mr. Thierry on the previous string of emails, there is (primarily) an actual LOR and a potential LOR. I can send my spreadsheet to you if you like, but I have not yet obtained clarification on entry number CEB00026009 (which changed the actual lor figure a bit) from ISET.

Marcia

3/13/2012

GOV0005770

# KASS, MARCIA

| | |
|---|---|
| **From:** | COHEN, ALAN C |
| **Sent:** | Tuesday, March 13, 2012 7:41 AM |
| **To:** | KASS, MARCIA |
| **Subject:** | FW: Proposed ppn > $5 miilon: Sterling Footwear et al |
| **Attachments:** | H165857 Sterling Footwear ppn.doc; H197584 Sterling Penalties Branch Memo Final.doc; 2011_11_22_11_46_59.pdf |

Nothing yet.

**From:** COHEN, ALAN C
**Sent:** Monday, March 12, 2012 2:18 PM
**To:** CONNORS, JOHN
**Subject:** FW: Proposed ppn > $5 miilon: Sterling Footwear et al

John,

I am again forwarding the request by the port of Los Angeles to issue the prepenalty notice against Sterling Footwear.

Statute of limitations will start to run July 17, 2012 through August 2014.

We have not yet made a decision as to whether the untimely reliquidations should be included in the duty demand. Per another part of the *Ford* Federal Circuit decision, these entries would be subject to a penalty.

Alan

**From:** CONNORS, JOHN
**Sent:** Tuesday, December 06, 2011 3:50 PM
**To:** COHEN, ALAN C
**Subject:** FW: Proposed ppn > $5 miilon: Sterling Footwear et al

Alan,
Please see Sandra's comment below.

Regards,
John

Contact Information:
John Connors, Esq.
Chief, Penalties Branch
Regulations and Rulings
Office of International Trade
U.S. Customs and Border Protection
Washington, D.C. 20229-1179
Phone: (202) 325-0050
email: john.connors@dhs.gov

This document may contain confidential data, attorney work-product, and/or information intended for U.S. Government use only. The information contained in this document is not for release, review, retransmission, dissemination or use by anyone other than the intended recipient(s) absent express consent of the originator. Further, this document is not intended to serve as legal precedent unless specifically

3/13/2012

stated. If you are not the intended recipient of this transmission, please notify the sender immediately.

**From:** BELL, SANDRA L
**Sent:** Thursday, December 01, 2011 6:38 PM
**To:** VEREB, GLEN E
**Cc:** CONNORS, JOHN
**Subject:** Re: Proposed ppn > $5 miilon: Sterling Footwear et al

Glen, John, I will review more closely when I get back to the office and can print out a hard copy. But, in the meantime, please ask Alan if you don't know already whether HQ Tariff Classification and Marking Branch reviewed or issued a ruling in connection with the footwear allegedly misclassified on this case. I could not tell that from my review on BB. No use having that review for the first time at petition stage and then having to backtrack if HQ does not support the classification determination underpinning this pre-penalty claim. Thanks. Sandra
Sincerely,
Sandra L. Bell
Executive Director, Regulations and Rulings, OT, CBP


**From:** VEREB, GLEN E
**To:** BELL, SANDRA L
**Cc:** CONNORS, JOHN
**Sent:** Thu Dec 01 09:35:48 2011
**Subject:** FW: Proposed ppn > $5 miilon: Sterling Footwear et al


Sandra – See below and the attachments for your review and comment.  Thanks


**From:** CONNORS, JOHN
**Sent:** Thursday, December 01, 2011 7:36 AM
**To:** VEREB, GLEN E
**Subject:** FW: Proposed ppn > $5 miilon: Sterling Footwear et al

Glen,
Alan inquired about the status of this proposed penalty.

Regards,
John

Contact Information:
John Connors, Esq.
Chief, Penalties Branch
Regulations and Rulings
Office of International Trade
U.S. Customs and Border Protection
Washington, D.C. 20229-1179
Phone: (202) 325-0050
email: john.connors@dhs.gov


This document may contain confidential data, attorney work-product, and/or information intended for U.S. Government use only. The information contained in this document is not for release, review, retransmission, dissemination or use by anyone other than the intended recipient(s) absent express consent of the originator. Further, this document is not intended to serve as legal precedent unless specifically stated. If you are not the intended recipient of this transmission, please notify the sender immediately.

3/13/2012

GOV0005772

**From:** CONNORS, JOHN
**Sent:** Tuesday, November 22, 2011 12:09 PM
**To:** VEREB, GLEN E
**Subject:** FW: Proposed ppn > $5 miilon: Sterling Footwear et al

Glen,

Forwarding you a proposed pre-penalty for your's and Sandra's review.

Regards,
John

<u>Contact Information</u>:
John Connors, Esq.
Chief, Penalties Branch
Regulations and Rulings
Office of International Trade
U.S. Customs and Border Protection
Washington, D.C. 20229-1179
Phone: (202) 325-0050
email: john.connors@dhs.gov

This document may contain confidential data, attorney work-product, and/or information intended for U.S. Government use only. The information contained in this document is not for release, review, retransmission, dissemination or use by anyone other than the intended recipient(s) absent express consent of the originator. Further, this document is not intended to serve as legal precedent unless specifically stated. If you are not the intended recipient of this transmission, please notify the sender immediately.

**From:** COHEN, ALAN C
**Sent:** Tuesday, November 22, 2011 11:54 AM
**To:** CONNORS, JOHN
**Subject:** Proposed ppn > $5 miilon: Sterling Footwear et al

John,

This has been delayed since May due to the difficulty I have had in getting LA to answer the questions I had asked back then. At any rate, could you rout this to Sandra, through Glen, for approval?

Thanks,

Alan

3/13/2012

GOV0005773

# KASS, MARCIA

**From:** COHEN, ALAN C
**Sent:** Friday, March 02, 2012 10:17 AM
**To:** KASS, MARCIA
**Subject:** RE: Sterling

Did we grant the protests?

Alan


**From:** KASS, MARCIA
**Sent:** Friday, March 02, 2012 1:15 PM
**To:** COHEN, ALAN C
**Subject:** Sterling

Alan,

Happy lunch!!!  Please note the last paragraph of the scan - there is no indication in the file of the 50 entries involved in the protests.

mk

3/2/2012

GOV0005774

# KASS, MARCIA

**From:** COHEN, ALAN C
**Sent:** Friday, March 02, 2012 10:04 AM
**To:** KASS, MARCIA
**Cc:** CONNORS, JOHN; GARCIA, MICHELLE M (CBP)
**Subject:** RE: 2012-2704-300106

Marcia,

Let me finish lunch and I'll give you a call. ████████████████████

I smell a <u>United States v. Ford Motor Company</u> issue, Court of Appeals for the Federal Circuit, which would void our right to issue a duty demand. I need to discuss. Here was a summary I did of the decision. I'll call and you can tell me why it doesn't apply.

Alan

In *Ford Motor Company v. United States*, 286 F.3d 1335 (Fed. Cir. 2002), the Customs Service's Office of Investigations (now ICE) had initiated a civil fraud investigation against Ford, and, while this investigation was ostensively under way, Customs issued three one year extensions of liquidation under 19 U.S.C. § 1504(b). After almost four years, Customs finally liquidated the entries, which Ford protested and Customs denied. Ford then deposited the $5.3 million in duties and filed its protest in the Court of International Trade (CIT). The CIT upheld the denial of the protest, but the Court of Appeals reversed, holding that, because there was almost no investigative activity for 30 of the 44 months during which liquidation had been extended, and no investigative activity for 22 of those months, the Customs delay in liquidating the entries was unreasonable, the extensions of liquidation were improper, and the Court of Appeals ordered Customs to refund to Ford its duty deposit of $5.3 million dollars. The Customs Service, by now CBP, complied with the order of the Court of Appeals and refunded to Ford its $5.3 million, but shortly thereafter amended the penalty notice to include a Section 1592(d) demand demanding payment of the very same $5.3 million - the very same "duties that this court [the Court of Appeals] determined were unlawful by operation of § 1504." *United States v. Ford Motor Company*, 497 F.3d 1331, 1338 (Fed. Cir. 2007). The Federal Circuit held that the duty demand was improper, because "the government's own delay in pursuing its fraud investigation against Ford has deprived it of a claim under § 1592(d)." *Id.* at 1339.

**From:** KASS, MARCIA
**Sent:** Friday, March 02, 2012 11:44 AM
**To:** COHEN, ALAN C
**Subject:** RE: 2012-2704-300106

The protests were based upon the rate advance not being done timely, not for classification. If the bills for the rate advance were cancelled, how would NFC know to include the entries for recovery of duties on any suit that they may be filing?

Marcia

**From:** COHEN, ALAN C
**Sent:** Friday, March 02, 2012 8:29 AM
**To:** KASS, MARCIA
**Subject:** RE: 2012-2704-300106

3/2/2012

GOV0005775

Unless they were cancelled because the party won a protest, then PLOR. If they won the protest, then they didn't misclassify so cancel that part of the penalty.

Alan

**From:** KASS, MARCIA
**Sent:** Friday, March 02, 2012 11:19 AM
**To:** COHEN, ALAN C
**Subject:** RE: 2012-2704-300106

No clue, I went through all of the entries in ACS and found that several had been cancelled; no explanation in ACS as to why.

**From:** COHEN, ALAN C
**Sent:** Friday, March 02, 2012 8:18 AM
**To:** KASS, MARCIA
**Subject:** RE: 2012-2704-300106

Why were they cancelled?

**From:** KASS, MARCIA
**Sent:** Friday, March 02, 2012 11:14 AM
**To:** COHEN, ALAN C
**Subject:** RE: 2012-2704-300106

Thanks Alan, what do you think about rate advanced entries where the bills were cancelled? ALOR, or PLOR ?

Marcia

**From:** COHEN, ALAN C
**Sent:** Friday, March 02, 2012 6:08 AM
**To:** KASS, MARCIA
**Subject:** RE: 2012-2704-300106

Good morning Marcia,

If the entry was rate advanced and liquidated correctly, that is potential loss of duties, regardless of whether the duties are paid or unpaid. The importer has 6 months from date of liquidation to protest, and if it doesn't then it loses all defenses (absent filing of a bankruptcy in Bankruptcy Court). All we have to do is sue in the CIT and the importer has no defense.

It would be improper for FP&F to issue a duty demand for an entry that was liquidated correctly. It would be illegal for DOJ to file a duty demand in the CIT where the entry was liquidated correctly. We just sue and get a judgment.

Actual loss of duties is limited to duties where the entries were liquidated as entered, regardless of whether the duties are paid or unpaid. The liquidation is presumed to be correct, and CBP has the burden to prove the liquidation was incorrect because of a material false statement, false act or omission to CBP on the entry or response to a 28 or 29 or otherwise. For actual loss of duties, the alleged violator has a defense by asserting it did not violate 1592 or, if it did, its violation did not cause the duty loss by the improper liquidation.

Hope this is clear.

Alan

3/2/2012

GOV0005776

**From:** KASS, MARCIA
**Sent:** Friday, March 02, 2012 8:58 AM
**To:** COHEN, ALAN C
**Subject:** RE: 2012-2704-300106

Good Morning Alan,

I think the initial ALOR was low because of the rate advances. The ALOR is $4,962,219.68 and that is primarily because the entries where rate advances were done remain unpaid and if approval is received to do this penalty, I will make a (d) demand. The PLOR is the very few entries where either the surety or the violator paid the increased duties.

$5,159,580.97 X 4 = $20,638,323.88 is correct.

Marcia

**From:** COHEN, ALAN C
**Sent:** Friday, March 02, 2012 4:35 AM
**To:** KASS, MARCIA
**Subject:** RE: 2012-2704-300106

Thanks Marcia,

Three final questions and hopefully no more!

My write up states the ALOR to be $1,835,862.91 so I assume I was in error big time?

Will you be making a (d) demand for this $4,962,219.68 or was some of this paid thereby reducing your (d) demand?

The proposed penalty will be $5,159,580.97 X 4 = $20,638,323.88, correct?

Alan


**From:** KASS, MARCIA
**Sent:** Thursday, March 01, 2012 5:07 PM
**To:** COHEN, ALAN C
**Subject:** FW: 2012-2704-300106

Alan, the revised spreadsheet is attached. Note there are three tabs for 2007, 2008 and 2009

The ALOR is $4,962,219.68
Potential LOR  $197,361.29
Total LOR    $5,159,580.97


Marcia
FP&F

**From:** WARD, DEBBIE A
**Sent:** Thursday, March 01, 2012 1:35 PM
**To:** KASS, MARCIA
**Subject:** RE: 2012-2704-300106

Yes. That is correct.


