# EXHIBIT V

2011 Customs Internal Memorandum re Alex Ng

# U.S. CUSTOMS AND BORDER PROTECTION
## Department of Homeland Security

*Memorandum*

MEMORANDUM FOR:  HQ Chief Counsel

FROM:  Ben Whitney
　　　　Senior Import Specialist, CST 723

SUBJECT:  Sterling Footwear penalty

Date: 03/24/2011

I agree with LA/ Long Beach Chief Counsel's recommendation to assess a penalty against Sterling Footwear, Alex Ng, Nancy Ng, and Janet Hyunh. The proposed 1592 penalty in the amount of $20,758,323.88 is for misclassification of footwear at a culpability level of gross negligence. Additionally, a 1592(d) demand is proposed to be issued in the amount of $5,189,880.97 to recover uncollected duties.

Sterling Footwear, Inc. primarily used one Customs brokerage during the period covered by this penalty. This brokerage is Seattle Logistics, Inc. (filer code CEB). The individual broker within this office who handled Sterling Footwear, Inc. is a Mr. Scott Kaufman. Mr. Kaufman, along with representatives from Sterling Footwear, Inc., met with Customs and Border Protection after the initial misclassfications were discovered.

As per Chief Counsel's recommendation, I also amended the total loss of revenue and penalty amount to reflect the error in classification on entry CEB-00026009. Originally, the total LOR was $5,191,727.47 with a total penalty amount of $20,766,909.88. After correcting this one entry, the correct LOR is $5,189,880.97 with a penalty amount of $20,758,323.88.

I believe Mr. Kaufman was very forthcoming in his dealings with Customs and Border Protection while CBP was collecting information relevant to this possible penalty action. Additionally, Mr. Kaufman of Seattle Logistics, Inc. severed any business relationship with Sterling Footwear, Inc. at the time in which he believed they were not be honest with him about the classification of the imported merchandise.

*Vigilance  ★  Service  ★  Integrity*

GOV0005756

Mr. Kaufman provided a statement along with email traffic between himself and Sterling Footwear to Customs and Border Protection. Due to this information, I do not believe it is appropriate to pursue Seattle Logistics, Inc. for a possible referral of a broker penalty.

Please feel free to contact me if you have any questions. Thank you.

Sincerely,

Ben Whitney
Senior Import Specialist, CST 723
Los Angeles/ Long Beach Seaport
(562) 366-5696

GOV0005757

# EXHIBIT W

2009 Customs Internal Memorandum re Alex Ng

**DATE:** 12/28/2009

**TO:** Jonathan Erece, Supervisory Import Specialist
Acting Trade Enforcement Coordinator
Los Angeles- Long Beach Seaport

**FROM:** Ben Whitney
Import Specialist, Team 723

**SUBJECT:** Sterling Footwear, Inc (IR#20-893853700)
Alex Ryan Ng (CEO)
Janet Huynh (COO)
Nancy Ng (Logistic Coordinator)

**SYNOPSIS:**

During the time period of July 2007 through October 2009, Sterling Footwear Inc. imported various styles of footwear which were knowingly misclassified to avoid paying high rates of duty. Sterling Footwear, Inc. filed a total of 363 entries during this period. Of these 363 entries, 337 were filed incorrectly. The 26 remaining entries were filed correctly due to constant monitoring by Import Specialists after misclassifications were discovered. Regardless of the style of footwear, the misclassified entries were filed using the HTS classification of 6402.91.40/ 6%. The footwear is correctly classified under various duty rates ranging from 8.5% to 90 cents per pair + 37.5%. Prior to the misclassification of footwear using the IR# for Sterling Footwear, Inc., Alex Ng (CEO) imported the same misclassified footwear line using IR# 13-4727809 for One Ambition, LLC. In addition, the same footwear was also entered using IR# 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 for Arash Raminfar and listing One Ambition as the ultimate consignee until Sterling Footwear, Inc. was established. Once the misclassifications were identified for Sterling Footwear, Inc. by U.S. Customs and Border Protection, Alex Ng, Janet Huynh, and Nancy Ng attempted to evade duties by importing the same merchandise, again misclassified, under IR# 26-4301732 for Ng Branding, LLC.

**STATUTE OF LIMITATIONS:**

The statute of limitations runs from the date of violation, herein the date of entry. The first date of entry from this group of 337 entries is July 17, 2007. The statute of limitations runs five years from that date. The statute of limitations runs to July 17, 2012.

## PROPOSED ACTION:

A penalty for gross negligence under 19 USC 1592 is to be assessed against Sterling Footwear, Inc. in the amount of $20,758,323.88. $20,758,323.88 represents four times the total loss of revenue for the entries filed by Sterling Footwear, Inc. between July 2007 through October 2009. The actual loss of revenue ($1,835,862.91) plus the potential loss of revenue ($3,353,718.06) equals the total loss of revenue ($5,189,580.97). In addition, the duties owed to Customs and Border Protection in the amount of $5,189,580.97 are to be collected under 19 USC 1592(d). It should be noted that CF29 notices of action have been sent to the importer/broker for the unliquidated entries with no payment being received by CBP to date.

## BACKGROUND:

On March 26, 2004, One Ambition, LLC was established in the state of California with Alex Ryan Ng listed as the agent for service of process. The status listed on the Calfifornia business portal website (www.kepler.sos.ca.gov) for One Ambition, LLC is now "cancelled". On February 03, 2006, One Ambition, LLC obtained IR#13-472780900 and filed the first of 73 entries with U.S. Customs and Border Protection. All 73 entries were filed using an incorrect HTS number of 6402.91.4050/ 6%. One Ambition, LLC filed their last entry using this IR# on April 20, 2007. (Exhibit A)

On April 04, 2007, One Ambition, LLC obtained a second IR# 03-06074990 which was utilized only as an ultimate consignee number for a total of 13 entries. These 13 entries were filed using IR# 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 as the importer of record. This IR# belongs to Arash Raminifar of Clearpoint, Int'l (filer MN8). Twelve of these entries were filed using the same incorrect HTS# 6402.91.4050/ 6%. One of these entries was filed using another incorrect HTS# 6402.91.3165/ 6%. The last of these entries was filed July 17, 2007. These entries were filed using the bond for Arash Raminafar even though the bond for One Ambition, LLC (IR# 13-472780900) would not expire until August 7, 2007.