3/2/2012

GOV0005777

Debbie

**From:** KASS, MARCIA
**Sent:** Thursday, March 01, 2012 12:11 PM
**To:** WARD, DEBBIE A
**Subject:** RE: 2012-2704-300106

Thanks Debbie, so the ALOR for that entry is 18,847.89, correct? If so, I will update the spreadsheet and forward to Alan so he can get this approved.

Marcia
FP&F

**From:** WARD, DEBBIE A
**Sent:** Thursday, March 01, 2012 12:09 PM
**To:** KASS, MARCIA
**Cc:** WHITNEY, BENJAMIN L; WEEKS, BARBARA; JONES, ARLINDA
**Subject:** RE: 2012-2704-300106

Hello Marcia,

Since Ben Whitney is no longer on CST723, I asked Barbara Weeks to review the loss of revenue (LOR) information for entry #EW2-02008597. There appears to be clerical error - the worksheet should reflect the amount of duty paid as $21,519.45 (not $51,519.45). The LOR should reflect $18,847.89 (not $48,847.89). *Prior to Mr. Whitney requesting the broker to retransmit the entry, the duty owed was $2,671.56.*

ACS shows the duty paid as $21,519.45 (CLC1); which reflects the amount due on the revised/correct classifications.

Please let me know if you need additional information/clarification.

Thanks,

Debbie

**From:** KASS, MARCIA
**Sent:** Thursday, March 01, 2012 8:39 AM
**To:** WHITNEY, BENJAMIN L
**Cc:** WARD, DEBBIE A; COHEN, ALAN C
**Subject:** FW: 2012-2704-300106

Hi Ben,

I finished my review of all of the entries and found an actual LOR of $4,970,551.06 and a potential LOR of $197,361.29. The potential LOR represents rate advanced entries that show paid in CLC1 either by the surety, or by the violator; the actual represents both entries where a rate advance was not done and where the rate advance was done, but remains unpaid. There is a slight difference in your LOR and that comes in with entry EW202008597, please check this entry to see if my calculation of the ALOR is correct. The LOR was initially 48847.89 less 21668.62 paid (CLC1) = $27,179.27; its highlighted purple on the 2009 spreadsheet.

Please note that the entry number on the email message to Alan was incorrect. The correct entry number is EW202008597.

3/2/2012

GOV0005778

May I ask, please, that you take a quick look as we are trying to get approval from Ms. Bell and she will need this information to complete her review.

Thanks!

Marcia
FP&F

**From:** COHEN, ALAN C
**Sent:** Thursday, March 01, 2012 3:45 AM
**To:** KASS, MARCIA
**Subject:** RE: 2012-2704-300106

Marcia,

Thanks. Please confirm the lor actual and potential and then I'll send it back up to Sandra.

Alan

**From:** KASS, MARCIA
**Sent:** Wednesday, February 29, 2012 11:31 AM
**To:** COHEN, ALAN C
**Subject:** 2012-2704-300106

Hi Alan,

I located a draft prepenalty statement prepared by ISET; is that what you are looking for? From the email copies that I have, I don't see that FP&F prepared any other draft for approval purposes. By the way, please take a look at my email to Mr. Thierry on the previous string of emails, there is (primarily) an actual LOR and a potential LOR. I can send my spreadsheet to you if you like, but I have not yet obtained clarification on entry number CEB00026009 (which changed the actual lor figure a bit) from ISET.

Marcia

3/2/2012

GOV0005779

# KASS, MARCIA

**From:** KASS, MARCIA
**Sent:** Wednesday, February 29, 2012 8:31 AM
**To:** COHEN, ALAN C
**Subject:** 2012-2704-300106
**Attachments:** Draft Prepenalty Statement Sterling Footwear.pdf

Hi Alan,

I located a draft prepenalty statement prepared by ISET; is that what you are looking for? From the email copies that I have, I don't see that FP&F prepared any other draft for approval purposes. By the way, please take a look at my email to Mr. Thierry on the previous string of emails, there is (primarily) an actual LOR and a potential LOR. I can send my spreadsheet to you if you like, but I have not yet obtained clarification on entry number CEB00026009 (which changed the actual lor figure a bit) from ISET.

Marcia

2/29/2012

GOV0005780

# KASS, MARCIA

| | |
|---|---|
| **From:** | COHEN, ALAN C |
| **Sent:** | Wednesday, February 29, 2012 8:04 AM |
| **To:** | BENITEZ, YOLANDA; KASS, MARCIA |
| **Cc:** | GARCIA, MICHELLE M (CBP) |
| **Subject:** | FW: Sterling Footwear 2012-2704-300106 (our H197584) |
| **Attachments:** | H197584 Sterling Penalties Branch Memo Final.doc |

Yolanda and Marcia,

FYI

**From:** GARCIA, MICHELLE M (CBP)
**Sent:** Wednesday, February 29, 2012 10:30 AM
**To:** COHEN, ALAN C
**Cc:** HERMAN, KELLY S; WHITNEY, BENJAMIN L; KALKINES, STACEY; DONDERO, PATTI D
**Subject:** RE: Sterling Footwear 2012-2704-300106 (our H197584)

Alan:

Good catch and that is correct! I did see this and noted it in a chain of emails, which I'll send to you separately. We all decided the more complete description for this style is the second one (last in the memo) as follows:

**Style 19FDN102W** – is women's footwear with leather uppers with fringe, rubber soles that cover the ankle. IS Whitney determined classification in subheading 6403.91.9045, HTSUS, which provides for footwear with outer soles of rubber, plastics, leather or composition leather and uppers of leather: other footwear: covering the ankle: other: other: for other persons: other: for women: other. Classification in this subheading is subject to 10% rate of duty, ad valorem. Consistent with our decision in N104821, dated May 27, 2010, we agree with the IS's classification determination.

You can, therefore, disregard the first description of this style on the penultimate paragraph.

Thanks.

michelle

**From:** COHEN, ALAN C
**Sent:** Wednesday, February 29, 2012 8:04 AM
**To:** GARCIA, MICHELLE M (CBP)
**Cc:** HERMAN, KELLY S
**Subject:** RE: Sterling Footwear 2012-2704-300106 (our H197584)

Michelle,

Style 19FDN102W is discussed twice at the end of your memo with two different descriptions, although both are classified 6403.91.9045/10%. Is this correct, or is one of these two shoe styles something else?

I didn't mention this classification in the summary I sent to Sandra last November/December, so I want to make sure this was my error and doesn't change the ppn calculations, otherwise they need to adjust their calculations.

2/29/2012

GOV0005781

Thanks,

Alan

**From:** GARCIA, MICHELLE M (CBP)
**Sent:** Tuesday, February 28, 2012 3:32 PM
**To:** OROURKE, IEVA K; COHEN, ALAN C
**Cc:** HERMAN, KELLY S
**Subject:** RE: Sterling Footwear 2012-2704-300106 (our H197584)

Hi, Alan:

The attached memo has been reviewed and signed by Ieva.  Joan is making the copies etc., to get the memo over to your branch.

I will also be returning your penalties file H165857.

Thanks.

michelle

**From:** OROURKE, IEVA K
**Sent:** Monday, February 27, 2012 6:10 PM
**To:** COHEN, ALAN C
**Cc:** HERMAN, KELLY S; GARCIA, MICHELLE M (CBP)
**Subject:** RE: Sterling Footwear 2012-2704-300106

We hope to get you a memo tomorrow 2/28.

Ieva K. O'Rourke
Chief, Tariff Classification and Marking Branch
Regulations and Rulings
Office of International Trade
U.S. Customs and Border Protection
799 9th St. NW - 7th Floor
Washington DC 20229-1177
Phone: 202-325-0298 Fax: 202-325-0155
Branch phone: 202-325-0010
email: ieva.orourke@dhs.gov

**From:** COHEN, ALAN C
**Sent:** Monday, February 27, 2012 12:50 PM
**To:** OROURKE, IEVA K
**Subject:** RE: Sterling Footwear 2012-2704-300106

Marcia Kass,- she's a paralegal FP&F LA.  We have worked together on cases since the week I began back in April 1989.

Alan

**From:** OROURKE, IEVA K
**Sent:** Monday, February 27, 2012 12:35 PM
**To:** COHEN, ALAN C
**Cc:** GARCIA, MICHELLE M (CBP); HERMAN, KELLY S
**Subject:** RE: Sterling Footwear 2012-2704-300106

2/29/2012

GOV0005782

Who is Marcia?  So we are now past 5 months (2/17/12).  We'll do our best to get you a status by COB today.

Ieva K. O'Rourke
Chief, Tariff Classification and Marking Branch
Regulations and Rulings
Office of International Trade
U.S. Customs and Border Protection
799 9th St. NW - 7th Floor
Washington DC 20229-1177
Phone: 202-325-0298 Fax: 202-325-0155
Branch phone: 202-325-0010
email: ieva.orourke@dhs.gov

**From:** COHEN, ALAN C
**Sent:** Monday, February 27, 2012 12:30 PM
**To:** OROURKE, IEVA K
**Cc:** GARCIA, MICHELLE M (CBP); HERMAN, KELLY S
**Subject:** RE: Sterling Footwear 2012-2704-300106

Ieva,

DOJ says they want all cases within 6 months of the date the statute of limitations will run.  They often make exceptions but they get grouchy about it.  We also need time for FP&F LA  to issue the prepenlaty notice - minimum of 7 business days to respond with a written response and request an oral conference, then hold the oral conference, then for FP&F LA to issue the penalty notice, 7 business days to file a petition and request an oral conference, refer the case here, hold the oral conference, and write and issue the decision and give them at least 5 days to pay before referral to DOJ.  Statute of limitations date is July 17, 2012.  Based on Marcia's email below, the odds are overwhelming they will not defend the civil penalty, but you never know for certain - the Peter Principle usually applies.

Alan


**From:** OROURKE, IEVA K
**Sent:** Monday, February 27, 2012 11:52 AM
**To:** COHEN, ALAN C
**Cc:** GARCIA, MICHELLE M (CBP); HERMAN, KELLY S
**Subject:** FW: Sterling Footwear 2012-2704-300106

Alan we have been having trouble making specific factual determinations on these using the photos.  We will talk to the NIS today to see if samples would help.  When you say "immediately" how much time do we have?  None?

Ieva K. O'Rourke
Chief, Tariff Classification and Marking Branch
Regulations and Rulings
Office of International Trade
U.S. Customs and Border Protection
799 9th St. NW - 7th Floor
Washington DC 20229-1177
Phone: 202-325-0298 Fax: 202-325-0155
Branch phone: 202-325-0010
email: ieva.orourke@dhs.gov

**From:** GARCIA, MICHELLE M (CBP)
**Sent:** Monday, February 27, 2012 11:22 AM
**To:** OROURKE, IEVA K
**Subject:** FW: Sterling Footwear 2012-2704-300106

FYI.

2/29/2012

GOV0005783

leva. Kelly has the file. I've also provided her with an electronic copy of the latest draft incorporating her suggested changes, in case she wants to make more changes.
Thanks.
michelle

**From:** GARCIA, MICHELLE M (CBP)
**Sent:** Monday, February 27, 2012 11:17 AM
**To:** COHEN, ALAN C
**Cc:** BENITEZ, YOLANDA; KASS, MARCIA; HERMAN, KELLY S
**Subject:** RE: Sterling Footwear 2012-2704-300106

Hi, Alan:

The memo is in review with Kelly Herman. I'm copying Kelly here.

Thanks.

michelle

**From:** COHEN, ALAN C
**Sent:** Monday, February 27, 2012 6:46 AM
**To:** GARCIA, MICHELLE M (CBP)
**Cc:** BENITEZ, YOLANDA; KASS, MARCIA
**Subject:** FW: Sterling Footwear 2012-2704-300106

Michelle,

What is the status? I have a statute of limitations expiration date of 7-17-12 which means LA needs to issue this prepenalty immediately, if they are going to issue it.

Alan

**From:** BENITEZ, YOLANDA
**Sent:** Friday, February 24, 2012 12:27 PM
**To:** COHEN, ALAN C
**Subject:** FW: Sterling Footwear 2012-2704-300106

Alan,

Do you know if Sandra Bell has approved this penalty yet?

As you can see below we are already having difficulties trying to obtain the waivers.