On April 23, 2007, Sterling Footwear, Inc. was registered as a corporation in the state of California. Alex Ryan Ng is listed as the agent for service of process as per the California Business Portal website (www.kepler.sos.ca.gov). As of December 17, 2009, Sterling Footwear, Inc. is listed as an active corporation. (Exhibit B)

On July 13, 2007, Sterling Footwear, Inc. obtained an importer of record number (20-893853700) and filed their first entry with U.S. Customs and Border Protection on July 17, 2007. (Exhibit C)

All of Sterling Footwear's entries, unless specifically instructed by IS Whitney or IS Weeks to reclassify under the correct HTS number at time of entry, were submitted using HTS 6402.91.4050/ 6% which provides for footwear, with outer soles and uppers of rubber or plastics; which is not "sports footwear"; which covers the ankle; in which the upper's external surface area is over 90% rubber and/or plastics (including accessories and reinforcements); which has an upper of non-molded construction formed by sewing the parts together and having exposed on the outer surface a substantial portion of functional stitching; which does not have a foxing or a

2

GOV0005921

foxing-like band; and which is not designed to be a protection against water, oil or cold or inclement weather. The rate of duty is 6% ad valorem.

On May 19, 2009, entry CEB-00042295 was targeted for exam by Import Specialist Linda Simeon of CST 723. Once examined, samples were sent to IS Simeon to verify classification. All samples revealed that the classification used was incorrect.

-Style 19FLR129W was a women's textile upper, rubber sole, Ed Hardy trademarked, foxing like band, slip on, closed toe, closed heel, made in Viet Nam, athletic shoe. The correct classification for this style is 6404.19.5060/ 48%.

On June 4, 2009, a rate advance was processed and a Notice of Action (CF29) was issued informing Sterling Footwear, Inc. of the proper classification. A copy of the CF29 was sent to the broker for this entry as well. (Exhibit D)

Senior Import Specialist Barbara Weeks (CST 723) contacted Sterling Footwear's broker, Scott Kaufman of Seattle Logistics (filer CEB), to discuss classification issues. IS Weeks explained why the samples from the shipment were incorrectly classified and informed the broker that Sterling Footwear is required to review all unliquidated entries, correct all classifications that were previously found to be incorrect, and submit post entry amendments along with duties owed for those entries.

As of July 09, 2009, Sterling Footwear, Inc. had not filed a post entry amendment as previously instructed. Based on the style numbers on commercial invoice 132/DH-ST/09 for entry number CEB-00042295, IS Weeks issued a Notice of Action (CF29) to Sterling Footwear, Inc., for entries CEB-0043400, CEB-00042303, CEB-00043384, and CEB-00043392. (Exhibit E)

On July 17, 2009, Customs and Border Protection received check #2252 for $62,370.00 from Sterling Footwear signed by Alex Ng. The check was forwarded to the LA/ Long Beach financial team to be applied to the rate advances on these four entries. (Exhibit F)

On July 16, 2009, IS Ben Whitney targeted three entries (ES3-20333264, ES3-20333231, and ES3-20333249) filed by Sterling Footwear Inc. using the same HTS classification (6402.91.4050/ 6%) previously determined to be incorrect on prior examined shipments.

On July 23, 2009, IS Whitney examined a sample of style 19FLR803M from entry ES3-20333264. (Exhibit G)

-Style 19FLR803M was a men's, canvas upper, rubber sole, foxing like band, slip on, Ed Hardy trademark, made in Viet Nam, athletic shoe, $3.00/pair. The correct classification for this style is 6404.19.5030/ 48%. All styles in this shipment were the same shoe, some men's and some women's, containing only color variations. Broker ES3 was contacted and informed of classification changes.

On July 23, 2009, IS Whitney examined samples 19FLR201W, 19FHR201M, 19FTB101W, 19FSL101W, 29FBR101K, 19FRL101W, and 19SLR601M from entry CEB-20333231. (Exhibit H)

3

GOV0005922

GOV0006923

-Style 19FLR201W was a women's plastic/ canvas upper, rubber sole, foxing like band, Ed Hardy trademark, slip on, made in Viet Nam, athletic shoe, $3.30/ pair. The correct classification for this style is 6402.99.7060/ 90 cents per pair plus 37.5%

-Style19FHR201M was a men's plastic upper, rubber sole, foxing like band, high top, Ed Hardy trademark, made in Viet Nam, athletic shoe, $3.75 per pair. The correct classification for this style is 6402.91.7030/ 90 cents per pair plus 37.5%

-Style 19FTB101W was a women's textile upper, rubber sole, foxing like band, high top, Ed Hardy trademark, made in Viet Nam, athletic shoe, $3.50 per pair. The correct classification for this style is 6404.11.7060/ 90 cents per pair plus 37.5%.

-Style 19FSL101W was a women's plastic upper, rubber sole, foxing like band, Ed Hardy trademark, slip on, made in Viet Nam, athletic shoe, $3.00 per pair. The correct classification for this style is 6402.99.6060/ 48%.

-Style 29FBR101K was a children's textile upper, rubber sole, foxing like band, elastic straps over tongue, Ed Hardy trademark, slip on, made in Viet Nam, athletic shoe, $3.00 per pair. The correct classification for this style is 6404.19.5090/ 48%.