Thank you for your assistance,

*Yolanda Benitez*
Section Chief - Seized Property | U.S. Customs and Border Protection | Los Angeles/Long Beach/Riverside COF |
☎: 562.366.5755 | Cell: 562-572-4179  📠: 562.628.7908  ✉:Yolanda.Benitez@dhs.gov

NOTICE: This message, including any attachments, is intended for the use of the party to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please contact the sender immediately by reply e-mail, and delete the original and any copies of this message. It is the sole responsibility of the recipient to ensure that this message and any attachments are virus free.

**From:** KASS, MARCIA

2/29/2012

**Sent:** Friday, February 24, 2012 8:26 AM
**To:** THIERRY, ROBERT P
**Cc:** BENITEZ, YOLANDA; DEHAVEN, JEFFREY C; LEHAN, SAMANTHA
**Subject:** Sterling Footwear 2012-2704-300106

Mr. Thierry,

I have huge concerns about pursuing this penalty.

We are waiting for final approval from OR&R to issue this penalty which is in excess of $20 million dollars. I queried all of the entries in ACS and found that the majority of the entries with a rate advance remain unpaid, presenting an actual LOR instead of a potential LOR. I found that the rate advance on seven entries were paid, presenting the potential LOR. So, I found an actual LOR of $4,970,551.06 and a potential LOR of $197,361.29 with a total LOR of $5,167,912.35.

Wednesday, I spoke with Tim Murphy of International Fidelity Insurance Company who was calling in response to the request for a statute waiver. Mr. Murphy told me that the surety exhausted its $50,000 bond liability for the periods of 07/20/08 through 07/19/09 and 07/20/09 through 10/23/09 for Sterling Footwear and does not believe he will give us a waiver for the period of 07/20/07-07/19/08 (he is not sure if the liability was paid for entries on this penalty). So we may not be able to collect even $50,000 from the surety on this LOR. Mr. Murphy indicated that his company did an investigation into Sterling Footwear and its assets and there are none.

Sterling Footwear is the replacement company for One Ambition (2011-2704-300162) which is currently at the AUSA. Once the principle Alex Ng found out that the violation had been discovered with One Ambition, he created Sterling Footwear and the same violations continued. The penalty for One Ambition is $905,076 with an ALOR of $452,538.24.

I did request a waiver from all of the principles in this penalty; all were returned undeliverable except for the waiver requests to Alex NG and Sterling Footwear, both sent to the address at 12998 Quail C., Rancho Cucamonga, CA 91739. I have not received a waiver from NG or Sterling Footwear.

I have already spent days verifying the Sterling Footwear entries with ACS (importer #, outstanding bills, etc) and I don't believe we will be able to collect on One Ambition, or Sterling Footwear, even if we were to receive a favorable judgment from the AUSA. The resources expended by CBP to get this penalty to this stage have been substantial and we will be expending additional sparse resources without any recoveries.

The addresses that I have are:
12998 Quail Ct.
Rancho Cucamonga, CA 91739

801 S. Raymond Ave, #43
Anaheim, CA 91803

1501 S. Alameda St., #B
Los Angeles, CA 90021

May I ask that an asset check be accomplished through FAS before I continue to process this penalty?

Thank you!

Marcia

2/29/2012

GOV0005785

# EXHIBIT U

2011 Customs Internal Email Exchange re Alex Ng
Liability

# AGEE, SANDRA

**From:** AGEE, SANDRA
**Sent:** Thursday, November 10, 2011 10:52 AM
**To:** LEHAN, SAMANTHA
**Subject:** FW: Sterling Footwear proposed ppn
**Attachments:** IMPORT SPECIALIST PROPOSED PENALTY - STERLING FOOTWEAR INC..pdf

fyi

**From:** JONES, ARLINDA
**Sent:** Thursday, November 10, 2011 8:43 AM
**To:** AGEE, SANDRA
**Cc:** ROMERO, KATHERINE M
**Subject:** FW: Sterling Footwear proposed ppn

Hi Sandy,

As per our discussion yesterday, a copy of our draft pp statement was included with the penalty that was forwarded to HQ. But they/HQ needs a draft pp notice for review per HAGANS, YVONNE L emailed dated 10/14/2011. I have attached the Sterling Footwear Penalty which includes the PP statement (page 10). Please let me know if you would be able to draft the pp notice for HQ review?

Thank you

*Arlinda Jones-Seymour*
**Senior Import Specialist - ISET 715**
**Import Specialist Enforcement Team (ISET)**
Customs and Border Protection
**Los Angeles/Long Beach Seaport**
**Office (562) 366-3812**
**Fax   (562) 628-7904**

**From:** ROMERO, KATHERINE M
**Sent:** Wednesday, November 09, 2011 8:45 AM
**To:** JONES, ARLINDA
**Subject:** FW: Sterling Footwear proposed ppn

Arlinda,

When you have a chance, we need to look at the documents and see what we have. I believe FP&F drafts the pre-penalty notice unless that is what we do when it is input into SEACATS.

11/10/2011

GOV0005817

However, we need to look and see what we have.

*Katherine M. Romero*

Acting Section Chief
Trade Operations Branch II
U.S. Customs & Border Protection
Los Angeles/Long Beach Seaport
(562)-366-5749

**From:** ERECE, JONATHAN A
**Sent:** Monday, October 31, 2011 3:01 PM
**To:** ROMERO, KATHERINE M
**Cc:** GREEN, PETER J; DEHAVEN, JEFFREY C; MARICICH, ANNE L
**Subject:** FW: Sterling Footwear proposed ppn

Kathy,
Per your request, I found this email, let's get that this penalty inputted and get it to FP&F so they can send out the pre-penalty statement to ORR.

Thank You,
Jonathan Erece
Operations Specialist - Trade/Commercial Enforcement
Field Operations, Los Angeles (FOLA)
Email: JONATHAN.A.ERECE@cbp.dhs.gov
Office: (562) 256-8712
Fax: (562) 980-3368

WARNING: This document is designated **FOR OFFICIAL USE ONLY (FOUO)**. It may contain information that is **LAW ENFORCEMENT SENSITIVE (LES)** and exempt from public release under the Freedom of Information Act (5USC552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information, and is not to be released to the public or personnel who do not have a valid need to know without prior approval from the CBP Office of Field Operations (FO).

**From:** HAGANS, YVONNE L
**Sent:** Friday, October 14, 2011 10:15 AM
**To:** DESHIELD, SHARON R
**Cc:** ERECE, JONATHAN A
**Subject:** RE: Sterling Footwear proposed ppn

Jonathan- as discussed. The proposed document is the pre-penalty statement. We need the draft pre-penalty notice.

Yvonne L. Hagans
Chief, Commercial Seizures and Penalties Branch
Commercial Enforcement Policy Division
Commercial Targeting and Enforcement
Office of International Trade
U.S. Customs and Border Protection
Phone (202) 863-6553
Fax ( 202) 863-6580
Email yvonne.hagans@dhs.gov

**From:** DESHIELD, SHARON R
**Sent:** Friday, October 14, 2011 1:01 PM

11/10/2011

GOV0005818

**To:** HAGANS, YVONNE L
**Subject:** FW: Sterling Footwear proposed ppn

The attached document for your review.

*Regards,*

*Sharon Rosanne Deshield*
Field Operations Program Specialist
U.S. Customs and Border Protection
Office of International Trade
Commercial Targeting and Enforcement
1400 L Street NW
Washington, DC 20229-1154
Desk - (202) 863-6569
Fax - (202) 863-6580
Email - Sharon.Deshield@dhs.gov

**From:** ERECE, JONATHAN A
**Sent:** Wednesday, October 12, 2011 11:06 AM
**To:** DESHIELD, SHARON R
**Cc:** MARICICH, ANNE L; MUNETON, ELVA M; GREEN, PETER J
**Subject:** FW: Sterling Footwear proposed ppn

Good Morning Sharon,
Please see attached pre-penalty notice. Please let me know if you have any further request/concerns. Thank you.

Thank You,
Jonathan Erece
Operations Specialist - Trade/Commercial Enforcement
Field Operations, Los Angeles (FOLA)
Email: JONATHAN.A.ERECE@cbp.dhs.gov
Office: (562) 256-8712
Fax: (562) 980-3368

WARNING: This document is designated **FOR OFFICIAL USE ONLY (FOUO)**. It may contain information that is **LAW ENFORCEMENT SENSITIVE (LES)** and exempt from public release under the Freedom of Information Act (5USC552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information, and is not to be released to the public or personnel who do not have a valid need to know without prior approval from the CBP Office of Field Operations (FO).

**From:** DESHIELD, SHARON R
**Sent:** Tuesday, October 11, 2011 12:22 PM
**To:** ERECE, JONATHAN A
**Subject:** FW: Sterling Footwear proposed ppn

Mr. Erece:

Please see the below string of emails. It seems that Regulations and Rulings (R&R) requested a draft copy of the pre-penalty notice and it has not been provided. If you can check into this matter with the field/port that would speed R&R along.

*Regards,*

*Sharon Rosanne Deshield*
Field Operations Program Specialist
U.S. Customs and Border Protection

11/10/2011

GOV0005819

Office of International Trade
Commercial Targeting and Enforcement
1400 L Street NW
Washington, DC 20229-1154
Desk - (202) 863-6569
Fax - (202) 863-6580
Email - Sharon.Deshield@dhs.gov

**From:** COHEN, ALAN C
**Sent:** Tuesday, October 11, 2011 3:16 PM
**To:** DESHIELD, SHARON R
**Subject:** FW: Sterling Footwear proposed ppn

Sharon,

This is my last email referencing Sterling Footwear. See my email below of August 17, 2011 requesting a draft ppn. I am still waiting. If you can spur them, by all means do so.

**From:** COHEN, ALAN C
**Sent:** Friday, September 02, 2011 7:57 AM
**To:** RUIZ, EDWARD R

**From:** RUIZ, EDWARD R
**Sent:** Wednesday, August 31, 2011 3:27 PM
**To:** COHEN, ALAN C



**From:** WHITNEY, BENJAMIN L
**Sent:** Wednesday, August 31, 2011 12:25 PM
**To:** RUIZ, EDWARD R

11/10/2011

GOV0005820



**From:** RUIZ, EDWARD R
**Sent:** Wednesday, August 31, 2011 11:32 AM
**To:** WHITNEY, BENJAMIN L

Edward R. Ruiz
Attorney
Office of Associate Chief Counsel, LA
U.S. Customs and Border Protection
1 World Trade Center, Suite 1200
Long Beach, CA 90831
Tele: (562) 980-3141
Fax: (562) 980-3152

**From:** RUIZ, EDWARD R
**Sent:** Tuesday, August 23, 2011 10:25 AM
**To:** WHITNEY, BENJAMIN L
**Cc:** COHEN, ALAN C

GOV0005821



**From:** COHEN, ALAN C
**Sent:** Wednesday, August 17, 2011 5:50 AM
**To:** AGEE, SANDRA; DEHAVEN, JEFFREY C
**Cc:** CONNORS, JOHN E; RUIZ, EDWARD R; WHITNEY, BENJAMIN L



**From:** RUIZ, EDWARD R
**Sent:** Monday, August 15, 2011 7:24 PM
**To:** COHEN, ALAN C
**Cc:** CONNORS, JOHN E; DEHAVEN, JEFFREY C; AGEE, SANDRA



**From:** COHEN, ALAN C
**Sent:** Monday, August 15, 2011 7:24 AM
**To:** RUIZ, EDWARD R
**Cc:** CONNORS, JOHN E; DEHAVEN, JEFFREY C; AGEE, SANDRA

GOV0005822

Alan

**From:** RUIZ, EDWARD R
**Sent:** Friday, May 27, 2011 8:20 PM
**To:** COHEN, ALAN C
**Cc:** DEHAVEN, JEFFREY C; CONNORS, JOHN E; HAGANS, YVONNE L; GONZALEZ, MIRTA M; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; HALEY-FIELDS, KASSANDRA; DALY, ELLEN C; HALLEY, JOANNE M; AGEE, SANDRA; CUPP, MARY E



**From:** COHEN, ALAN C
**Sent:** Friday, May 27, 2011 4:49 AM
**To:** RUIZ, EDWARD R
**Cc:** DEHAVEN, JEFFREY C; CONNORS, JOHN E; HAGANS, YVONNE L; GONZALEZ, MIRTA M; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; HALEY-FIELDS, KASSANDRA; RUIZ, EDWARD R; DALY, ELLEN C; HALLEY, JOANNE M; AGEE, SANDRA; CUPP, MARY E

**From:** CUPP, MARY E
**Sent:** Thursday, May 26, 2011 6:19 PM
**To:** AGEE, SANDRA; COHEN, ALAN C
**Cc:** DEHAVEN, JEFFREY C; CONNORS, JOHN E; HAGANS, YVONNE L; GONZALEZ, MIRTA M; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; HALEY-FIELDS, KASSANDRA; RUIZ, EDWARD R; DALY, ELLEN C; HALLEY, JOANNE M

**From:** CUPP, MARY E
**Sent:** Thursday, May 26, 2011 12:57 PM
**To:** COHEN, ALAN C; AGEE, SANDRA
**Cc:** DEHAVEN, JEFFREY C; DALY, ELLEN C; CONNORS, JOHN E

GOV0005823

**From**: COHEN, ALAN C
**To**: AGEE, SANDRA
**Cc**: HAGANS, YVONNE L; GONZALEZ, MIRTA M; DEHAVEN, JEFFREY C; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; DALY, ELLEN C; CONNORS, JOHN E; HALEY-FIELDS, KASSANDRA
**Sent**: Mon May 23 08:51:28 2011
**Subject**: RE: Sterling Footwear proposed ppn

Sandra,

I have briefly reviewed the file. Here are my comments:

1.      There does not appear to be a draft prepenalty notice. Could you draft it (if not already drafted) and forward it for our review?