-Style 19FLR601M was a men's textile upper, rubber sole, foxing like band, Ed Hardy trademark, slip on, made in Viet Nam, athletic shoe, $3.00 per pair. The correct classification for this style is 6404.19.5030/ 48%.

On July 29, 2009, IS Whitney examined samples 19FSZ401W, 19FDN102W, and 19FAP101W from entry ES3-20333249. (Exhibit I)

-Style 19FSZ401W was a women's leather upper, rubber sole, closed toe, closed heel, knee high, Ed Hardy trademark, made in Viet Nam, boot. The correct classification for this style is 6403.91.9045/ 10%.

-Style 19FDN102W was a women's leather upper with fringe, rubber sole, over ankle, Ed Hardy trademark, made in Viet Nam, boot. The correct classification for this style is 6403.91.9045/ 10%.

-Style 19FAP101W was a women's plastic upper, rubber sole, foxing like band, over ankle, Ed Hardy trademark, made in Viet Nam, athletic shoe, $4.25 per pair. The correct classification for this style is 6402.91.7060/ 90 cents per pair plus 37.5%.

On July 24, 2009, IS Whitney contacted Jessie Chen at Chiu-Chou Lee, CHB (filer ES3) to discuss the footwear classifications and recent exams for Sterling Footwear, Inc. IS Whitney asked Ms. Chen if Sterling Footwear provided the footwear classifications for the entries. Ms. Chen replied "Yes". IS Whitney informed Ms. Chen that the HTS #6402.91.4050/ 6% is not applicable to any styles of footwear that Sterling Footwear, Inc. imports. IS Whitney informed Ms. Chen that any future entries would be rejected until proper classifications are reported.

On July 29, 2009, Sterling Footwear, Inc. met with Team 723 to discuss classification issues and possible penalty actions. In attendance were:

Don Osier (Supervisory Import Specialist)
Barbara Weeks (Senior Import Specialist)
Ben Whitney (Import Specialist).
Nancy Ng (Logistics Coordinator)
Janet Huynh (COO)
Scott Kaufman (Seattle Logistics, Inc., filer CEB)

4

Janet Huynh stated that the owner of Sterling Footwear, Inc., Alex Ng, was out of town and could not attend. During the meeting, Team 723 explained all classification issues and provided Sterling Footwear, Inc. with informed compliance handouts. In addition, Sterling Footwear, Inc. was instructed, for a second time, that they needed to review all unliquidated entries and correct any classifications that were previously identified by submitting post entry amendments and tendering the duties owed. Team 723 also pointed out to Sterling Footwear, Inc. that failure to comply with this second request or a failure to properly classify merchandise on future entries would result in possible penalty action. All representatives from Sterling Footwear, Inc., along with their broker, agreed that the company would start the process of reviewing past entry documents and submitting post entry amendments along with duties owed. It was also confirmed by all present that Scott Kaufman would be handling the post entry amendments for all concerned entries regardless of which broker originally filed the entry. (Exhibit J)

On August 21, 2009, Sterling Footwear, Inc. filed their last ocean entry (CEB-00053813). On August 25, 2009, IS Whitney targeted entry WR5- 01343706 for an importer named NG Branding, LLC (IR # 26-430173200). While conducting research on the company, IS Whitney discovered that NG Branding had registered with the state of California as an LLC on February 13, 2009, with the agent for service of process listed as Alex Ng. (Exhibit K)

When the targeted entry was received by IS Whitney, he noticed that the address on the entry documents (1501 S. Alameda Street, Suite #B, Los Angeles, CA 90021) was nearly identical to the most recent entries filed by Sterling Footwear, Inc. The only difference in the address was the suite number. In addition, the invoice was identical to prior Sterling Footwear, Inc. entries. IS Whitney called the phone number on the business cards given by Janet Huynh and Nancy Ng when CST 723 met with Sterling Footwear, Inc. The receptionist answered as NG Branding, LLC. The style numbers on the invoices were the same styles entered by Sterling Footwear, Inc. (Exhibit L)

Entry WR5-01343706 contained the same styles previously entered by Sterling Footwear and were being imported by NG Branding, LLC and classified under HTS 6405.20.9060/12% which provides for other footwear, with uppers of textile material and outer soles of other than rubber, plastics, leather or composition leather; in which the upper, by weight, predominately consists of other than vegetable fibers or wool (linings, accessories or reinforcements not included). This HTS classification is used for shoes which have textile uppers along with textile soles. These same styles were previously discussed during the meeting with Sterling Footwear, Inc. IS Weeks had explained to Ms. Huynh and Ms. Ng. that these styles were to be classified using HTS 6404.19.50 or 6404.19.70 depending on the price per pair. Samples were taken from the shipment and sent to IS Whitney. Upon examination, the samples did not have textile on the soles and were therefore misclassified. The correct classification for these shoes is 6404.19.5060/ 48% and 6404.19.7060/ 90 cents per pair plus 37.5%.

In addition to having been again misclassified, the value of the footwear had been reported at a lower amount. For example, Entry CEB-00050405 for Sterling Footwear, Inc. contains invoice 153/DH-ST-09 stating that style 19FHR sold for $3.50/ pair. Entry WR5-01343706 for NG Branding, LLC contains Invoice 10/HUU-SF/09 stating that style 19FHR sold for $2.75/ pair. On September 08, 2009, IS Whitney contacted Janet Huynh. IS Whitney asked why a

5

GOV0005924

classification requiring footwear to have textile soles was being used. Ms Huynh replied that the shoes do have textile soles. IS Whitney then asked Ms. Huynh how they are buying the exact same footwear, yet had added the process of applying textile to the soles, for a lower price than previously reported. Ms. Huynh replied that the process of applying the textile soles was being completed by the manufacturer as a favor for no fee to Alex, the owner, as he has had a good business relationship with them for a long time. IS Whitney then asked why, if this process is being done for free, the values actually went down. Ms. Huynh stated that she had begun to deduct all packaging costs from the price on the invoice. She stated that she subtracts the packaging costs out of the price, creates a new invoice, and uses that for Customs purposes. IS Whitney asked why she decided to do this and how long she had been doing so. Ms. Huynh stated that her broker advised her that she didn't have to pay duty on packaging and that she wasn't sure when she started doing it. IS Whitney asked Ms. Huynh if she had deducted the packaging costs on both Ng Branding entries and Sterling Footwear entries. Ms. Huynh replied that she only did this on Ng Branding entries. IS Whitney advised Ms. Ng that the footwear examined does not contain textile soles and that the value of packaging is to be added to the price actually paid or payable. IS Whitney advised Ms. Huynh that Ng Branding is now required to submit post entry amendments with the correct value and classification for all applicable entries. Ng Branding, LLC tendered an additional $119,009.68 for this issue.