3.      Please expand the appraisal worksheet so that the violator(s) will be on notice as to the entered classification, and the correct classification that should have been filed for each line item.

5.      Are you contemplating naming any individual(s) as co-violators, and, if so who, and what is the evidence of each individual violator's culpability?   Unless a corporate entity has only one employee who is also the sole officer and shareholder and board member, being an officer alone is not evidence of culpability, and being the registered agent for service of process is no evidence whatsoever. The standard of individual culpability is set forth in the CIT's 1983 Appendagez's decision:

> "While it is true that corporate officers are not liable for the illegal actions of others in the corporation merely by virtue of their positions or offices, they may become liable, however, if they knowingly participate in such actions." [Liability may attach when the activities of the corporate officer] "involved direct participation, some lesser degree of informed participation, or even an omission of a duty to correct false invoices when the falsity and materiality of the representations on the invoices were brought to his attention."

On the other hand, if we don't have the evidence to name any individual as a co-violator. this company may go bye-bye. possibly opening up under a different corporate name and IR number.

Alan

**From**: AGEE, SANDRA
**Sent**: Friday, May 20, 2011 3:30 PM
**To**: COHEN, ALAN C
**Subject**: RE: Sterling Footwear proposed ppn

Thanks for the info.

Sandy

**From:** COHEN, ALAN C
**Sent:** Friday, May 20, 2011 9:12 AM
**To:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; HALEY-FIELDS, KASSANDRA; DEHAVEN, JEFFREY C; AGEE, SANDRA
**Cc:** CONNORS, JOHN E
**Subject:** Sterling Footwear proposed ppn

I have the proposed $22 million and change ppn against Sterling. I'll review it and if I have no problems I'll run it up the flag pole, hopefully on Monday.

HQ case no. is H165857

Alan

11/10/2011

GOV0005825

**From:** LEHAN, SAMANTHA
**Sent:** Thursday, November 10, 2011 1:37 PM
**To:** AGEE, SANDRA
**Subject:** FW: Sterling Footwear proposed ppn

fyi

**From:** THIERRY, ROBERT P
**Sent:** Thursday, November 10, 2011 1:34 PM
**To:** LEHAN, SAMANTHA
**Subject:** RE: Sterling Footwear proposed ppn

I'll answer this on Monday

Robert P. Thierry
FPFO/Los Angeles/Long Beach Seaport
562/366-5504
562/572-7503 Cell

**From:** LEHAN, SAMANTHA
**Sent:** Thursday, November 10, 2011 1:30 PM
**To:** THIERRY, ROBERT P
**Subject:** FW: Sterling Footwear proposed ppn

We are in a catch 22 situation here. This is a $20mil penalty that Trade has sent up the chain for the usual approval for penalties over $1mil. The case is just proposed, there is no case number and we don't have the file in FP&F, but as you can see below, we are being asked to provide a draft pre-penalty.

Under the old system, an over $5 mil penalty case would be issued and sent to FP&F. We would prepare a draft pre-penalty notice and send it to OR&R and get it vetted by them before we'd issue the notice. Then the process was created to send *all* proposed penalties over $1mil up the chain to OFO/HQ to approve before they can be issued. Apparently when the case is over $5mil, OFO/HQ is sending it over to OR&R at that point, before a case is generated and FP&F sees the file, before OFO will approve the penalty. The problem is that the two processes are intended to be implemented at different stages and by different offices, and now we are being put in the middle.

Thoughts?

**From:** AGEE, SANDRA
**Sent:** Thursday, November 10, 2011 10:52 AM
**To:** LEHAN, SAMANTHA
**Subject:** FW: Sterling Footwear proposed ppn

fyi

**From:** JONES, ARLINDA
**Sent:** Thursday, November 10, 2011 8:43 AM
**To:** AGEE, SANDRA
**Cc:** ROMERO, KATHERINE M
**Subject:** FW: Sterling Footwear proposed ppn

Hi Sandy,

As per our discussion yesterday, a copy of our draft pp statement was included with the penalty that was forwarded to HQ. But they/HQ needs a draft pp notice for review per HAGANS, YVONNE L emailed dated 10/14/2011. I have attached the Sterling Footwear Penalty which includes the PP statement (page 10). Please let me know if yo would be able to draft the pp notice for HQ review?

Thank you

*Arlinda Jones-Seymour*

**Senior Import Specialist - ISET 715**
**Import Specialist Enforcement Team (ISET)**
Customs and Border Protection
**Los Angeles/Long Beach Seaport**
**Office (562) 366-3812**
**Fax   (562) 628-7904**

**From:** ROMERO, KATHERINE M
**Sent:** Wednesday, November 09, 2011 8:45 AM
**To:** JONES, ARLINDA
**Subject:** FW: Sterling Footwear proposed ppn

Arlinda,

When you have a chance, we need to look at the documents and see what we have. I believe FP&F drafts the pre-penalty notice unless that is what we do when it is input into SEACATS. However, we need to look and see what we have.

*Katherine M. Romero*

Acting Section Chief
Trade Operations Branch II
U.S. Customs & Border Protection
Los Angeles/Long Beach Seaport
(562)-366-5749

**From:** ERECE, JONATHAN A
**Sent:** Monday, October 31, 2011 3:01 PM
**To:** ROMERO, KATHERINE M
**Cc:** GREEN, PETER J; DEHAVEN, JEFFREY C; MARICICH, ANNE L
**Subject:** FW: Sterling Footwear proposed ppn

Kathy,
Per your request, I found this email, let's get that this penalty inputted and get it to FP&F so they can send out the pre-penalty statement to ORR.

Thank You,

11/14/2011

GOV0005827

Jonathan Erece
'Operations Specialist - Trade/Commercial Enforcement
Field Operations, Los Angeles (FOLA)
Email: JONATHAN.A.ERECE@cbp.dhs.gov
Office: (562) 256-8712
Fax: (562) 980-3368

WARNING: This document is designated **FOR OFFICIAL USE ONLY (FOUO)**. It may contain information that is **LAW ENFORCEMENT SENSITIVE (LES)** and exempt from public release under the Freedom of Information Act (5USC552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information, and is not to be released to the public or personnel who do not hav a valid need to know without prior approval from the CBP Office of Field Operations (FO).

**From:** HAGANS, YVONNE L
**Sent:** Friday, October 14, 2011 10:15 AM
**To:** DESHIELD, SHARON R
**Cc:** ERECE, JONATHAN A
**Subject:** RE: Sterling Footwear proposed ppn

Jonathan- as discussed. The proposed document is the pre-penalty statement. We need the draft pre-penalty notice.

Yvonne L. Hagans
Chief, Commercial Seizures and Penalties Branch
Commercial Enforcement Policy Division
Commercial Targeting and Enforcement
Office of International Trade
U.S. Customs and Border Protection
Phone (202) 863-6553
Fax ( 202) 863-6580
Email yvonne.hagans@dhs.gov

**From:** DESHIELD, SHARON R
**Sent:** Friday, October 14, 2011 1:01 PM
**To:** HAGANS, YVONNE L
**Subject:** FW: Sterling Footwear proposed ppn

The attached document for your review.

Regards,

Sharon Rosanne Deshield
Field Operations Program Specialist
U.S. Customs and Border Protection
Office of International Trade
Commercial Targeting and Enforcement
1400 L Street NW
Washington, DC 20229-1154
Desk - (202) 863-6569
Fax - (202) 863-6580
Email - Sharon.Deshield@dhs.gov

**From:** ERECE, JONATHAN A
**Sent:** Wednesday, October 12, 2011 11:06 AM
**To:** DESHIELD, SHARON R
**Cc:** MARICICH, ANNE L; MUNETON, ELVA M; GREEN, PETER J
**Subject:** FW: Sterling Footwear proposed ppn

GOV0005828

Good Morning Sharon,

Please see attached pre-penalty notice. Please let me know if you have any further request/concerns. Thank you.

Thank You,
Jonathan Erece
Operations Specialist - Trade/Commercial Enforcement
Field Operations, Los Angeles (FOLA)
Email: JONATHAN.A.ERECE@cbp.dhs.gov
Office: (562) 256-8712
Fax: (562) 980-3368

**WARNING:** This document is designated **FOR OFFICIAL USE ONLY (FOUO)**. It may contain information that is **LAW ENFORCEMENT SENSITIVE (LES)** and exempt from public release under the Freedom of Information Act (5USC552). This document is to be controlled, handled, transmitted, distributed, and disposed of in accordance with DHS policy relating to FOUO information, and is not to be released to the public or personnel who do not have a valid need to know without prior approval from the CBP Office of Field Operations (FO).

**From:** DESHIELD, SHARON R
**Sent:** Tuesday, October 11, 2011 12:22 PM
**To:** ERECE, JONATHAN A
**Subject:** FW: Sterling Footwear proposed ppn

Mr. Erece:

Please see the below string of emails. It seems that Regulations and Rulings (R&R) requested a draft copy of the pre-penalty notice and it has not been provided. If you can check into this matter with the field/port that would speed R&R along.

*Regards,*

*Sharon Rosanne Deshield*
Field Operations Program Specialist
U.S. Customs and Border Protection
Office of International Trade
Commercial Targeting and Enforcement
1400 L Street NW
Washington, DC 20229-1154
Desk - (202) 863-6569
Fax - (202) 863-6580
Email - Sharon.Deshield@dhs.gov



**From:** COHEN, ALAN C
**Sent:** Tuesday, October 11, 2011 3:16 PM
**To:** DESHIELD, SHARON R
**Subject:** FW: Sterling Footwear proposed ppn

Sharon,

This is my last email referencing Sterling Footwear. See my email below of August 17, 2011 requesting a draft ppn. I am still waiting. If you can spur them, by all means do so.