On September 08, 2009, IS Whitney contacted Scott Kaufman (Seattle Logistics, Inc. CHB) to inquire about the status of the pending post entry amendments for Sterling Footwear, Inc. Mr. Kaufman informed IS Whitney that he would no longer be working with Sterling Footwear, Inc. Mr. Kaufman advised IS Whitney that he didn't feel that they (Sterling Footwear, Inc.) were being upfront with him and didn't feel as though they ever had intentions of paying any duties owed. Mr. Kaufman said that he advised Sterling Footwear, Inc. that he would no longer do any business with them and advised them that it may be in their best interest to obtain the services of a reputable customs attorney.

On September 09, 2009, IS Whitney submitted a document request through ACS for all entries filed by Sterling Footwear, Inc. during the time period of July 2007 through October 2009 which had been filed at the LA/ Long Beach Seaport and the Los Angeles International Airport. There were a total of 363 entries.

On September 10, 2009, IS Whitney began processing rate advances for all entries filed in the port of LA/ Long Beach that had not yet liquidated or were within 90 days of liquidation. Notices of Action (CF29) were sent for all entries rate advanced to both Sterling Footwear, Inc. and the appropriate broker who had originally filed the entry. In addition, the entries which were filed at LAX were rate advanced and Notices of Action (CF29) were sent to Sterling Footwear, Inc. by Commodity Specialist Team 741 at LAX. (Exhibit M)

IS Whitney then began to research classifications of all other entries for Sterling Footwear, Inc. in which the liquidation cycle had already ended. IS Whitney contacted Nancy Ng of Sterling Footwear, Inc. to get more information about these styles to accurately classify them. Ms. Ng informed IS Whitney as to the method used to create style numbers for the footwear Sterling Footwear, Inc. imports. Ms. Ng explained using an example of style 19FLR801W. The first digit, 1, indicates the brand (1 indicates Ed Hardy adult, 2 indicates Ed Hardy childrens). The second digit, 9, indicates the year (2009). The next three letters, FLR, indicate the name given to

6

GOV0005925

the style (Lowrise). The next three digits, 801, indicate the specific color or tattoo design applied to the shoe. The last digit, W, indicates that the shoe is for women (M for men and K for kids or children). Ms. Ng also said that information about almost all styles, depending on how old they are, could be found on the Ed Hardy website (http://www.donedhardyshoes.com/) where the imported shoes are sold.

While reviewing entry numbers CEB-00026009 and CEB-00034029 for Sterling Footwear, Inc., IS Whitney noticed two styles (38FST103M and 79SSY100W) that he had not yet seen on any previous entries. IS Whitney asked Ms. Ng if she could supply information about these styles.

-On September 25, 2009, Nancy Ng replied by email regarding style 38FST103M. Ms. Ng stated that since they were the importer of record and not the designer, she did not have records for styles from 2008. (*Exhibit N*)

-On October 5, 2009, Nancy Ng replied by email regarding style 79SSY100W. Ms. Ng stated that the entire brand for 79 had been dropped. IS Whitney responded by informing Ms. Ng that the style was represented on entry CEB-00034029 and that he needed to verify that the correct duty was paid. He further informed her that if she could not provide a picture or description of the style, he would assume it is similar to other styles that for which they had paid the same price. (*Exhibit N*)

On both emails, the email address for Nancy Ng was displayed as nancy@ngbranding.com. However, she was answering questions regarding Sterling Footwear, Inc.'s entries. (*Exhibit N*)

On October 8, 2009, Sterling Footwear, Inc. filed their final entry at LAX (DQ7-15091970).

On October 23, 2009, Sterling Footwear, Inc.'s bond (9907P2996) expired. (*Exhibit O*)

On October 29, 2009, IS Whitney contacted all brokers (filers ES3, MN8, 551, EW2, BAE, BDN, DQ7, and CEB) who filed entries during the time period of July 2007 through October 2009 for Sterling Footwear, Inc., and emailed questions as to their dealings with Sterling Footwear, Inc. In addition, copies of the powers of attorney that each broker had obtained prior to filing entries for Sterling Footwear, Inc. were requested to be included in their reply emails.

Filers EW2, MN8, 551, ES3, and DQ7 all replied that classifications were given to them by Sterling Footwear, Inc. Filer 551 attached email correspondence between Amanda Rose (filer 551) and Nancy Ng of Sterling Footwear. In these emails, Ms. Ng advises as to which classification is to be used. (*Exhibit P*)

Filers BAE and BDN replied that they were given the classifications by Seattle Logistics (filer CEB). Seattle Logistics had acquired the services of BAE and BDN for a short time because they did not have the ability to file remote entries at the time. (*Exhibit P*)

On November 30, 2009, Scott Kauffman of Seattle Logistics (filer CEB) replied that all classifications used were provided by Sterling Footwear, Inc. Mr. Kauffman also mentioned that he had questioned classifications on several occasions and was instructed that 6402 was the