**From:** COHEN, ALAN C
**Sent:** Friday, September 02, 2011 7:57 AM
**To:** RUIZ, EDWARD R

11/14/2011

**From:** RUIZ, EDWARD R
**Sent:** Wednesday, August 31, 2011 3:27 PM
**To:** COHEN, ALAN C

**From:** WHITNEY, BENJAMIN L
**Sent:** Wednesday, August 31, 2011 12:25 PM
**To:** RUIZ, EDWARD R

GOV0005830

Fax: (562) 366-5532

**From:** RUIZ, EDWARD R
**Sent:** Wednesday, August 31, 2011 11:32 AM
**To:** WHITNEY, BENJAMIN L



**From:** RUIZ, EDWARD R
**Sent:** Tuesday, August 23, 2011 10:25 AM
**To:** WHITNEY, BENJAMIN L
**Cc:** COHEN, ALAN C

**From:** COHEN, ALAN C
**Sent:** Wednesday, August 17, 2011 5:50 AM
**To:** AGEE, SANDRA; DEHAVEN, JEFFREY C
**Cc:** CONNORS, JOHN E; RUIZ, EDWARD R; WHITNEY, BENJAMIN L

11/14/2011

**From:** RUIZ, EDWARD R
**Sent:** Monday, August 15, 2011 7:24 PM
**To:** COHEN, ALAN C
**Cc:** CONNORS, JOHN E; DEHAVEN, JEFFREY C; AGEE, SANDRA



**From:** COHEN, ALAN C
**Sent:** Monday, August 15, 2011 7:24 AM
**To:** RUIZ, EDWARD R
**Cc:** CONNORS, JOHN E; DEHAVEN, JEFFREY C; AGEE, SANDRA



**From:** RUIZ, EDWARD R
**Sent:** Friday, May 27, 2011 8:20 PM
**To:** COHEN, ALAN C
**Cc:** DEHAVEN, JEFFREY C; CONNORS, JOHN E; HAGANS, YVONNE L; GONZALEZ, MIRTA M; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; HALEY-FIELDS, KASSANDRA; DALY, ELLEN C; HALLEY, JOANNE M; AGEE, SANDRA; CUPP, MARY E



**From:** COHEN, ALAN C
**Sent:** Friday, May 27, 2011 4:49 AM
**To:** RUIZ, EDWARD R

11/14/2011

GOV0005832

Cc: DEHAVEN, JEFFREY C; CONNORS, JOHN E; HAGANS, YVONNE L; GONZALEZ, MIRTA M; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; HALEY-FIELDS, KASSANDRA; RUIZ, EDWARD R; DALY, ELLEN C; HALLEY, JOANNE M; AGEE, SANDRA; CUPP, MARY E

**From:** CUPP, MARY E
**Sent:** Thursday, May 26, 2011 6:19 PM
**To:** AGEE, SANDRA; COHEN, ALAN C
**Cc:** DEHAVEN, JEFFREY C; CONNORS, JOHN E; HAGANS, YVONNE L; GONZALEZ, MIRTA M; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; HALEY-FIELDS, KASSANDRA; RUIZ, EDWARD R; DALY, ELLEN C; HALLEY, JOANNE M

**From:** CUPP, MARY E
**Sent:** Thursday, May 26, 2011 12:57 PM
**To:** COHEN, ALAN C; AGEE, SANDRA
**Cc:** DEHAVEN, JEFFREY C; DALY, ELLEN C; CONNORS, JOHN E

**From:** COHEN, ALAN C
**To:** AGEE, SANDRA
**Cc:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; DEHAVEN, JEFFREY C; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; DALY, ELLEN C; CONNORS, JOHN E; HALEY-FIELDS, KASSANDRA
**Sent:** Mon May 23 08:51:28 2011
**Subject:** RE: Sterling Footwear proposed ppn

Sandra,

GOV0005833

`I have briefly reviewed the file. Here are my comments:

1.      There does not appear to be a draft prepenalty notice. Could you draft it (if not already drafted) and forward it for our review?

█████████████████████████████████████████████████████████████████████████

3.      Please expand the appraisal worksheet so that the violator(s) will be on notice as to the entered classification, and the correct classification that should have been filed for each line item.

████████████████████████████████████████████████

5.      Are you contemplating naming any individual(s) as co-violators, and, if so who, and what is the evidence of each individual violator's culpability?   Unless a corporate entity has only one employee who is also the sole officer and shareholder and board member, being an officer alone is not evidence of culpability, and being the registered agent for service of process is no evidence whatsoever. The standard of individual culpability is set forth in the CIT's 1983 Appendagez's decision:

> "While it is true that corporate officers are not liable for the illegal actions of others in the corporation merely by virtue of their positions or offices, they may become liable, however, if they knowingly participate in such actions." [Liability may attach when the activities of the corporate officer] "involved direct participation, some lesser degree of informed participation, or even an omission of a duty to correct false invoices when the falsity and materiality of the representations on the invoices were brought to his attention."

On the other hand, if we don't have the evidence to name any individual as a co-violator, this company may go bye-bye, possibly opening up under a different corporate name and IR number.

Alan


**From:** AGEE, SANDRA
**Sent:** Friday, May 20, 2011 3:30 PM
**To:** COHEN, ALAN C
**Subject:** RE: Sterling Footwear proposed ppn

Thanks for the info.

Sandy


**From:** COHEN, ALAN C
**Sent:** Friday, May 20, 2011 9:12 AM
**To:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; HALEY-FIELDS, KASSANDRA; DEHAVEN, JEFFREY C; AGEE, SANDRA
**Cc:** CONNORS, JOHN E
**Subject:** Sterling Footwear proposed ppn

I have the proposed $22 million and change ppn against Sterling. I'll review it and if I have no problems I'll run it up the flag pole, hopefully on Monday.

HQ case no. is H165857

Alan


11/14/2011

GOV0005834

**From:**  LEHAN, SAMANTHA
**Sent:**  Monday, August 15, 2011 4:54 PM
**To:**  RUIZ, EDWARD R
**Cc:**  DEHAVEN, JEFFREY C; AGEE, SANDRA



**From:** AGEE, SANDRA
**Sent:** Monday, August 15, 2011 4:44 PM
**To:** LEHAN, SAMANTHA
**Subject:** FW: Sterling Footwear proposed ppn

**From:** RUIZ, EDWARD R
**Sent:** Monday, August 15, 2011 4:25 PM
**To:** AGEE, SANDRA



**From:** COHEN, ALAN C
**Sent:** Monday, August 15, 2011 7:24 AM
**To:** RUIZ, EDWARD R
**Cc:** CONNORS, JOHN E; DEHAVEN, JEFFREY C; AGEE, SANDRA

8/15/2011                                                                     GOV0005835

**From:** RUIZ, EDWARD R
**Sent:** Friday, May 27, 2011 8:20 PM
**To:** COHEN, ALAN C
**Cc:** DEHAVEN, JEFFREY C; CONNORS, JOHN E; HAGANS, YVONNE L; GONZALEZ, MIRTA M; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; HALEY-FIELDS, KASSANDRA; DALY, ELLEN C; HALLEY, JOANNE M; AGEE, SANDRA; CUPP, MARY E

**From:** COHEN, ALAN C
**Sent:** Friday, May 27, 2011 4:49 AM
**To:** RUIZ, EDWARD R
**Cc:** DEHAVEN, JEFFREY C; CONNORS, JOHN E; HAGANS, YVONNE L; GONZALEZ, MIRTA M; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; HALEY-FIELDS, KASSANDRA; RUIZ, EDWARD R; DALY, ELLEN C; HALLEY, JOANNE M; AGEE, SANDRA; CUPP, MARY E

**From:** CUPP, MARY E
**Sent:** Thursday, May 26, 2011 6:19 PM
**To:** AGEE, SANDRA; COHEN, ALAN C
**Cc:** DEHAVEN, JEFFREY C; CONNORS, JOHN E; HAGANS, YVONNE L; GONZALEZ, MIRTA M; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; HALEY-FIELDS, KASSANDRA; RUIZ, EDWARD R; DALY, ELLEN C; HALLEY, JOANNE M

**From:** CUPP, MARY E
**Sent:** Thursday, May 26, 2011 12:57 PM
**To:** COHEN, ALAN C; AGEE, SANDRA
**Cc:** DEHAVEN, JEFFREY C; DALY, ELLEN C; CONNORS, JOHN E

8/15/2011

GOV0005836

**From:** COHEN, ALAN C
**To:** AGEE, SANDRA
**Cc:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; DEHAVEN, JEFFREY C; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; DALY, ELLEN C; CONNORS, JOHN E; HALEY-FIELDS, KASSANDRA
**Sent:** Mon May 23 08:51:28 2011
**Subject:** RE: Sterling Footwear proposed ppn

Sandra,

I have briefly reviewed the file.  Here are my comments:

1.      There does not appear to be a draft prepenalty notice.  Could you draft it (if not already drafted) and forward it for our review?

3.      Please expand the appraisal worksheet so that the violator(s) will be on notice as to the entered classification, and the correct classification that should have been filed for each line item.

5.      Are you contemplating naming any individual(s) as co-violators, and, if so who, and what is the evidence of each individual violator's culpability?   Unless a corporate entity has only one employee who is also the sole officer and shareholder and board member, being an officer alone is not evidence of culpability, and being the registered agent for service of process is no evidence whatsoever.  The standard of individual culpability is set forth in the CIT's 1983 Appendagez's decision:

> "While it is true that corporate officers are not liable for the illegal actions of others in the corporation merely by virtue o their positions or offices, they may become liable, however, if they knowingly participate in such actions." [Liability ma\ attach when the activities of the corporate officer] "involved direct participation, some lesser degree of informed participation, or even an omission of a duty to correct false invoices when the falsity and materiality of the representations on the invoices were brought to his attention."

On the other hand, if we don't have the evidence to name any individual as a co-violator, this company may go bye-bye, possibly opening up under a different corporate name and IR number.

Alan

**From:** AGEE, SANDRA
**Sent:** Friday, May 20, 2011 3:30 PM
**To:** COHEN, ALAN C
**Subject:** RE: Sterling Footwear proposed ppn

Thanks for the info.

8/15/2011

GOV0005837

Sandy,

**From:** COHEN, ALAN C
**Sent:** Friday, May 20, 2011 9:12 AM
**To:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; HALEY-FIELDS, KASSANDRA; DEHAVEN, JEFFREY C; AGEE, SANDRA
**Cc:** CONNORS, JOHN E
**Subject:** Sterling Footwear proposed ppn

I have the proposed $22 million and change ppn against Sterling. I'll review it and if I have no problems I'll run it up the flag pole, hopefully on Monday.

HQ case no. is H165857

Alan

GOV0005838

**From:** RUIZ, EDWARD R
**Sent:** Monday, August 15, 2011 4:24 PM
**To:** COHEN, ALAN C
**Cc:** CONNORS, JOHN E; DEHAVEN, JEFFREY C; AGEE, SANDRA



Edward R. Ruiz
Attorney
Office of Associate Chief Counsel, LA
U.S. Customs and Border Protection
1 World Trade Center, Suite 1200
Long Beach, CA 90831
Tele: (562) 980-3141
Fax: (562) 980-3152

---

**From:** COHEN, ALAN C
**Sent:** Monday, August 15, 2011 7:24 AM
**To:** RUIZ, EDWARD R
**Cc:** CONNORS, JOHN E; DEHAVEN, JEFFREY C; AGEE, SANDRA



---

**From:** RUIZ, EDWARD R
**Sent:** Friday, May 27, 2011 8:20 PM
**To:** COHEN, ALAN C
**Cc:** DEHAVEN, JEFFREY C; CONNORS, JOHN E; HAGANS, YVONNE L; GONZALEZ, MIRTA M; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; HALEY-FIELDS, KASSANDRA; DALY, ELLEN C; HALLEY, JOANNE M; AGEE, SANDRA; CUPP, MARY E



**From:** COHEN, ALAN C
**Sent:** Friday, May 27, 2011 4:49 AM
**To:** RUIZ, EDWARD R
**Cc:** DEHAVEN, JEFFREY C; CONNORS, JOHN E; HAGANS, YVONNE L; GONZALEZ, MIRTA M; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; HALEY-FIELDS, KASSANDRA; RUIZ, EDWARD R; DALY, ELLEN C; HALLEY, JOANNE M; AGEE, SANDRA; CUPP, MARY E

**From:** CUPP, MARY E
**Sent:** Thursday, May 26, 2011 6:19 PM
**To:** AGEE, SANDRA; COHEN, ALAN C
**Cc:** DEHAVEN, JEFFREY C; CONNORS, JOHN E; HAGANS, YVONNE L; GONZALEZ, MIRTA M; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; HALEY-FIELDS, KASSANDRA; RUIZ, EDWARD R; DALY, ELLEN C; HALLEY, JOANNE M

**From:** CUPP, MARY E
**Sent:** Thursday, May 26, 2011 12:57 PM
**To:** COHEN, ALAN C; AGEE, SANDRA
**Cc:** DEHAVEN, JEFFREY C; DALY, ELLEN C; CONNORS, JOHN E

**From:** COHEN, ALAN C
**To:** AGEE, SANDRA
**Cc:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; DEHAVEN, JEFFREY C; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; DALY, ELLEN C; CONNORS, JOHN E; HALEY-FIELDS, KASSANDRA
**Sent:** Mon May 23 08:51:28 2011
**Subject:** RE: Sterling Footwear proposed ppn

Sandra,

I have briefly reviewed the file. Here are my comments:

1.      There does not appear to be a draft prepenalty notice. Could you draft it (if not already drafted) and forward it for our

8/15/2011

GOV00005840

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3.    Please expand the appraisal worksheet so that the violator(s) will be on notice as to the entered classification, and the correct classification that should have been filed for each line item.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5.    Are you contemplating naming any individual(s) as co-violators, and, if so who, and what is the evidence of each individual violator's culpability?   Unless a corporate entity has only one employee who is also the sole officer and shareholder and board member, being an officer alone is not evidence of culpability, and being the registered agent for service of process is no evidence whatsoever.  The standard of individual culpability is set forth in the CIT's 1983 Appendagez's decision:

> "While it is true that corporate officers are not liable for the illegal actions of others in the corporation merely by virtue of their positions or offices, they may become liable, however, if they knowingly participate in such actions." [Liability may attach when the activities of the corporate officer] "involved direct participation, some lesser degree of informed participation, or even an omission of a duty to correct false invoices when the falsity and materiality of the representations on the invoices were brought to his attention."