7

GOV0005926

correct classification and "therefore, that's what we submitted." Mr. Kauffman also attached email correspondence between himself and Janet Huynh in which Ms. Huynh advises as to which classifications are to be used for Sterling Footwear, Inc. entries. (*Exhibit P*)

All brokers included a copy of the power of attorney for Sterling Footwear, Inc. Six of the powers of attorney were signed by Alex Ng. One power of attorney was signed by Nancy Ng. One power of attorney was signed by Janet Huynh. (*Exhibit P*)

On October 30, 2009, National Account Manager, Christine Hogue, and Supervisory Account Manager, Michael Maricich, met with Alex Ng, his attorneys, Janey Huynh, and Nancy Ng at 1501 S. Alameda St. Suite B, Los Angeles, CA. The reason for the meeting was to discuss the Account Management Program with NG Branding. During the meeting, C. Hogue had explained that NG Branding was selected to be a Managed Account based on the misclassification and value issues discovered by the Commodity Team. C. Hogue inquired as to why the address listed on entry summaries was for suite C as the meeting was taking place in suite B. Ms. Ng stated that NG Branding occupies both suite B and C. When asked if Mr. Ng was related to any of the manufacturers, he replied "no". When asked who determined the classifications for the footwear, Janet Huynh and Nancy Ng stated that they rely on their brokers to classify footwear. When asked why they deducted the packing costs from the invoices, Janet Huynh stated that they did that based on advice from their Seattle broker. C. Hogue inquired about the Seattle broker since NG Branding's brokers were located in El Segundo and Compton California. Their attorney intervened and said that the advice came to them when they worked for another company. M. Maricich inquired about the name of the previous company and their attorney (Elon Pollack) replied Sterling Footwear. (*Exhibit Q*)

On November 3, 2009, C. Hogue sent a copy of her notes from her meeting with NG Branding to all of the meeting participants for review.

On November 5, 2009, Elon Pollack provided C. Hogue with his edits to the notes from their meeting. E. Pollack did not make any edits with regards to the mention of Sterling Footwear. (*Exhibit Q*)

On November 19, 2009, IS Whitney received eight entries for Sterling Footwear, Inc. which had been requested from broker ES3. These entries were ES3-20329742, ES3-20333314, ES3-20335095, ES3-20333280, ES3-20333306, ES3-20337810, ES3-20337794, and ES3-20337828. Attached to each of the entry packages was an email from Alex Lin of MGL (USA), Inc., a freight forwarder who handled some entries for Sterling Footwear, Inc. In each email, Alex Lin was instructing Jessie Chen of Chiu-Chou Lee CHB (filer ES3) as to which HTS classification to use when clearing entries for Sterling Footwear, Inc. IS Whitney contacted Mr. Lin and asked where he had obtained the HTS classifications for the entries. Mr. Lin said that all classifications for Sterling Footwear, Inc. were given to him by Sterling Footwear, Inc. through email. IS Whitney emailed Mr. Lin to confirm their conversation.

On November 20, 2009, IS Whitney received an email from Mr. Lin confirming his statements from the previous day. The email also included five attachments of emails sent from Nancy Ng of Sterling Footwear, Inc. to Mr. Lin advising Mr. Lin on the classification. (*Exhibit P*)

8

GOV0005927

On December 8, 2009, IS Whitney did a search for a website for NG Branding online. A website was found on Google.com which showed a link to www.ngbranding.com. This link has not yet been developed and only shows "Coming Soon". Under the link for www.ngbranding.com, another link within this website shows www.ngbranding.com/sterlingfw/. This link directs the user a website for Sterling Footwear. The website makes the following statements:

1. "Alex Ng, CEO of Sterling Footwear".
2. "Currently Sterling Footwear manufactures and coordinates distribution of shoes..."
3. "In 2008 alone Sterling Footwear manufactured and shipped 2 million pairs of shoes."
4. "Conveniently located in Downtown Los Angeles, fashion central of the world, with branches in areas of Eastern Asia, Sterling Footwears outreach and connections have influence in all major manufacturing areas." (*Exhibit R*)

## CONCLUSION:

Based upon the evidence presented, an act of gross negligence was committed by Sterling Footwear, Inc. Alex Ng, Janet Huynh, and Nancy Ng knowingly misclassified footwear to avoid high duty rates. Although these individuals were informed numerous times that the reported classifications were incorrect, they continued to declare to US Customs and Border Protection incorrect classifications. Additionally, Alex Ng repeatedly creates new companies to avoid outstanding bills from U.S. Customs and Border Protection. In all, the same line of footwear was misclassified under One Ambition, LLC, Arash Raminafar, Sterling Footwear, Inc., and NG Branding, LLC. All companies have Alex Ng listed as the agent for service of process.

The importer's actions have resulted in a potential loss of revenue in the amount of $3,353,718.06 (unpaid) and an actual loss of revenue in the amount of $1,835,862.91.

The protest period for the entries included in this penalty ended on August 4, 2010. Counsel for Sterling Footwear filed a protest regarding the rate advances taken on fifty (50) of these entries. The protest was based on an argument that the rate advances were not done timely. At no time did Sterling Footwear, or counsel for Sterling Footwear, argue the actual re-classification of the footwear from any of the entries in this penalty.