On the other hand, if we don't have the evidence to name any individual as a co-violator, this company may go bye-bye, possibly opening up under a different corporate name and IR number.

Alan

---

**From:** AGEE, SANDRA
**Sent:** Friday, May 20, 2011 3:30 PM
**To:** COHEN, ALAN C
**Subject:** RE: Sterling Footwear proposed ppn

Thanks for the info.

Sandy

---

**From:** COHEN, ALAN C
**Sent:** Friday, May 20, 2011 9:12 AM
**To:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; HALEY-FIELDS, KASSANDRA; DEHAVEN, JEFFREY C; AGEE, SANDRA
**Cc:** CONNORS, JOHN E
**Subject:** Sterling Footwear proposed ppn

I have the proposed $22 million and change ppn against Sterling.  I'll review it and if I have no problems I'll run it up the flag pole, hopefully on Monday.

HQ case no. is H165857

Alan

8/15/2011

GOV0005841

# AGEE, SANDRA

**From:** COHEN, ALAN C
**Sent:** Friday, May 27, 2011 4:49 AM
**To:** RUIZ, EDWARD R
**Cc:** DEHAVEN, JEFFREY C; CONNORS, JOHN E; HAGANS, YVONNE L; GONZALEZ, MIRTA M; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; HALEY-FIELDS, KASSANDRA; RUIZ, EDWARD R; DALY, ELLEN C; HALLEY, JOANNE M; AGEE, SANDRA; CUPP, MARY E

**From:** CUPP, MARY E
**Sent:** Thursday, May 26, 2011 6:19 PM
**To:** AGEE, SANDRA; COHEN, ALAN C
**Cc:** DEHAVEN, JEFFREY C; CONNORS, JOHN E; HAGANS, YVONNE L; GONZALEZ, MIRTA M; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; HALEY-FIELDS, KASSANDRA; RUIZ, EDWARD R; DALY, ELLEN C; HALLEY, JOANNE M

**From:** CUPP, MARY E
**Sent:** Thursday, May 26, 2011 12:57 PM
**To:** COHEN, ALAN C; AGEE, SANDRA
**Cc:** DEHAVEN, JEFFREY C; DALY, ELLEN C; CONNORS, JOHN E

**From:** COHEN, ALAN C

GOV0005842

**To:** AGEE, SANDRA
**Cc:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; DEHAVEN, JEFFREY C; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; DALY ELLEN C; CONNORS, JOHN E; HALEY-FIELDS, KASSANDRA
**Sent:** Mon May 23 08:51:28 2011
**Subject:** RE: Sterling Footwear proposed ppn

Sandra,

I have briefly reviewed the file. Here are my comments:

1. There does not appear to be a draft prepenalty notice. Could you draft it (if not already drafted) and forward it for our review?

███████████████████████████████████████████████████████████████████

3. Please expand the appraisal worksheet so that the violator(s) will be on notice as to the entered classification, and the correct classification that should have been filed for each line item.

███████████████████████████████████████████████████████████████████

5. Are you contemplating naming any individual(s) as co-violators, and, if so who, and what is the evidence of each individual violator's culpability? Unless a corporate entity has only one employee who is also the sole officer and shareholder and board member, being an officer alone is not evidence of culpability, and being the registered agent for service of process i no evidence whatsoever. The standard of individual culpability is set forth in the CIT's 1983 Appendagez's decision:

"While it is true that corporate officers are not liable for the illegal actions of others in the corporation merely by virtue c their positions or offices, they may become liable, however, if they knowingly participate in such actions." [Liability ma· attach when the activities of the corporate officer] "involved direct participation, some lesser degree of informed participation, or even an omission of a duty to correct false invoices when the falsity and materiality of the representations on the invoices were brought to his attention."

On the other hand, if we don't have the evidence to name any individual as a co-violator, this company may go bye-bye, possibly opening up under a different corporate name and IR number.

Alan

---

**From:** AGEE, SANDRA
**Sent:** Friday, May 20, 2011 3:30 PM
**To:** COHEN, ALAN C
**Subject:** RE: Sterling Footwear proposed ppn

Thanks for the info.

Sandy

---

**From:** COHEN, ALAN C
**Sent:** Friday, May 20, 2011 9:12 AM
**To:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; HALEY-FIELDS, KASSANDRA; DEHAVEN, JEFFREY C; AGEE, SANDRA
**Cc:** CONNORS, JOHN E
**Subject:** Sterling Footwear proposed ppn

I have the proposed $22 million and change ppn against Sterling. I'll review it and if I have no problems I'll run it up the flag pole, hopefully on Monday.

HQ case no. is H165857

5/31/2011

GOV0005843

## AGEE, SANDRA

**From:** CUPP, MARY E
**Sent:** Thursday, May 26, 2011 6:37 PM
**To:** RUIZ, EDWARD R
**Cc:** AGEE, SANDRA; DALY, ELLEN C

[REDACTED]

**From:** AGEE, SANDRA
**Sent:** Thursday, May 26, 2011 4:58 PM
**To:** CUPP, MARY E

[REDACTED]

**From:** COHEN, ALAN C
**Sent:** Monday, May 23, 2011 9:28 AM
**To:** DEHAVEN, JEFFREY C
**Cc:** AGEE, SANDRA; WHITNEY, BENJAMIN L
**Subject:** RE: Sterling Footwear proposed ppn

Jeff,

It was referred to us because the proposed case is > $5 million.

Alan

**From:** DEHAVEN, JEFFREY C
**Sent:** Monday, May 23, 2011 12:21 PM
**To:** COHEN, ALAN C
**Cc:** AGEE, SANDRA; WHITNEY, BENJAMIN L
**Subject:** RE: Sterling Footwear proposed ppn

Alan,

This case has not been input into SEACATS. I believe the commodity team (Ben Whitney) referred the case to Commercial Seizures and Penalties Branch for approval [REDACTED] the penalty is over $1 million. It appears CSPB referred the case to R&R for your input and analysis. FP&F/LA has not seen this case yet as it does not have an FP&F case number.

Thanks,

Jeff

Jeff DeHaven
Deputy Director

5/26/2011

GOV0005844

Fines, Penalties and Forfeitures
Los Angeles – Long Beach Seaport
U.S. Customs and Border Protection
(562) 366-5534 (office)
(562) 480-2663 (cell)
(562) 628-7908 (fax)
jeffrey.dehaven@dhs.gov

---

**From:** COHEN, ALAN C
**Sent:** Monday, May 23, 2011 5:51 AM
**To:** AGEE, SANDRA
**Cc:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; DEHAVEN, JEFFREY C; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; DALY, ELLEN C; CONNORS, JOHN E; HALEY-FIELDS, KASSANDRA
**Subject:** RE: Sterling Footwear proposed ppn

Sandra,

I have briefly reviewed the file. Here are my comments:

1.      There does not appear to be a draft prepenalty notice. Could you draft it (if not already drafted) and forward it for our review?

3.      Please expand the appraisal worksheet so that the violator(s) will be on notice as to the entered classification, and the correct classification that should have been filed for each line item.

5.      Are you contemplating naming any individual(s) as co-violators, and, if so who, and what is the evidence of each individual violator's culpability? Unless a corporate entity has only one employee who is also the sole officer and shareholder and board member, being an officer alone is not evidence of culpability, and being the registered agent for service of process i no evidence whatsoever. The standard of individual culpability is set forth in the CIT's 1983 Appendagez's decision:

> "While it is true that corporate officers are not liable for the illegal actions of others in the corporation merely by virtue c their positions or offices, they may become liable, however, if they knowingly participate in such actions." [Liability ma attach when the activities of the corporate officer] "involved direct participation, some lesser degree of informed participation, or even an omission of a duty to correct false invoices when the falsity and materiality of the representations on the invoices were brought to his attention."

On the other hand, if we don't have the evidence to name any individual as a co-violator, this company may go bye-bye, possibly opening up under a different corporate name and IR number.

Alan

---

**From:** AGEE, SANDRA
**Sent:** Friday, May 20, 2011 3:30 PM
**To:** COHEN, ALAN C
**Subject:** RE: Sterling Footwear proposed ppn

Thanks for the info.

Sandy

---

GOV0005845

5/26/2011

**From:** COHEN, ALAN C
**Sent:** Friday, May 20, 2011 9:12 AM
**To:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; HALEY-FIELDS, KASSANDRA; DEHAVEN, JEFFREY C; AGEE, SANDRA
**Cc:** CONNORS, JOHN E
**Subject:** Sterling Footwear proposed ppn

I have the proposed $22 million and change ppn against Sterling. I'll review it and if I have no problems I'll run it up the flag pole, hopefully on Monday.

HQ case no. is H165857

Alan

5/26/2011

GOV0005846

## AGEE, SANDRA

**From:** CUPP, MARY E
**Sent:** Thursday, May 26, 2011 6:36 PM
**To:** RUIZ, EDWARD R
**Cc:** AGEE, SANDRA



**From:** AGEE, SANDRA
**Sent:** Thursday, May 26, 2011 5:02 PM
**To:** CUPP, MARY E
**Subject:** FW: Sterling Footwear proposed ppn

This is the first message from the IS with the pre-penalty info attached.

Sandy

**From:** JONES, ARLINDA
**Sent:** Tuesday, May 24, 2011 7:37 AM
**To:** COHEN, ALAN C
**Cc:** WHITNEY, BENJAMIN L; AGEE, SANDRA; ERECE, JONATHAN A; ROMERO, KATHERINE M
**Subject:** RE: Sterling Footwear proposed ppn

Mr. Cohen,

The Sterling Footwear, Inc. PPN is attached for your review.

Arlinda Jones-Seymour
Senior Import Specialist (ISET) 715
Import Specialist Enforcement Team
Customs and Border Protection
301 East Ocean Blvd., 9th Floor
Long Beach, California 90802
Office (562) 366-3243
Fax (562) 628-7904

**From:** WHITNEY, BENJAMIN L
**Sent:** Monday, May 23, 2011 12:48 PM
**To:** JONES, ARLINDA
**Subject:** FW: Sterling Footwear proposed ppn

Arlinda,

I know there was a pre-penalty notice drafted as part of the penalty package for Sterling. When it is sent to HQ for review, is that removed? See question #1 below.

5/26/2011

GOV0005847

**Ben Whitney**
Senior Import Specialist, CST 723
301 E. Ocean Blvd. Suite 700
Long Beach, CA 90802
Ph: (562) 366-5696
Fax: (562) 366-5532

---

**From:** COHEN, ALAN C
**Sent:** Monday, May 23, 2011 5:51 AM
**To:** AGEE, SANDRA
**Cc:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; DEHAVEN, JEFFREY C; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; DALY ELLEN C; CONNORS, JOHN E; HALEY-FIELDS, KASSANDRA
**Subject:** RE: Sterling Footwear proposed ppn

Sandra,

I have briefly reviewed the file. Here are my comments:

1.      There does not appear to be a draft prepenalty notice. Could you draft it (if not already drafted) and forward it for our review?

3.      Please expand the appraisal worksheet so that the violator(s) will be on notice as to the entered classification, and the correct classification that should have been filed for each line item.

5.      Are you contemplating naming any individual(s) as co-violators, and, if so who, and what is the evidence of each individual violator's culpability?   Unless a corporate entity has only one employee who is also the sole officer and shareholde: and board member, being an officer alone is not evidence of culpability, and being the registered agent for service of process no evidence whatsoever. The standard of individual culpability is set forth in the CIT's 1983 Appendagez's decision:

> "While it is true that corporate officers are not liable for the illegal actions of others in the corporation merely by virtue c their positions or offices, they may become liable, however, if they knowingly participate in such actions." [Liability ma: attach when the activities of the corporate officer] "involved direct participation, some lesser degree of informed participation, or even an omission of a duty to correct false invoices when the falsity and materiality of the representations on the invoices were brought to his attention."

On the other hand, if we don't have the evidence to name any individual as a co-violator, this company may go bye-bye, possibly opening up under a different corporate name and IR number.