**STERLING FOOTWEAR, INC.**
**19 USC 1592 PENALTY**
**CASE NUMBER:**

## LIST OF EXHIBITS:

EXHIBIT A   California Business Portal Printout for One Ambition, LLC. ACS importer query, bond query, and power of attorney for One Ambition, LLC
EXHIBIT B   California Business Portal Printout for Sterling Footwear, Inc.
EXHIBIT C   ATS4 Trade Entity Detail sheet for Sterling Footwear, Inc.
EXHIBIT D   CF29 Notice of Action and pictures for Entry CEB-00042295

GOV0005928

# EXHIBIT X

Government's Privilege Log

Case No. 12-00193

| Document Page | Date | Author | Description | Privilege and Basis |
|---|---|---|---|---|
| GOV0005751 | 1/4/12 | Timothy Fanning | Referal of Penalty for FP&F processing | AC - Attorney-Client Privilege (reflecting legal advice) |
| GOV0005753 | 1/10/12 | Yolanda Benitez | Email Regarding HQ approval for Sterling Footwear and another company | Not Responsive - mentions a case not at issue |
| GOV0005763 | 12/10/10 | Benjamin Whitney | Changes Made to Prepenalty based on Counsel's Legal Review of Proposed Penalty memo, page 1 | AC - Attorney-Client Privilege (reflecting counsel's legal advice) |
| GOV0005775 | 3/2/12 | Alan Cohen | Email Regarding Ford Motor Company Analysis | AC - Attorney-Client Privilege (reflecting legal advice) |
| GOV0005793-GOV0005798 | 3/14/12 | CBP | Collection Queries | Investigative File - Function Codes |
| GOV0005820-GOV0005824 | 9/2/2011 - 5/23/2011 | Edward Ruiz | Email exchanges on proposed penatly, pages 4-8 | AC - Attorney-Client Privilege (seeking/providing/reflecting legal advice) |
| | | Alan Cohen | | |
| | | Sharon DeShield | | |
| | | Benjamin Whitney | | |
| | | Sandra Agee | | |
| | | Jeffrey DeHaven | | |
| | | John Connors | | |
| | | Yvonne Hagans | | |
| | | Mirta Gonzalez | | |
| | | Jonathan Erece | | |
| | | Kassandra Haley-Fields | | |
| | | Ellen Daly | | |
| | | Joanne Halley | | |
| | | Mary Cupp | | |
| GOV0005829-GOV0005834 | 9/2/2011 - 5/23/2011 | Edward Ruiz | Email exchanges on proposed penatly, pages 4-9 | AC - Attorney-Client Privilege (seeking/providing/reflecting legal advice) |
| | | Alan Cohen | | |
| | | Sharon DeShield | | |
| | | Benjamin Whitney | | |
| | | Sandra Agee | | |
| | | Jeffrey DeHaven | | |
| | | John Connors | | |

| | | | | |
|---|---|---|---|---|
| | | Yvonne Hagans | | |
| | | Mirta Gonzalez | | |
| | | Jonathan Erece | | |
| | | Kassandra Haley-Fields | | |
| | | Ellen Daly | | |
| | | Joanne Halley | | |
| | | Mary Cupp | | |
| GOV0005835-GOV0005837 | 8/15/2011 - 5/23/2011 | Samantha Lehan | Email exchanges on proposed penatly, pages 1-3 | AC - Attorney-Client Privilege (seeking/providing/reflecting legal advice) |
| | | Edward Ruiz | | |
| | | Jeffrey DeHaven | | |
| | | Sandra Agee | | |
| | | Alan Cohen | | |
| | | John Connors | | |
| | | Yvonne Hagans | | |
| | | Mirta Gonzalez | | |
| | | Benjamin Whitney | | |
| | | Jonathan Erece | | |
| | | Kassandra Haley-Fields | | |
| | | Ellen Daly | | |
| | | Joanne Halley | | |
| | | Mary Cupp | | |
| GOV0005839-GOV0005841 | 8/15/2011 - 5/23/2011 | Samantha Lehan | Email exchanges on proposed penatly, pages 1-3 | AC - Attorney-Client Privilege (seeking/providing/reflecting legal advice) |
| | | Edward Ruiz | | |
| | | Jeffrey DeHaven | | |
| | | Sandra Agee | | |
| | | Alan Cohen | | |
| | | John Connors | | |
| | | Yvonne Hagans | | |
| | | Mirta Gonzalez | | |
| | | Benjamin Whitney | | |
| | | Jonathan Erece | | |
| | | Kassandra Haley-Fields | | |
| | | Ellen Daly | | |
| | | Joanne Halley | | |
| | | Mary Cupp | | |
| GOV0005842-GOV0005843 | 5/27/2011 - 5/23/2011 | Samantha Lehan | Email exchanges on proposed penatly, pages 1-2 | AC - Attorney-Client Privilege (seeking/providing/reflecting legal advice) |

| | | | | |
|---|---|---|---|---|
| | | Edward Ruiz | | |
| | | Jeffrey DeHaven | | |
| | | Sandra Agee | | |
| | | Alan Cohen | | |
| | | John Connors | | |
| | | Yvonne Hagans | | |
| | | Mirta Gonzalez | | |
| | | Benjamin Whitney | | |
| | | Jonathan Erece | | |
| | | Kassandra Haley-Fields | | |
| | | Ellen Daly | | |
| | | Joanne Halley | | |
| | | Mary Cupp | | |
| GOV0005844 | 5/23/11 | Alan Cohen | Email exchanges on proposed penatly, page 2 | AC - Attorney-Client Privilege (seeking/providing/reflecting legal advice) |
| GOV0005845 | | Sandra Agee | | |
| | | Yvonne Hagans | | |
| | | Mirta Gonzalez | | |
| | | Jeffrey DeHaven | | |
| | | Benjamin Whitney | | |
| | | Jonathan Erece | | |
| | | Ellen Daly | | |
| | | John Connors | | |
| | | Kassandra Haley-Fields | | |
| GOV0005848 | 5/23/11 | Alan Cohen | Email exchanges on proposed penatly, page 2 | AC - Attorney-Client Privilege (seeking/providing/reflecting legal advice) |
| GOV0005847 | | Sandra Agee | | |
| | | Yvonne Hagans | | |
| | | Mirta Gonzalez | | |
| | | Jeffrey DeHaven | | |
| | | Benjamin Whitney | | |
| | | Jonathan Erece | | |
| | | Ellen Daly | | |
| | | John Connors | | |
| | | Kassandra Haley-Fields | | |
| GOV0005852 | 5/23/11 | Alan Cohen | Email exchanges on proposed penatly, page 3 | AC - Attorney-Client Privilege (seeking/providing/reflecting legal advice) |
| GOV0005853 | | Sandra Agee | | |
| | | Yvonne Hagans | | |