Alan

---

**From:** AGEE, SANDRA
**Sent:** Friday, May 20, 2011 3:30 PM
**To:** COHEN, ALAN C
**Subject:** RE: Sterling Footwear proposed ppn

Thanks for the info.

Sandy

---

**From:** COHEN, ALAN C
**Sent:** Friday, May 20, 2011 9:12 AM

5/26/2011

GOV0005848

**To:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; HALEY-FIELDS, KASSANDRA; DEHAVEN, JEFFREY C; AGEE, SANDRA
**Cc:** CONNORS, JOHN E
**Subject:** Sterling Footwear proposed ppn

I have the proposed $22 million and change ppn against Sterling. I'll review it and if I have no problems I'll run it up the flag pole, hopefully on Monday.

HQ case no. is H165857

Alan

5/26/2011

GOV0005849

# AGEE, SANDRA

**From:** CUPP, MARY E
**Sent:** Thursday, May 26, 2011 6:36 PM
**To:** RUIZ, EDWARD R
**Cc:** AGEE, SANDRA
**Subject:** FW: Sterling Footwear proposed ppn
**Attachments:** PPN Sterling Footwear.pdf

Thanks. I appreiciate your sending. Mary

---

**From:** AGEE, SANDRA
**Sent:** Thursday, May 26, 2011 5:08 PM
**To:** CUPP, MARY E
**Subject:** FW: Sterling Footwear proposed ppn

fyi

---

**From:** JONES, ARLINDA
**Sent:** Tuesday, May 24, 2011 2:43 PM
**To:** COHEN, ALAN C
**Cc:** WHITNEY, BENJAMIN L; AGEE, SANDRA; ERECE, JONATHAN A; ROMERO, KATHERINE M
**Subject:** RE: Sterling Footwear proposed ppn

Mr. Cohen,

Here is a copy of the latest Sterling Footwear Inc. penalty.

Arlinda Jones-Seymour
Senior Import Specialist (ISET) 715
Import Specialist Enforcement Team
Customs and Border Protection
301 East Ocean Blvd., 9th Floor
Long Beach, California 90802
Office (562) 366-3243
Fax (562) 628-7904

---

**From:** COHEN, ALAN C
**Sent:** Tuesday, May 24, 2011 8:16 AM
**To:** JONES, ARLINDA
**Cc:** WHITNEY, BENJAMIN L; AGEE, SANDRA; ERECE, JONATHAN A; ROMERO, KATHERINE M
**Subject:** RE: Sterling Footwear proposed ppn

Arlinda,

Thanks! Obviously you need to correct the spelling of "regulations".

Who are the violators? (see question 5).

Also, I would change the second sentence under "facts establishing the violation." Since 1989, we have not had to prove why a party commits a violation to establish fraud, only, for fraud, that the falsity or omission was done knowingly and intentionally. If

5/26/2011

GOV0005850

we make an unnecessary allegation, we may wind up having to prove it. I would change the sentence to "The footwear was misclassified, resulting in the underpayment of duties."

Were the entries filed under the names One Ambition and Arash Raminafar also misclassified? You should state so, either way.

If Janet Huynh and Nancy Ng going to be named as co-violators, they need to be tied into all the allegations in the paragraph were they the human beings behind all the corporate entities and the human beings responsible for the falsities, regardless o the name of the IOR?

I'll also await your responses to 2 and 4.

Thanks,

Alan

---

**From:** JONES, ARLINDA
**Sent:** Tuesday, May 24, 2011 10:37 AM
**To:** COHEN, ALAN C
**Cc:** WHITNEY, BENJAMIN L; AGEE, SANDRA; ERECE, JONATHAN A; ROMERO, KATHERINE M
**Subject:** RE: Sterling Footwear proposed ppn

Mr. Cohen,

The Sterling Footwear, Inc. PPN is attached for your review.


Arlinda Jones-Seymour
Senior Import Specialist (ISET) 715
Import Specialist Enforcement Team
Customs and Border Protection
301 East Ocean Blvd., 9th Floor
Long Beach, California 90802
Office (562) 366-3243
Fax    (562) 628-7904

---

**From:** WHITNEY, BENJAMIN L
**Sent:** Monday, May 23, 2011 12:48 PM
**To:** JONES, ARLINDA
**Subject:** FW: Sterling Footwear proposed ppn

Arlinda,

I know there was a pre-penalty notice drafted as part of the penalty package for Sterling. When it is sent to HQ for review, is that removed? See question #1 below.

**Ben Whitney**
Senior Import Specialist, CST 723
301 E. Ocean Blvd. Suite 700
Long Beach, CA 90802
Ph: (562) 366-5696
Fax: (562) 366-5532

---

**From:** COHEN, ALAN C
**Sent:** Monday, May 23, 2011 5:51 AM
**To:** AGEE, SANDRA

5/26/2011

GOV0005851

Cc: HAGANS, YVONNE L; GONZALEZ, MIRTA M; DEHAVEN, JEFFREY C; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; DALY, ELLEN C; CONNORS, JOHN E; HALEY-FIELDS, KASSANDRA
Subject: RE: Sterling Footwear proposed ppn

Sandra,

I have briefly reviewed the file. Here are my comments:

1.      There does not appear to be a draft prepenalty notice. Could you draft it (if not already drafted) and forward it for our review?

3.      Please expand the appraisal worksheet so that the violator(s) will be on notice as to the entered classification, and the correct classification that should have been filed for each line item.

5.      Are you contemplating naming any individual(s) as co-violators, and, if so who, and what is the evidence of each individual violator's culpability?   Unless a corporate entity has only one employee who is also the sole officer and shareholder and board member, being an officer alone is not evidence of culpability, and being the registered agent for service of process i: no evidence whatsoever. The standard of individual culpability is set forth in the CIT's 1983 Appendagez's decision:

> "While it is true that corporate officers are not liable for the illegal actions of others in the corporation merely by virtue c their positions or offices, they may become liable, however, if they knowingly participate in such actions." [Liability ma attach when the activities of the corporate officer] "involved direct participation, some lesser degree of informed participation, or even an omission of a duty to correct false invoices when the falsity and materiality of the representations on the invoices were brought to his attention."

On the other hand, if we don't have the evidence to name any individual as a co-violator, this company may go bye-bye, possibly opening up under a different corporate name and IR number.

Alan

---

From: AGEE, SANDRA
Sent: Friday, May 20, 2011 3:30 PM
To: COHEN, ALAN C
Subject: RE: Sterling Footwear proposed ppn

Thanks for the info.

Sandy

---

From: COHEN, ALAN C
Sent: Friday, May 20, 2011 9:12 AM
To: HAGANS, YVONNE L; GONZALEZ, MIRTA M; HALEY-FIELDS, KASSANDRA; DEHAVEN, JEFFREY C; AGEE, SANDRA
Cc: CONNORS, JOHN E
Subject: Sterling Footwear proposed ppn

I have the proposed $22 million and change ppn against Sterling. I'll review it and if I have no problems I'll run it up the flag pole, hopefully on Monday.

HQ case no. is H165857

Alan

5/26/2011

GOV0005852

**From:** AGEE, SANDRA
**Sent:** Thursday, May 26, 2011 5:00 PM
**To:** CUPP, MARY E

███████████████████████████

**From:** DEHAVEN, JEFFREY C
**Sent:** Monday, May 23, 2011 10:36 AM
**To:** COHEN, ALAN C
**Cc:** AGEE, SANDRA; WHITNEY, BENJAMIN L
**Subject:** RE: Sterling Footwear proposed ppn

Alan

Yes, I realize why it was referred to your office. Normally FP&F refers 592s > $5 million to your office after approvals and SEACATS input. Now, CSPB refers them to R&R at time of penalty approval. FP&F/LA does not have this case nor do we know anything about it. The issues and questions you raise below are best addressed with the case initiator, Mr. Whitney, rather than Ms. Agee.

Jeff

**From:** COHEN, ALAN C
**Sent:** Monday, May 23, 2011 9:28 AM
**To:** DEHAVEN, JEFFREY C
**Cc:** AGEE, SANDRA; WHITNEY, BENJAMIN L
**Subject:** RE: Sterling Footwear proposed ppn

Jeff,

It was referred to us because the proposed case is > $5 million.

Alan

**From:** DEHAVEN, JEFFREY C
**Sent:** Monday, May 23, 2011 12:21 PM
**To:** COHEN, ALAN C
**Cc:** AGEE, SANDRA; WHITNEY, BENJAMIN L
**Subject:** RE: Sterling Footwear proposed ppn

Alan,

This case has not been input into SEACATS. I believe the commodity team (Ben Whitney) referred the case to Commercial Seizures and Penalties Branch for approval ███████ as the penalty is over $1 million. It appears CSPB referred the case to R&R for your input and analysis. FP&F/LA has not seen this case yet as it does not have an FP&F case number.

Thanks,

Jeff DeHaven
Deputy Director
Fines, Penalties and Forfeitures
Los Angeles – Long Beach Seaport
U.S. Customs and Border Protection
(562) 366-5534 (office)
(562) 480-2663 (cell)
(562) 628-7908 (fax)
jeffrey.dehaven@dhs.gov

---

**From:** COHEN, ALAN C
**Sent:** Monday, May 23, 2011 5:51 AM
**To:** AGEE, SANDRA
**Cc:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; DEHAVEN, JEFFREY C; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; DALY, ELLEN C; CONNORS, JOHN E; HALEY-FIELDS, KASSANDRA
**Subject:** RE: Sterling Footwear proposed ppn

Sandra,

I have briefly reviewed the file. Here are my comments:

1.      There does not appear to be a draft prepenalty notice. Could you draft it (if not already drafted) and forward it for our review?

3.      Please expand the appraisal worksheet so that the violator(s) will be on notice as to the entered classification, and the correct classification that should have been filed for each line item.

5.      Are you contemplating naming any individual(s) as co-violators, and, if so who, and what is the evidence of each individual violator's culpability?   Unless a corporate entity has only one employee who is also the sole officer and shareholder and board member, being an officer alone is not evidence of culpability, and being the registered agent for service of process is no evidence whatsoever. The standard of individual culpability is set forth in the CIT's 1983 Appendagez's decision:

> "While it is true that corporate officers are not liable for the illegal actions of others in the corporation merely by virtue of their positions or offices, they may become liable, however, if they knowingly participate in such actions." [Liability may attach when the activities of the corporate officer] "involved direct participation, some lesser degree of informed participation, or even an omission of a duty to correct false invoices when the falsity and materiality of the representations on the invoices were brought to his attention."

On the other hand, if we don't have the evidence to name any individual as a co-violator, this company may go bye-bye, possibly opening up under a different corporate name and IR number.

Alan

---

**From:** AGEE, SANDRA
**Sent:** Friday, May 20, 2011 3:30 PM
**To:** COHEN, ALAN C
**Subject:** RE: Sterling Footwear proposed ppn

Thanks for the info.

5/26/2011

GOV0005854

Sandy

From: COHEN, ALAN C
Sent: Friday, May 20, 2011 9:12 AM
To: HAGANS, YVONNE L; GONZALEZ, MIRTA M; HALEY-FIELDS, KASSANDRA; DEHAVEN, JEFFREY C; AGEE, SANDRA
Cc: CONNORS, JOHN E
Subject: Sterling Footwear proposed ppn

I have the proposed $22 million and change ppn against Sterling. I'll review it and if I have no problems I'll run it up the flag pole, hopefully on Monday.

HQ case no. is H165857

Alan

5/26/2011

GOV0005855

# AGEE, SANDRA

**From:** AGEE, SANDRA
**Sent:** Thursday, May 26, 2011 4:58 PM
**To:** CUPP, MARY E



---

**From:** COHEN, ALAN C
**Sent:** Monday, May 23, 2011 9:28 AM
**To:** DEHAVEN, JEFFREY C
**Cc:** AGEE, SANDRA; WHITNEY, BENJAMIN L
**Subject:** RE: Sterling Footwear proposed ppn

Jeff,

It was referred to us because the proposed case is > $5 million.

Alan

---

**From:** DEHAVEN, JEFFREY C
**Sent:** Monday, May 23, 2011 12:21 PM
**To:** COHEN, ALAN C
**Cc:** AGEE, SANDRA; WHITNEY, BENJAMIN L
**Subject:** RE: Sterling Footwear proposed ppn

Alan,

This case has not been input into SEACATS. I believe the commodity team (Ben Whitney) referred the case to Commercial Seizures and Penalties Branch for approval ▮▮▮▮▮▮▮▮ as the penalty is over $1 million. It appears CSPB referred the case to R&R for your input and analysis. FP&F/LA has not seen this case yet as it does not have an FP&F case number.