| | | | | |
|---|---|---|---|---|
| | | Mirta Gonzalez | | |
| | | Jeffrey DeHaven | | |
| | | Benjamin Whitney | | |
| | | Jonathan Erece | | |
| | | Ellen Daly | | |
| | | John Connors | | |
| | | Kassandra Haley-Fields | | |
| GOV0005854 | 5/23/11 | Alan Cohen | Email exchanges on proposed penatly, page 2 | AC - Attorney-Client Privilege (reflecting legal advice) |
| | | Sandra Agee | | |
| | | Yvonne Hagans | | |
| | | Mirta Gonzalez | | |
| | | Jeffrey DeHaven | | |
| | | Benjamin Whitney | | |
| | | Jonathan Erece | | |
| | | Ellen Daly | | |
| | | John Connors | | |
| | | Kassandra Haley-Fields | | |
| GOV0005856 GOV0005857 | 5/23/11 | Alan Cohen | Email exchanges on proposed penatly, page 2 | AC - Attorney-Client Privilege (seeking/providing/reflecting legal advice) |
| | | Sandra Agee | | |
| | | Yvonne Hagans | | |
| | | Mirta Gonzalez | | |
| | | Jeffrey DeHaven | | |
| | | Benjamin Whitney | | |
| | | Jonathan Erece | | |
| | | Ellen Daly | | |
| | | John Connors | | |
| | | Kassandra Haley-Fields | | |
| GOV0005859-GOV0005860 | 5/23/11 | Alan Cohen | Email exchanges on proposed penatly, pages 2-3 | AC - Attorney-Client Privilege (reflecting legal advice) |
| | | Sandra Agee | | |
| | | Yvonne Hagans | | |
| | | Mirta Gonzalez | | |
| | | Jeffrey DeHaven | | |
| | | Benjamin Whitney | | |
| | | Jonathan Erece | | |
| | | Ellen Daly | | |
| | | John Connors | | |
| | | Kassandra Haley-Fields | | |

| | | | | |
|---|---|---|---|---|
| GOV0005862 | | 5/23/11 Alan Cohen | Email exchanges on proposed penatly | AC - Attorney-Client Privilege (reflecting legal advice) |
| | | Sandra Agee | | |
| | | Yvonne Hagans | | |
| | | Mirta Gonzalez | | |
| | | Jeffrey DeHaven | | |
| | | Benjamin Whitney | | |
| | | Jonathan Erece | | |
| | | Ellen Daly | | |
| | | John Connors | | |
| | | Kassandra Haley-Fields | | |
| GOV0005865 | | 5/23/11 Alan Cohen | Email exchanges on proposed penatly, page 2 | AC - Attorney-Client Privilege (reflecting legal advice) |
| | | Sandra Agee | | |
| | | Yvonne Hagans | | |
| | | Mirta Gonzalez | | |
| | | Jeffrey DeHaven | | |
| | | Benjamin Whitney | | |
| | | Jonathan Erece | | |
| | | Ellen Daly | | |
| | | John Connors | | |
| | | Kassandra Haley-Fields | | |
| GOV0005867 | | 5/23/11 Alan Cohen | Email exchanges on proposed penatly | AC - Attorney-Client Privilege (reflecting legal advice) |
| GOV0005868 | | Sandra Agee | | |
| | | Yvonne Hagans | | |
| | | Mirta Gonzalez | | |
| | | Jeffrey DeHaven | | |
| | | Benjamin Whitney | | |
| | | Jonathan Erece | | |
| | | Ellen Daly | | |
| | | John Connors | | |
| | | Kassandra Haley-Fields | | |
| GOV0005871 | | 1/31/12 Yolanda Benitez | Transmittal and Routing Slip | Not Responsive - mentions a case not at issue |
| GOV0005884 | | 3/5/12 CBP | Protest Control Record | Investigative File - Function Codes |
| GOV0005885 | | 3/2/12 CBP | Protest Control Record | Investigative File - Function Codes |
| GOV0005887 | | 2/16/16 CBP | Duty/Tax Payments Sheet | Investigative File - Function Codes |

| | | | | |
|---|---|---|---|---|
| GOV0005906-GOV0005918 | 8/31/10 | Mary Cupp | Agency Counsel Memo - Legal Review of Proposed Penalty, whole document | AC - Work Product/Attorney-Client Privilege |
| GOV0005920-GOV0006132 | 12/28/09 | Benjamin Whitney | Import Specialist Ben Whitney's memorandum to Supervisory Import Specialist Jonathan Erece | Investigative File - Function Codes |
| GOV0005932 | | | | Investigative File - Function Codes |
| GOV0005934 | | | | Investigative File - Function Codes |
| GOV0005935 | | | | Investigative File - Function Codes |
| GOV0005939 | | | | Investigative File - Function Codes |
| GOV0005940 | | | | Investigative File - Function Codes |
| GOV0005941 | | | | Investigative File - Function Codes |
| GOV0005971 | | | | Investigative File - Function Codes |
| GOV0005972 | | | | Investigative File - Function Codes |
| GOV0006037 | | | | Investigative File - Function Codes |

# EXHIBIT Y

Declaration of Alex Ng

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE LEO M. GORDON

|  |  |  |
|---|---|---|
| UNITED STATES, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Court No.    12-00193 |
| STERLING FOOTWEAR, INC., ALEX RYAN NG, and NG BRANDING, LLC, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## **DECLARATION OF ALEX RYAN NG**

Now comes Alex Ryan Ng, pursuant to 28 U.S.C. § 1746 and for his declaration states as follows:

1.      I am a defendant in the above captioned lawsuit.  I am the majority shareholder, president and Chief Executive Officer of Sterling Footwear, Inc. ("Sterling"), a California corporation and defendant to the above captioned lawsuit.  I am a member holding the majority ownership and the managing member of Ng Branding, LLC ("Ng Branding"), a California limited liability company and defendant in the above captioned lawsuit.  I have personal knowledge of each and every fact stated herein, and could competently testify thereto if called as a witness at trial.