Thanks,

Jeff

Jeff DeHaven
Deputy Director
Fines, Penalties and Forfeitures
Los Angeles – Long Beach Seaport
U.S. Customs and Border Protection
(562) 366-5534 (office)
(562) 480-2663 (cell)
(562) 628-7908 (fax)
jeffrey.dehaven@dhs.gov

---

5/26/2011

GOV0005856

From: COHEN, ALAN C
Sent: Mohday, May 23, 2011 5:51 AM
To: AGEE, SANDRA
Cc: HAGANS, YVONNE L; GONZALEZ, MIRTA M; DEHAVEN, JEFFREY C; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; DAL\
ELLEN C; CONNORS, JOHN E; HALEY-FIELDS, KASSANDRA
Subject: RE: Sterling Footwear proposed ppn

Sandra,

I have briefly reviewed the file.  Here are my comments:

1.      There does not appear to be a draft prepenalty notice.  Could you draft it (if not already drafted) and forward it for our review?

3.      Please expand the appraisal worksheet so that the violator(s) will be on notice as to the entered classification, and the correct classification that should have been filed for each line item.

5.      Are you contemplating naming any individual(s) as co-violators, and, if so who, and what is the evidence of each individual violator's culpability?   Unless a corporate entity has only one employee who is also the sole officer and shareholder and board member, being an officer alone is not evidence of culpability, and being the registered agent for service of process no evidence whatsoever.  The standard of individual culpability is set forth in the CIT's 1983 Appendagez's decision:

"While it is true that corporate officers are not liable for the illegal actions of others in the corporation merely by virtue (
their positions or offices, they may become liable, however, if they knowingly participate in such actions." [Liability ma
attach when the activities of the corporate officer] "involved direct participation, some lesser degree of informed
participation, or even an omission of a duty to correct false invoices when the falsity and materiality of the
representations on the invoices were brought to his attention."

On the other hand, if we don't have the evidence to name any individual as a co-violator, this company may go bye-bye, possibly opening up under a different corporate name and IR number.

Alan

---

From: AGEE, SANDRA
Sent: Friday, May 20, 2011 3:30 PM
To: COHEN, ALAN C
Subject: RE: Sterling Footwear proposed ppn

Thanks for the info.

Sandy

---

From: COHEN, ALAN C
Sent: Friday, May 20, 2011 9:12 AM
To: HAGANS, YVONNE L; GONZALEZ, MIRTA M; HALEY-FIELDS, KASSANDRA; DEHAVEN, JEFFREY C; AGEE, SANDRA
Cc: CONNORS, JOHN E
Subject: Sterling Footwear proposed ppn

I have the proposed $22 million and change ppn against Sterling.  I'll review it and if I have no problems I'll run it up the flag pole, hopefully on Monday.

HQ case no. is H165857

5/26/2011

GOV0005857

**AGEE, SANDRA**

| | |
|---|---|
| **From:** | JONES, ARLINDA |
| **Sent:** | Tuesday, May 24, 2011 2:43 PM |
| **To:** | COHEN, ALAN C |
| **Cc:** | WHITNEY, BENJAMIN L; AGEE, SANDRA; ERECE, JONATHAN A; ROMERO, KATHERINE M |
| **Subject:** | RE: Sterling Footwear proposed ppn |
| **Attachments:** | PPN Sterling Footwear.pdf |

Mr. Cohen,

Here is a copy of the latest Sterling Footwear Inc. penalty.


Arlinda Jones-Seymour
Senior Import Specialist (ISET) 715
Import Specialist Enforcement Team
Customs and Border Protection
301 East Ocean Blvd., 9th Floor
Long Beach, California 90802
Office (562) 366-3243
Fax    (562) 628-7904

---

**From:** COHEN, ALAN C
**Sent:** Tuesday, May 24, 2011 8:16 AM
**To:** JONES, ARLINDA
**Cc:** WHITNEY, BENJAMIN L; AGEE, SANDRA; ERECE, JONATHAN A; ROMERO, KATHERINE M
**Subject:** RE: Sterling Footwear proposed ppn

Arlinda,

Thanks! Obviously you need to correct the spelling of "regulations".

Who are the violators? (see question 5).

Also, I would change the second sentence under "facts establishing the violation." Since 1989, we have not had to prove why a party commits a violation to establish fraud, only, for fraud, that the falsity or omission was done knowingly and intentionally. If we make an unnecessary allegation, we may wind up having to prove it. I would change the sentence to "The footwear was misclassified, resulting in the underpayment of duties."

Were the entries filed under the names One Ambition and Arash Raminafar also misclassified? You should state so, either way.

If Janet Huynh and Nancy Ng going to be named as co-violators, they need to be tied into all the allegations in the paragraph – were they the human beings behind all the corporate entities and the human beings responsible for the falsities, regardless of the name of the IOR?

I'll also await your responses to 2 and 4.

Thanks,

Alan

---

**From:** JONES, ARLINDA

5/24/2011

GOV0005858

**Sent:** Tuesday, May 24, 2011 10:37 AM
**To:** COHEN, ALAN C
**Cc:** WHITNEY, BENJAMIN L; AGEE, SANDRA; ERECE, JONATHAN A; ROMERO, KATHERINE M
**Subject:** RE: Sterling Footwear proposed ppn

Mr. Cohen,

The Sterling Footwear, Inc. PPN is attached for your review.

Arlinda Jones-Seymour
Senior Import Specialist (ISET) 715
Import Specialist Enforcement Team
Customs and Border Protection
301 East Ocean Blvd., 9th Floor
Long Beach, California 90802
Office (562) 366-3243
Fax  (562) 628-7904

---

**From:** WHITNEY, BENJAMIN L
**Sent:** Monday, May 23, 2011 12:48 PM
**To:** JONES, ARLINDA
**Subject:** FW: Sterling Footwear proposed ppn

Arlinda,

I know there was a pre-penalty notice drafted as part of the penalty package for Sterling. When it is sent to HQ for review, is that removed? See question #1 below.

**Ben Whitney**
Senior Import Specialist, CST 723
301 E. Ocean Blvd. Suite 700
Long Beach, CA 90802
Ph: (562) 366-5696
Fax: (562) 366-5532

---

**From:** COHEN, ALAN C
**Sent:** Monday, May 23, 2011 5:51 AM
**To:** AGEE, SANDRA
**Cc:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; DEHAVEN, JEFFREY C; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; DALY, ELLEN C; CONNORS, JOHN E; HALEY-FIELDS, KASSANDRA
**Subject:** RE: Sterling Footwear proposed ppn

Sandra,

I have briefly reviewed the file. Here are my comments:

1.     There does not appear to be a draft prepenalty notice. Could you draft it (if not already drafted) and forward it for our review?

3.     Please expand the appraisal worksheet so that the violator(s) will be on notice as to the entered classification, and the correct classification that should have been filed for each line item.

5/24/2011

GOV0005859

◼️

·5.      Are you contemplating naming any individual(s) as co-violators, and, if so who, and what is the evidence of each individual violator's culpability? Unless a corporate entity has only one employee who is also the sole officer and shareholde and board member, being an officer alone is not evidence of culpability, and being the registered agent for service of process no evidence whatsoever. The standard of individual culpability is set forth in the CIT's 1983 Appendagez's decision:

> "While it is true that corporate officers are not liable for the illegal actions of others in the corporation merely by virtue their positions or offices, they may become liable, however, if they knowingly participate in such actions." [Liability m: attach when the activities of the corporate officer] "involved direct participation, some lesser degree of informed participation, or even an omission of a duty to correct false invoices when the falsity and materiality of the representations on the invoices were brought to his attention."

On the other hand, if we don't have the evidence to name any individual as a co-violator, this company may go bye-bye, possibly opening up under a different corporate name and IR number.

Alan

---

**From:** AGEE, SANDRA
**Sent:** Friday, May 20, 2011 3:30 PM
**To:** COHEN, ALAN C
**Subject:** RE: Sterling Footwear proposed ppn

Thanks for the info.

Sandy

---

**From:** COHEN, ALAN C
**Sent:** Friday, May 20, 2011 9:12 AM
**To:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; HALEY-FIELDS, KASSANDRA; DEHAVEN, JEFFREY C; AGEE, SANDRA
**Cc:** CONNORS, JOHN E
**Subject:** Sterling Footwear proposed ppn

I have the proposed $22 million and change ppn against Sterling. I'll review it and if I have no problems I'll run it up the flag pole, hopefully on Monday.

HQ case no. is H165857

Alan

5/24/2011

GOV0005860

# AGEE, SANDRA

**From:** JONES, ARLINDA
**Sent:** Tuesday, May 24, 2011 7:37 AM
**To:** COHEN, ALAN C
**Cc:** WHITNEY, BENJAMIN L; AGEE, SANDRA; ERECE, JONATHAN A; ROMERO, KATHERINE M
**Subject:** RE: Sterling Footwear proposed ppn
**Attachments:** Sterling Footwear PPN.pdf

Mr. Cohen,

The Sterling Footwear, Inc. PPN is attached for your review.

Arlinda Jones-Seymour
Senior Import Specialist (ISET) 715
Import Specialist Enforcement Team
Customs and Border Protection
301 East Ocean Blvd., 9th Floor
Long Beach, California 90802
Office (562) 366-3243
Fax (562) 628-7904

---

**From:** WHITNEY, BENJAMIN L
**Sent:** Monday, May 23, 2011 12:48 PM
**To:** JONES, ARLINDA
**Subject:** FW: Sterling Footwear proposed ppn

Arlinda,

I know there was a pre-penalty notice drafted as part of the penalty package for Sterling. When it is sent to HQ for review, is that removed? See question #1 below.

**Ben Whitney**
Senior Import Specialist, CST 723
301 E. Ocean Blvd. Suite 700
Long Beach, CA 90802
Ph: (562) 366-5696
Fax: (562) 366-5532

---

**From:** COHEN, ALAN C
**Sent:** Monday, May 23, 2011 5:51 AM
**To:** AGEE, SANDRA
**Cc:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; DEHAVEN, JEFFREY C; WHITNEY, BENJAMIN L; ERECE, JONATHAN A; DALY, ELLEN C; CONNORS, JOHN E; HALEY-FIELDS, KASSANDRA
**Subject:** RE: Sterling Footwear proposed ppn

Sandra,

I have briefly reviewed the file. Here are my comments:

1.      There does not appear to be a draft prepenalty notice. Could you draft it (if not already drafted) and forward it for our review?

GOV0005861

3.	Please expand the appraisal worksheet so that the violator(s) will be on notice as to the entered classification, and the correct classification that should have been filed for each line item.

5.	Are you contemplating naming any individual(s) as co-violators, and, if so who, and what is the evidence of each individual violator's culpability?   Unless a corporate entity has only one employee who is also the sole officer and shareholder and board member, being an officer alone is not evidence of culpability, and being the registered agent for service of process is no evidence whatsoever.  The standard of individual culpability is set forth in the CIT's 1983 Appendagez's decision:

> "While it is true that corporate officers are not liable for the illegal actions of others in the corporation merely by virtue of their positions or offices, they may become liable, however, if they knowingly participate in such actions." [Liability may attach when the activities of the corporate officer] "involved direct participation, some lesser degree of informed participation, or even an omission of a duty to correct false invoices when the falsity and materiality of the representations on the invoices were brought to his attention."

On the other hand, if we don't have the evidence to name any individual as a co-violator, this company may go bye-bye, possibly opening up under a different corporate name and IR number.

Alan

---

**From:** AGEE, SANDRA
**Sent:** Friday, May 20, 2011 3:30 PM
**To:** COHEN, ALAN C
**Subject:** RE: Sterling Footwear proposed ppn

Thanks for the info.

Sandy

---

**From:** COHEN, ALAN C
**Sent:** Friday, May 20, 2011 9:12 AM
**To:** HAGANS, YVONNE L; GONZALEZ, MIRTA M; HALEY-FIELDS, KASSANDRA; DEHAVEN, JEFFREY C; AGEE, SANDRA
**Cc:** CONNORS, JOHN E
**Subject:** Sterling Footwear proposed ppn

I have the proposed $22 million and change ppn against Sterling.  I'll review it and if I have no problems I'll run it up the flag pole, hopefully on Monday.

HQ case no. is H165857

Alan

GOV0005862

5/24/2011