2.      While owning and operating Sterling and Ng Branding (collectively "Entity Defendants"), I never personally communicated with any of the Entity Defendants' customs brokers, including oral, written and electronic correspondence.

FASEL LAW
610 Newport Center Drive, Suite 810, Newport Beach, California 92660
Telephone: 949-706-3188

3.	While owning and operating the Entity Defendants, I caused to be created a production department for each, which was solely charged with the duty of working with the customs brokers to properly import the merchandise.  I never worked for the production department; nor did I instruct the production department on how to classify goods, which customs brokers to hire and how to communicate with the customs brokers.

4.	I hired Janet Huynh to manage the production department for the Entity Defendants.  The only instruction I provided Ms. Huynh as it relates to imports was to work with licensed customs brokers to properly classify all imported merchandise.  Ms. Huynh also hired Nancy Ng to work in the production department.  I understand from Ms. Huynh, that Ms. Ng had extensive experience in performing customs entries and also worked with the customs brokers to classify goods.  Ms. Huynh and Ms. Ng were the only employees at the Entity Defendants that ever communicated with the customs brokers.  I am in no way related to Ms. Ng.

5.	I never prepared any document used for the entry of the Entity Defendants' merchandise. I never provided the Entity Defendants' customs brokers, US Customs and Border Protection ("CBP"), anyone in the production department or any other employee with any document used for entry of merchandise.  I never instructed any Entity Defendant employee to use any classification pursuant to the Harmonized Tariff Schedule of the Untied States.

6.	I was not a part of the Entity Defendants' production department and relied solely on Ms. Ng and Ms. Huynh to work with customs brokers to properly classify and enter the merchandise. I never instructed anyone in the production department or any other employee to create false or misleading documents to be used for entry of merchandise; or, create any documents whatsoever used for entry of merchandise.  I never instructed any employee of the Entity Defendants to send

FASEL LAW
610 Newport Center Drive, Suite 810, Newport Beach, California 92660
Telephone: 949-706-3188

any document to the customs brokers or Customs and Border Protection for entry of merchandise.

7. Beginning in 2005 and continuing until the present, I spent the majority of my time residing in Vietnam and was almost never present at the Entity Defendants' offices in California to oversee day-to-day operations. My primary responsibility was the design of the footwear imported by Sterling and Ng Branding, marketing, sales and establishing relationships with Chinese manufacturing. I did not have the time, experience or expertise to work on classifications and entries in the United States. Additionally, given the geographic location of residence and the time difference, it was impossible for me to oversee the production department's duties and determinations.

8. I created Ng Branding on February 13, 2009 for the purpose of owning the license of Robin's Jeans. I needed a separate entity to own Robin's Jeans as Sterling was engaged in procurement and importation of competing footwear sold to another company and was not a license holder. Upon obtaining the license for Robin's Jeans, I began to primarily operate for the benefit of Robin's Jeans and thus most or all imports were performed through Ng Branding. I never created Ng Branding to avoid any penalties from CBP. I created and began to operate Ng Branding prior to CBP ever notifying me or the Entity Defendants of any alleged problems with Sterling's imports.

9. Upon learning of CBP's allegations that Sterling and Ng Branding were misclassifying its merchandise, I hired special counsel to evaluate such claims. My former special counsel, Elon Pollack's opinion was that the alleged misclassifications were in fact properly classified and that the correct classification for the subject footwear was not certain and subject to opinion. I relied upon Mr. Pollack's opinion and several expert tests performed on the footwear, determining that

FASEL LAW
610 Newport Center Drive, Suite 810, Newport Beach, California 92660
Telephone: 949-706-3188

the correct classifications were used. At all times I believed that Sterling and Ng Branding's production department were making the proper classification determinations with the assistance of the customs brokers. I was assured by my former counsel, Nancy Ng and Janet Huynh that the classifications were correct and that the proper procedures were in place to insure accurate classifications.

10.     I have never been a licensed customs broker. I have never made a Harmonized Tariff Schedule of the United States ("HTS") classification determination. I have never been an importer of record for any goods received by the Entity Defendants. I have no training or knowledge as to how to make HTS classification determinations for imported merchandise. I relied on Ms. Ng and Ms. Huynh to work with the customs brokers to properly make classification determinations.

11.     I never hired a customs broker for the Entity Defendants and was not even aware of the customs brokers used to enter the merchandise. I never communicated directly or indirectly with any of the Entity Defendants' customs brokers telephonically, in writing or electronically, to facilitate the entry of any merchandise. I also never communicated directly or indirectly with CBP, telephonically, in writing or electronically, to facilitate the entry of any merchandise. I never personally caused any merchandise to be moved into the custody of CBP for entry.

12.     I never instructed anyone at Sterling or Ng Branding, including the production department, Ms. Ng and Ms. Huynh as to how to enter merchandise or as to which HTS classifications to use.

13.     Due to CBP's lawsuit against me and my companies, I was unable to continue operating the Entity Defendants. As a result, I have been unemployed for many years and have not had an

FASEL LAW
610 Newport Center Drive, Suite 810, Newport Beach, California 92660
Telephone: 949-706-3188

income. My assets have been severely depleted and I have barely had enough to even defend this lawsuit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12 day of November 2015 at _Ho Chi Minh City, Vietnam_

_Alex Ryan Ng_

FASEL LAW
610 Newport Center Drive, Suite 810, Newport Beach, California 92660
Telephone: 949-706-3188